Gerald L. Maatman Jr., Esq. (*Pro Hac Vice*)
Jennifer A. Riley, Esq. (*Pro Hac Vice*)
Gregory Tsonis, Esq. (*Pro Hac Vice*)
DUANE MORRIS LLP
190 S. La Salle Street, Suite 3700
Chicago, IL  60603
Telephone:  (312) 499-6710
Facsimile:  (312) 499-6701
E-mail:  gmaatman@duanemorris.com
jariley@duanemorris.com
gtsonis@duanemorris.com

Brittany M. Wunderlich., Esq.
DUANE MORRIS LLP
750 "B" Street, Suite 2900
San Diego, CA  92101
Telephone:  (619) 744-2200
Facsimile:  (619) 744-2201
E-mail:  bmwunderlich@duanemorris.com

Attorneys for Real Time Staffing Services dba
Select Staffing

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | Case No.: 1:21-cv-01424-JLT-HBK |
| Plaintiff, | **RESPONSE IN OPPOSITION TO PLAINTIFF EEOC'S MOTION FOR PROTECTIVE ORDER** |
| vs. | |
| SUNSHINE RAISIN CORPORATION dba National Raisin Company; REAL TIME STAFFING SERVICES, LLC dba Select Staffing; and DOES 1-10, inclusive, | |
| Defendant. | |

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ...........................................1

I.   INTRODUCTION ...................................................................................1

II.  BACKGROUND .....................................................................................2

III. ARGUMENT............................................................................................3

    A.   Select Is Entitled To A Rule 30(b)(6) Deposition Of The EEOC ........3

        1.   Factual Information Regarding Allegations Made In The EEOC's Complaint Is Undoubtedly Relevant And Discoverable...........................................................................4

        2.   EEOC Policies, Practices, And Procedures Are Discoverable .....................................................................9

        3.   The Scope And Adequacy Of The EEOC's Investigation Are Properly Discoverable. ......................................13

        4.   The EEOC's Privilege Objections Are Baseless And Premature ...........................................................................17

    B.   Courts Routinely Reject The EEOC's Contentions That A Rule 30(b)(6) Deposition Would be Burdensome And Duplicative ..........19

IV.  CONCLUSION ............................................................................20

RESPONSE IN OPPOSITION TO MOTION FOR PROTECTIVE ORDER
CASE NO.  1:21-CV-01424-JLT-HBK

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Arizona ex rel. Goddard v. Frito-Lay, Inc.*
  273 F.R.D. 545 (D. Ariz. 2011)............................................................ 15

*Beckman Indus., Inc. v. Int'l Ins. Co.*
  966 F.2d 470 (9th Cir. 1992) ............................................................... 4

*EEOC v. ABM Indus. Inc.*
  261 F.R.D. 503 (E.D. Cal. 2009) ......................................................... 19

*EEOC v. Airborne Express*
  1999 WL 124380 (E.D. Pa. Feb. 23, 1999)......................................... 20

*EEOC v. Albertson's LLC*
  2007 WL 1299194 (D. Colo. May 1, 2007) ........................... 4-5, 16-17

*EEOC v. Bank of Am.*
  2014 WL 7240134 (D. Nev. Dec. 18, 2014) ..................................... 6, 8

*EEOC v. Bloomberg, L.P.*
  2010 WL 3260150 (S.D.N.Y. Aug. 4, 2010) ................................... 9, 11

*EEOC v. BMW Manufacturing, Co., LLC*
  2014 U.S. Dist. LEXIS 169849 (D. S.C. Dec. 9, 2014) ................. 4, 11

*EEOC v. Burlington No. & Santa Fe R.R.*
  2008 WL 4845308 (W.D. Okla. June 23, 2008) ......................... 4, 7, 17

*EEOC v. Cal. Psychiatric Trans.*
  258 F.R.D. 391 (E.D. Cal. 2009)........................................ 4, 16, 18, 19

*EEOC v. Chipotle Mexican Grill, Inc.*
  2019 WL 3811890 (N.D. Cal. Aug. 1, 2019) .................................. 7-8

*EEOC v. Correction. Corp. of Am.*
  2007 WL 4403528 (D. Colo. Dec. 13, 2007) ..................................... 17

*EEOC v. CRST Van Expedited, Inc.*
  2009 U.S. Dist. LEXIS 71396 (N.D. Iowa Aug. 13, 2009)................. 13

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*EEOC v. Evans Fruit Co., Inc.*
    2012 U.S. Dist. LEXIS 17003 (E.D. Wash. Feb. 10, 2012) ............................ 8-9

*EEOC v. Freeman*
    2012 WL 3536752 (D. Md. Aug. 14, 2012) ................................................... 4, 11

*EEOC v. Gold River Operating Corp.*
    2007 WL 983853 (D. Nev. Mar. 30, 2007) .......................................................... 9

*EEOC v. Greater Metroplex Interiors, Inc.*
    2009 WL 412934 (N.D. Tex. Feb. 17, 2009) ..................................................... 20

*EEOC v. International Profit Assocs., Inc.*
    206 F.R.D. 215 (N.D. Ill. 2002) ........................................................................ 19

*EEOC v. JBS USA, LLC*
    2012 WL 169981 (D. Neb. Jan. 19, 2012) ........................................................... 6

*EEOC v. Jillian's of Indianapolis, IN, Inc.*
    279 F. Supp. 2d 974 (S.D. Ind. 2003) ............................................................... 13

*EEOC v. Kaplan Higher Educ. Corp.*
    2011 WL 2115878 (N.D. Ohio May 27, 2011) ....................... 4-6, 10, 14, 16, 18

*EEOC v. Keco Industries*
    748 F.2d 1097 (6th Cir. 1984) .......................................................................... 14

*EEOC v. LifeCare Management Services, LLC*
    2009 WL 772834 (W.D. Pa. Mar. 17, 2009) ......................................... 16-17, 20

*EEOC v. Peoplemark, Inc.*
    2010 WL 748250 (W.D. Mich. Feb. 26, 2010) ................................................. 18

*EEOC v. Pierce Packing Co.*
    669 F.2d 605 (9th Cir. 1982) ............................................................................ 16

*EEOC v. Pinal Co.*
    714 F. Supp. 2d 1073 (S.D. Cal. 2010) ............................................................... 8

*EEOC v. Presrite Corp.*,
    2012 WL 4434055 (N.D. Ohio Sept. 24, 2012) .................................. 6, 8, 12, 18

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*EEOC v. Sterling Jewelers*
    801 F.3d 96 (2d Cir. 2015) .................................................................14

*EEOC v. Sterling Jewelers Inc.*
    2010 WL 2803017 (W.D.N.Y. July 15, 2010) .............................. 4, 6, 14, 16-17

*EEOC v. Swissport Fueling, Inc.*
    2012 WL 1648416 (D. Ariz. May 10, 2012)........................................4, 8, 15, 18

*Giezie v. Valley Health Sys., LLC*
    2012 WL 3929446 (D. Nev. Sept. 7, 2012)........................................15

*Gonzales v. City of Albuquerque*
    2010 WL 553308 (D.N.M. Feb. 9, 2010)...........................................20

*Great Am. Ins. Co. of New York v. Vegas Const. Co.*
    251 F.R.D. 534 (D. Nev. 2008) ........................................................20

*Jeziorski v. I.N.S.*
    1993 WL 94714 (9th Cir. Apr. 1, 1993)............................................10

*Julian v. U.S. Dep't of Justice*
    806 F.2d 1411 (9th Cir. 1986) .........................................................18

*March Mining, LLC v. EEOC*
    135 S. Ct. 1645 (2015)....................................................................14

*Plummer v. Western Int'l Hotels, Co., Inc.*
    656 F.2d 502 (9th Cir. 1981) ........................................................ 14-15

*Rivera v. NIBCO, Inc.*
    364 F.3d 1057 (9th Cir. 2004) ..........................................................4

*In re Roman Catholic Archbishop of Portland in Or.*
    661 F.3d 417 (9th Cir. 2011) .............................................................4

*Serrano v. Cintas Corp*
    2007 WL 2688565 (E.D. Mich. Sept. 10, 2007) ..................................4

*Specht v. Google, Inc.*
    268 F.R.D. 596 (N.D. Ill. 2010) ........................................................8

**Federal Statutes**

Civil Rights Act of 1964 Title VII............................................................. 5, 9-12, 15

**Rules**

Fed. R. Civ. P. 26..................................................................................................12

Fed. R. Civ. P. 26(b) ............................................................................................. 3

Fed. R. Civ. P. 26(c) ........................................................................................4, 16

Fed. R. Civ. P. 26(c)(1)......................................................................................... 4

Fed. R. Civ. P. 30-34 ...........................................................................................20

Fed. R. Civ. P. 30(b)(6) ................................................................................*passim*

RESPONSE IN OPPOSITION TO MOTION FOR PROTECTIVE ORDER
CASE NO.  1:21-CV-01424-JLT-HBK

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

## I.    INTRODUCTION

Despite initiating this litigation against Defendant Select Staffing ("Select"), through its Motion, the EEOC attempts to avoid its routine discovery obligations.  By asserting that every Topic on which Select seeks Rule 30(b)(6) testimony is both entirely irrelevant and completely cloaked in privilege, the EEOC claims *de facto* immunity from the rules of discovery.  As numerous courts have made clear, such a result is patently unfair.  The EEOC, as a party plaintiff, is subject to discovery like any other litigant, and the Court should deny the EEOC's motion on multiple grounds.

***First***, Topics regarding the factual bases of the EEOC's claims against Select, as pled in the operative complaint, are relevant to the EEOC's claims and, therefore, discoverable.  Like every other plaintiff, the EEOC bears the burden of demonstrating the facts it alleges, and Select is entitled to seek testimony from the EEOC regarding such facts.  Contrary to the EEOC's attempt to misconstrue the Topics, Select does not seek discovery regarding counsel's opinions or views regarding the case.

***Second***, Topics regarding the EEOC's policies, procedures, and practices are likewise appropriate.  While the EEOC contends that Select's policies, procedures, and practices are somehow problematic, it claims that reciprocal discovery regarding its own policies, procedures, and practices is "harassing." As many courts have found, discovery regarding the EEOC's own policies, procedures, and practices is relevant and appropriate, and this Court similarly should allow Select to pursue discovery that is relevant to rebutting the EEOC's claims and supporting Select's defenses.

***Third***, Select is entitled to discovery regarding the EEOC's alleged pre-suit investigation.  The Ninth Circuit, and courts within the Ninth Circuit, have held that, where the EEOC reserves the right to introduce its reasonable cause determination into evidence, a defendant is entitled to discovery on the adequacy of the EEOC's investigation.  The EEOC expressly has identified its Letters of Determination as a source of evidence, therefore, Select is entitled to discovery regarding the EEOC's

1

investigation.  Contrary to the EEOC's assertion, the Supreme Court has not precluded judicial review of EEOC investigations, and the EEOC's contention that its investigation is immune from any scrutiny flies in the face of applicable precedent.

*Fourth*, the EEOC cannot hide behind a blanket claim of privilege to avoid participating in discovery.  The EEOC disclaims that it asserts a "blanket" privilege in light of this Court's prior admonishment, but nonetheless claims that its privilege objections foreclose Select from seeking a deposition or from even having an opportunity to question its designee.  That is simply a distinction without a difference, and the deliberative process, attorney-client, or work product privileges do not preclude Select's notice of deposition or entitle the EEOC to a protective order.

*Fifth*, the EEOC should not be permitted to suggest that it is Select's burden to prove that it is entitled to the discovery and that, among other matters, there is no alternative method for procuring the information it seeks.  The EEOC bears the burden of showing its entitlement to a protective order.  Even if this Court were to find that the Topics identified in the Rule 30(b)(6) deposition notice should be more narrowly tailored, such ruling would not entitle the EEOC to avoid its discovery obligations altogether.  The EEOC must produce a Rule 30(b)(6) witness as this Court deems appropriate.

Accordingly, Select respectfully requests that the Court deny Plaintiff's Motion.

## II.    BACKGROUND

On January 24, 2023, Select served a Notice of Rule 30(b)(6) Deposition on the EEOC.  The EEOC objected on March 3, 2023, and the parties conferred on March 20, 2023.  The EEOC stated that it would not appear for a Rule 30(b)(6) deposition absent a Court Order and would not reconsider its position no matter how many cases Select provided where courts ordered the EEOC to appear under similar circumstances, rendering the parties at an impasse.

On March 30, 2023, during the parties' informal conference with Magistrate Judge Barch-Kuchta, the Court stated that the EEOC could not rely on blanket

assertions of privilege to avoid sitting for a Rule 30(b)(6) deposition.  The Court also stated that Select could, but was not required to, issue an amended Notice to address some of the concerns raised by the EEOC during the hearing and in related briefing.

Select provided a Second Amended Notice to the EEOC on April 14, 2023, and the parties conferred telephonically on April 19, 2023.  Although Select amended its Notice in good faith to address some of the EEOC's prior objections based on the attorney-client, work product, and/or deliberative process privileges, during the conferral, the EEOC refused to agree to produce a designee regarding the facts covered by any Topic.  (Ex. 1, 4/19/22 G. Tsonis Email to S. Tarazi.)   Indeed, the EEOC maintained that any relevant facts are ascertainable from its investigative file and questioned Select's entitlement to deposition testimony at all.  (*Id*.)  Despite the Court's guidance, similar to its prior statement that it would not sit for a Rule 30(b)(6) deposition under any circumstances absent a Court Order, the EEOC claimed that it lacked authority to compromise regarding whether and to what extent a designee would testify on the noticed Topics.  (*Id*.)

Because the Parties were unable to reach an agreement, the EEOC filed the instant Motion on May 1, 2023, as permitted by this Court's Order. (*Id*.; ECF No. 44.)

## III.   ARGUMENT

### A.   Select Is Entitled To A Rule 30(b)(6) Deposition Of The EEOC

Select is entitled to discovery from the EEOC in the form of a Rule 30(b)(6) deposition.  Federal Rule of Civil Procedure 26(b) establishes the scope of permissible discovery.  It states in relevant part: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," with the assessment of proportionality subject to various factors.  Fed. R. Civ. P. 26(b).  It is well settled that "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable."  *Id*. Accordingly, "discovery is appropriate of any matter relevant to the subject matter involved in the action" and "[t]he party who resists discovery has the burden to show that discovery

should not be allowed." *Cal. Psychiatric Trans.* 258 F.R.D. at 393.

Under Rule 26(c), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by, among other things, forbidding a deposition or limiting its scope.  Fed. R. Civ. P. 26(c)(1).  The party seeking the protective order bears the burden "to show good cause by demonstrating harm or prejudice that will result from the discovery." *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004).  Generalized statements of harm are not enough.  *Beckman Indus., Inc. v. Int'l Ins. Co*., 966 F.2d 470, 476 (9th Cir. 1992).  Rather, the party opposing disclosure must show "that specific prejudice or harm will result if the protective order is not granted."  *In re Roman Catholic Archbishop of Portland in Or.*, 661 F.3d 417, 424 (9th Cir. 2011).

The EEOC, like any party, is subject to the rules of discovery, including depositions.  Indeed, Rule 30(b)(6) expressly allows a party to "name as the deponent a public or private corporation, a partnership, an association, *a governmental agency*, or other entity."  Fed. R. Civ. P. 30(b)(6) (emphasis added).  Courts routinely permit Rule 30(b)(6) depositions of the EEOC.[1]  The EEOC nevertheless attempts to avoid its discovery obligations by alleging that *every* category of testimony sought lacks relevance or is subject to privilege.  (Pl.'s Br. at 6-14.)  The EEOC's sweeping contentions are wholly incorrect and based on self-serving misconstructions of Select's Notice in an effort to avoid its discovery obligations.

**1.    *Factual Information Regarding Allegations Made In The EEOC's Complaint Is Undoubtedly Relevant And Discoverable***

Select's noticed Rule 30(b)(6) Topics 1-6 and 10-12 are wholly appropriate and

---

[1] *See, e.g., Cal. Psychiatric Transitions, Inc*., 258 F.R.D. at 398 (E.D. Cal. 2009); *EEOC v. Swissport Fueling, Inc.*, 2012 WL 1648416, at *16 (D. Ariz. May 10, 2012); *EEOC v. Kaplan Higher Educ. Corp.*, 2011 WL 2115878, at *3 (N.D. Ohio May 27, 2011); *EEOC v. Sterling Jewelers Inc*., 2010 WL 2803017, at *3 (W.D.N.Y. July 15, 2010); *EEOC v. Freeman*, 2012 WL 3536752, at *5 (D. Md. Aug. 14, 2012); *EEOC v. BMW Manufacturing, Co., LLC*, 2014 U.S. Dist. LEXIS 169849 (D.S.C. Dec. 9, 2014); *EEOC v. Albertson's LLC*, 2007 WL 1299194 (D. Colo. May 1, 2007); *Serrano v. Cintas Corp*, 2007 WL 2688565 (E.D. Mich. Sept. 10, 2007); *EEOC v. Burlington No. & Santa Fe R.R.*, 2008 WL 4845308 (W.D. Okla. June 23, 2008).

RESPONSE IN OPPOSITION TO MOTION FOR PROTECTIVE ORDER
CASE NO.  1:21-CV-01424-JLT-HBK

relevant, and any objections by the EEOC are without merit.

Topics 1 through 6 concern allegations made by the EEOC in the operative complaint, including Select's allegedly hostile work environment (Topic 1), alleged failure to prevent and/or correct the alleged harassers' behavior (Topic 2), allegedly ineffective and/or inadequate anti-harassment policies and procedures (Topic 3), alleged knowledge of the claimed harassment (Topic 4), alleged failure to take prompt and effective remedial action (Topic 5), and alleged denial of equal opportunities to its female employees on the basis of sex (Topic 6). (ECF No. 48-2.) Topics 10 through 12 seek testimony regarding the relief sought by the EEOC in its complaint, including injunctive relief and punitive damages (Topic 10), the claims asserted by the EEOC on behalf of allegedly injured persons who filed charges of discrimination (Topic 11), and the claims of other allegedly injured persons (Topic 12). (*Id*.)

More relevant topics to this lawsuit that the EEOC filed against Select are difficult to imagine. Multiple courts have found Rule 30(b)(6) deposition topics nearly identical to those propounded by Select entirely appropriate. In *Albertson's LLC*, 2007 WL 1299194, at *1, for example, a court considered a hostile work environment case brought by the EEOC alleging violations of Title VII. The Rule 30(b)(6) notice included several topics substantively identical to Select's topics, including "[f]actual information that support[ed] or rebut[ted]" various EEOC claims. *Id*. at *2-3. The Court held that the information sought was "obviously relevant," rejected the EEOC's general and premature assertion that such topics intruded upon the attorney-client privilege or attorney work product doctrine, and ultimately confirmed that "Albertson's may ask what documents were reviewed in the course of the EEOC investigation and what documents evidence that there is discrimination at the distribution center," among other permissible areas of inquiry. *Id*. at *2-3.

Other courts similarly have reached the same conclusion. In *Kaplan Higher Education Corp.*, the EEOC challenged a Rule 30(b)(6) Notice that contained many of the same topics in Select's Rule 30(b)(6) notice, including topics that "support or

RESPONSE IN OPPOSITION TO MOTION FOR PROTECTIVE ORDER
CASE NO. 1:21-CV-01424-JLT-HBK

rebut" complaint allegations.  2011 WL 2115878, at *2-3.  The *Kaplan* court compelled the EEOC's Rule 30(b)(6) Notice on **every** noticed topic.  Notably, the court rejected the EEOC's privilege arguments, rejected the EEOC's undue burden arguments, and rejected the argument that discovery into the scope of an investigation is not relevant.  *Id.* at *3.  Similarly, in *Sterling Jewelers Inc*., another court upheld a Rule 30(b)(6) notice substantially identical to Select's Notice.  2010 WL 2803017, at *3.  The *Sterling* court allowed testimony as to the noticed topics, including those that "support or rebut" allegations in the complaint.  *Id*.

Other courts have reached similar conclusions.  *See, e.g., Presrite,* 2012 WL 4434055 at *3-5, *9 (requiring the EEOC to provide deposition testimony as to "[f]actual information and documents that support or rebut" various EEOC's allegations, the identity of people with whom the EEOC spoke during its investigation, and the identity of persons within the EEOC with whom the investigator spoke, despite the fact that the EEOC had provided written discovery regarding some of the topics); *EEOC v. Bank of Am*., 2014 WL 7240134, at *3 (D. Nev. Dec. 18, 2014) (denying protective order for Rule 30(b)(6) deposition, which sought testimony regarding "[t]he facts supporting the EEOC's allegations set forth in the Complaint filed by the EEOC in this matter"); *EEOC v. JBS USA, LLC*, 2012 WL 169981, at *6 (D. Neb. Jan. 19, 2012) (permitting testimony regarding "factual information related to the charges forming the predicate basis for the EEOC's lawsuit");  *Burlington No. & Santa Fe R.R*, 2008 WL 4845308, at *3 (requiring EEOC deposition on "factual information obtained during its investigation of the charge that bears on a claim or defense at issue in this case and factual information that bears on the damages incurred or other relief sought").

Because the topics use the "support or rebut" terminology, the EEOC argues that the topics inappropriately seek attorneys' mental impressions and information otherwise protected by one or more privileges.  (Pl.'s Br. at 11.)  The EEOC is flatly wrong.  Select made explicit in its Second Amended Notice as to each of these topics

6

that Select is not seeking privileged information.  Specifically, to address the EEOC's prior stated concerns, Select clarified that each these topics "does not seek attorney work product."  (ECF No. 48-2 Topic Nos. 1-6, 10-12.)  Rather, as with any lawsuit, Select simply asks the EEOC to disclose relevant facts that purportedly support its claims, which courts routinely require.  Select does not seek the mental impressions of the EEOC's counsel or their assessment of determinative facts.  The EEOC's objection to the noticed topics is thus unwarranted, and the EEOC has not established the good cause necessary to prohibit such relevant testimony.

The cases relied on by the EEOC to support its asserted irrelevance of Select's noticed topics do not support the EEOC's position.  Although the EEOC relies heavily on *EEOC v. Chipotle Mexican Grill, Inc.*, 2019 WL 3811890, (N.D. Cal. Aug. 1, 2019), for instance, that case is materially distinct from the instant facts.  In that case, the noticed Topics 10-14 at issue all concerned "[f]acts and evidence on which the EEOC *based its determination*" regarding five different statements in the EEOC's Determination Letter issued to the defendant, not the complaint.  *Id*. at *1-2 (emphasis added).  Because the noticed topics required the EEOC to "disclos[e] the facts on which it based its conclusions," the court reasoned that the "EEOC would be required to provide Defendants unwarranted insight into how those facts played into the EEOC's decisionmaking process" and ultimately violated the deliberative process privilege.  *Id*. at *3.  In analyzing whether disclosure was nonetheless warranted, the *Chipotle* court noted that "the evidence on which EEOC based its Determination is not necessarily coextensive with the evidence relevant to the claims and defenses" and, thus, the noticed topics did not seek relevant information.  *Id*. at *4.

Here, to the contrary, none of Select's noticed Topics call for the EEOC to identify the facts on which it based its determination of reasonable cause.  Rather, Topics 1-6 and 10-12 seek factual information regarding allegations in the EEOC's operative complaint, not the EEOC's determination letter, and thus seek evidence regarding the "EEOC's claims against Defendants" that are the "subject of this

action." *Id.* Accordingly, neither the allegations in the operative complaint nor facts relating to those allegations are precluded from deposition discovery by the deliberative process privilege. *See Bank of Am.*, 2014 WL 7240134, at *3 (denying protective order for Rule 30(b)(6) on topics including "[t]he facts supporting the EEOC's allegations set forth in the Complaint filed by the EEOC in this matter"); *Presrite Corp.*, 2012 WL 4434055, at *3 ("[F]actual information pertaining to the EEOC's claims, factual information gathered and obtained by the EEOC investigator, and factual information about the activities the EEOC conducted are not covered by the [deliberative process] privilege."); *Swissport Fueling, Inc.*, 2012 WL 1648416, at *16 (finding investigator notes which set forth facts the investigator thought material "do not expose the deliberative process by which policy or decisions are made"); *see also Specht v. Google, Inc*., 268 F.R.D. 596, 603 (N.D. Ill. 2010) ("[T]he factual bases for allegations in the complaint are not privileged and must be divulged.").

The EEOC's reliance on other cited precedent is similarly misplaced. Applying similar reasoning as the *Chipotle* court, the court in *EEOC v. Pinal Co.*, 714 F. Supp. 2d 1073 (S.D. Cal. 2010), found problematic topics seeking deposition testimony on "the selected facts which constitute the factual basis of the [EEOC's] probable cause finding" because the testimony "would reveal the EEOC's evaluation and analysis of the extensive factual information" in violation of the deliberative process privilege. *Id*. at 1077. Once again, here, Select does not seek the EEOC's evaluation, analysis, or the "factual basis" of the EEOC's probable cause determination, making such decision inapplicable. *EEOC v. Evans Fruit Co., Inc.*, 2012 U.S. Dist. LEXIS 17003 (E.D. Wash. Feb. 10, 2012), on which Plaintiff relies, is likewise inapposite. There, the court reasoned that the sole defendant, "as the focus of the investigation," was "largely aware of what the EEOC did and did not do" and deposition testimony was unnecessary. *Id*. at *10. Here, despite the EEOC's attempt to simply lump together the "Defendants" in this case, Select is a separate and distinct defendant that was not included within the EEOC's investigation of National Raisin and is not largely aware

8

of the EEOC's investigation of National Raisin.  Accordingly, the reasoning relied upon by the *Evans Fruit* court simply does not apply here.  Finally, *EEOC v. Gold River Operating Corp*., 2007 WL 983853, at *8 (D. Nev. Mar. 30, 2007), actually supports Select's entitlement to deposition testimony from the EEOC.  In that case, the defendant sought to both dismiss the case and have the EEOC investigator answer two follow-up questions *after the investigator had already been deposed*.  *Id*. at *7.  The *Gold River* court assessed the deliberative process privilege with regard to the proposed follow-up questions.  Contrary to the facts presented in *Gold River,* the EEOC in this case seeks to prohibit the deposition entirely in the first instance.

## 2.   *EEOC Policies, Practices, And Procedures Are Discoverable*

The policies, practices, and procedures of the EEOC[2] are highly relevant and discoverable given the EEOC's claims and Select's defenses.  Despite bombastic rhetoric that testimony on such topics is "so invasive and unrelated to any claim or defense that its only conceivable purpose is to harass and oppress the EEOC" (Pl.'s Br. at 7), Select's requests are well-grounded in precedent and strongly connected to the claims and defenses asserted in this case.

Congress entrusted the EEOC with responsibility to properly interpret, administer, and enforce Title VII.  Accordingly, the EEOC's interpretive guidance on Title VII's coverage can be observed not only through outward conduct, such as regulations, compliance manual publications, and statements made in public forums, but also internal practices.  *See EEOC v. Bloomberg, L.P.*, 2010 WL 3260150, at *3 (S.D.N.Y. Aug. 4, 2010) ("The way EEOC's offices complied with Title VII during the class period may be probative of whether Bloomberg should have viewed Bloomberg's own practices as Title VII compliant or not.").  These internal practices are particularly important to explore via discovery given Select's defenses here.

In Select's Tenth Affirmative Defense, for instance, it asserts that the company

---

[2] Topics 7-9, 17, and 18 seek testimony regarding EEOC policies, practices, and procedures.

RESPONSE IN OPPOSITION TO MOTION FOR PROTECTIVE ORDER
CASE NO.  1:21-CV-01424-JLT-HBK

made good faith efforts to comply with anti-discrimination laws and has implemented policies, programs, and procedures for preventing and detecting unlawful discriminatory practices.  (ECF No. 12 at 18.)  Select also asserts the affirmative defense of estoppel (*id*. at 17), raising the issue of whether the EEOC's own conduct bars its claims.  *See Jeziorski v. I.N.S.*, 1993 WL 94714, at *1 (9th Cir. Apr. 1, 1993) (explaining that the doctrine of estoppel may bar a plaintiff from prosecuting claims when the plaintiff is simultaneously engaging in nearly identical conduct).  The EEOC's complaint alleges that Select failed to take adequate "corrective action or preventative measures," failed to conduct an "adequate" investigation, and failed to take "prompt and effective remedial action" to end the alleged harassment.  (ECF No. 1 ¶¶ 49, 85.)  Such allegations necessarily raise questions about whether the EEOC applies the same preventative measures, how the EEOC investigates alleged harassment, and what "prompt and effective remedial action" is required by EEOC policies, among other issues.  Accordingly, Select is allowed to explore the EEOC's policies, practices, and procedures through discovery, including to support its arguments that the company's sexual harassment policies, including its investigations of complaints, are compliant with Title VII.[3]

Numerous courts have recognized the relevance and importance of discovery regarding the EEOC's internal policies.  For instance, in *Kaplan*, the defendant sought Rule 30(b)(6) testimony regarding the EEOC's practices relating to background or credit checks it conducted on employees or applicants.  2011 WL 2115878 at *2.  The court granted the Rule 30(b)(6) deposition on those topics, reasoning that since the EEOC alleged that defendant's use of credit history checks violated Title VII and was "not job related or consistent with business necessity," the information was discoverable because "[w]hether the EEOC uses background or credit checks in hiring

---

[3] Select seeks factual information concerning EEOC policies in Topics 7-9 and 17-18. Select's Amended Notice explicitly states excluded from each request are "any privileged drafts or privileged communications regarding said requirements, policies, practices, and/or procedures."  (ECF No. 48-2.)

RESPONSE IN OPPOSITION TO MOTION FOR PROTECTIVE ORDER
CASE NO.  1:21-CV-01424-JLT-HBK

its employees is relevant to whether such measures are a business necessity." *Id*. Similarly, in *EEOC v. Freeman*, the court held that a Rule 30(b)(6) deponent must testify about whether the EEOC employs hiring practices "similar to those used by the defendant," particularly whether the EEOC itself examined credit and criminal histories in connection with a hiring decision. 2012 WL 3536752, at *2 (D. Md. Aug. 14, 2012). The court emphasized that this fact "may show the appropriateness of those practices, particularly because Plaintiff is the agency fighting unfair hiring practices." *Id*. Yet another example is the case of *BMW Manufacturing*, which also concerned the use of criminal and/or credit histories in violation of Title VII. 2014 U.S. Dist. LEXIS 169849, at *1. Faced with objections to Rule 30(b)(6) testimony on internal policies and procedures, the court ordered the EEOC to testify as to its own policies related to the use of criminal background checks given the relevance to the employer's affirmative defense. *Id*.

Nor is discovery into EEOC policies and procedures limited to the context of credit and/or criminal background checks. In *Bloomberg, L.P.*, the EEOC alleged that Bloomberg had failed to accommodate pregnant employees in violation of Title VII. 2010 WL 3260150, at *1. Bloomberg argued in part that its policies comported with the EEOC's policies, and that the discovery Bloomberg sought into EEOC policies regarding pregnancy accommodations was "relevant to [Bloomberg's] prospective defense that EEOC, the agency charged with enforcing Title VII, provided no different accommodations for pregnant employees from those Bloomberg provided." *Id*. at *3. The court allowed Bloomberg to seek discovery on whether EEOC provided on-site child care or lactation rooms at its offices during the class period, reasoning that the EEOC "is the official entity charged with enforcing Title VII of the Civil Rights Act of 1964. The way EEOC's offices complied with Title VII during the class period may be probative of whether Bloomberg should have viewed Bloomberg's own practices as Title VII compliant or not." *Id*.

Similarly, here, the EEOC's policies and procedures relate to claim or defenses

1   at issue in this case and, therefore, fall within the broad standard for discovery set out

2   in Rule 26.  In this case, the EEOC contends that Select "failed to take prompt and

3   effective remedial action reasonably calculated to end the sexual harassment."  (ECF

4   No. 1 ¶ 85.)  In Select's Topic 18, it seeks information regarding the corrective action

5   and preventative measures reflected by EEOC policies, procedures, and practices.

6   How EEOC policies delineate an "adequate investigation" or "effective remedial

7   action" is highly probative of whether or how an employer can be similarly Title VII-

8   compliant.   Accordingly, the EEOC's internal policies and procedures for sexual

9   harassment investigations are highly relevant and discoverable by Select, and Rule

10   30(b)(6) testimony on EEOC policies and procedures related to the EEOC's claims

11   and Select's affirmative defenses must be allowed.

12       Courts also have recognized that EEOC policies that impact whether and how

13   the EEOC investigates an employer are discoverable through Rule 30(b)(6) testimony.

14   In *Presrite Corp*., one of the noticed Rule 30(b)(6) topics for the EEOC concerned the

15   compensation and incentive programs available to the EEOC investigator and the

16   investigator's compensation, including any incentives received "as a result of the

17   EEOC's investigation into Presrite, and the amount of such incentives."  2012 WL

18   4434055, at *13.  The EEOC objected on the grounds that such inquiries were

19   "irrelevant" and that Presrite "articulated no reasonable basis for an inquiry."  *Id*.  The

20   court disagreed with the EEOC, holding that "the incentives and compensation that

21   the EEOC investigator received have a potential impact on the appropriateness of the

22   EEOC's investigation of Presrite" and that the defendant "should be able at least to

23   explore this topic in discovery and determine if this will lead to admissible evidence."

24   *Id*.  Similarly, here, Select seeks to explore whether any EEOC "policies or mandates"

25   influenced the appropriateness of the EEOC's investigation of Select, and Select also

26   should be allowed to "explore this topic in discovery."

27       As myriad court cases demonstrate the propriety and relevance of exploring the

28   EEOC's internal policies via discovery, including Rule 30(b)(6) testimony, the EEOC

12

RESPONSE IN OPPOSITION TO MOTION FOR PROTECTIVE ORDER
CASE NO.  1:21-CV-01424-JLT-HBK

has failed to establish the requisite good cause to avoid providing Rule 30(b)(6) testimony on these topics.

### 3.   The Scope And Adequacy Of The EEOC's Investigation Are Properly Discoverable

Select seeks to depose the EEOC on the factual parameters of its administrative investigation.  Select is entitled to such information because the scope of the investigation directly implicates one or more of Select's defenses.

It is well settled that, because the EEOC is an agency of defined authority, the scope of the EEOC's investigation is limited to that which is "reasonably expected to grow out of the initial charge of discrimination." *Kaplan*, 2011 WL 2115878, at *4; *Sterling Jewelers*, 2010 WL 2803017, at *3 (permitting Rule 30(b)(6) seeking information regarding "the parameters of [the EEOC's] investigation" because "[s]uch inquiry may be highly relevant to [defendant's] potential defenses . . . because . . . the EEOC's investigation . . . must reasonably grow out of the charge underlying it").

Further, it is equally well settled that the scope of any lawsuit the EEOC may bring is limited by the scope of its pre-suit investigation.  Before filing suit, "the EEOC must investigate the claims, issue a reasonable cause determination, and attempt to conciliate them prior to filing suit."  *See*, *e.g.*, *EEOC v. Jillian's of Indianapolis, IN, Inc.*, 279 F. Supp. 2d 974 (S.D. Ind. 2003) (granting summary judgment against the EEOC relative to its nationwide claims because any claims beyond four facilities in Indianapolis were not the subject of the EEOC's pre-lawsuit investigation, and therefore the EEOC cannot litigate claims beyond those four facilities); *accord EEOC v. CRST Van Expedited, Inc.*, 2009 U.S. Dist. LEXIS 71396, *51, 63 (N.D. Iowa Aug. 13, 2009) (holding where "the EEOC did not conduct any investigation" as to the claims of "allegedly aggrieved persons for whom it seeks relief at trial before filing the complaint," the EEOC is barred from seeking relief on their behalf at trial).

Select clearly has pled a defense based on the EEOC's failure to meet these

RESPONSE IN OPPOSITION TO MOTION FOR PROTECTIVE ORDER
CASE NO.  1:21-CV-01424-JLT-HBK

requirements.[4]  Thus, the scope of the EEOC's investigation, sought by Select's Topic 18 and other topics, is relevant.  To the extent that the EEOC sought to investigate claims outside the scope of a charge, or now seeks to litigate claims that are outside of the scope of its investigation – by employer, by type of employee, or in any other manner – Select is entitled to dismissal of those claims.  Consequently, the EEOC's pre-lawsuit investigation is a critical issue in this case.  *See*, *e.g.*, *Jillian's of Indianapolis, IN, Inc*., 279 F. Supp. 2d at 980; *CRST Van Expedited, Inc.*, 2009 U.S. Dist. LEXIS 71396, at \*63.

Contrary to the EEOC's contentions, the EEOC's pre-suit actions are not exempt from judicial scrutiny.  The EEOC cites *Mach Mining*, 135 S. Ct. 1645 (2015), *EEOC v. Sterling Jewelers*, 801 F.3d 96 (2d Cir. 2015), and *EEOC v. Keco Industries*, 748 F.2d 1097 (6th Cir. 1984), and other cases for the proposition that the "nature or sufficiency of EEOC investigations" is unreviewable.  (Pl.'s Br. at 8.)  The EEOC is off base on several fronts.  First, the Supreme Court's ruling in *Mach Mining* did not foreclose judicial review into the sufficiency of the EEOC's investigation nor its ultimate determination.  Rather, *Mach Mining* concerned only the EEOC's conciliation requirement and rejected the argument that the EEOC's conciliation efforts were exempt from judicial review, holding that "a court may review whether the EEOC has satisfied its statutory obligation[s]."  *Id.* at 1649.

Second, the EEOC misstates the law in the Ninth Circuit.  In *Plummer v. Western Int'l Hotels, Co., Inc*., 656 F.2d 502 (9th Cir. 1981), the Ninth Circuit established that because the EEOC's reasonable cause determination is admissible at trial as "persuasive evidence" on the finder of fact, a defendant "is free to present evidence refuting the findings of the EEOC and may point out deficiencies in the EEOC determination."  *Id*. at 505, n.9.  As district courts within the Ninth Circuit

---

[4] *See* ECF No. 12 at 17 ("Claims in Plaintiff's Complaint …are barred because they are beyond the scope of any administrative charge or the EEOC's investigation thereof, were not subject to administrative, investigation, or conciliation processes, and/or were not included in any investigation and/or determination by the EEOC.").

have unequivocally held, "the Ninth Circuit explicitly provides for inquiry into the adequacy of EEOC investigations." *Swissport Fueling*, *Inc*, 2012 WL 1648416, at *13 (assessing EEOC citations to "cases from different circuits which, for the most part, do not allow consider relevant matters concerning the adequacy of an EEOC investigation" and concluding "the EEOC's argument that the law is otherwise lacks merit in this circuit at least."); *Giezie v. Valley Health Sys., LLC*, 2012 WL 3929446, at *9 (D. Nev. Sept. 7, 2012) (denying EEOC motion to quash and allowing EEOC deposition on "the factual circumstances relating to the EEOC's investigation" including "the number and length of meetings[,]" "statements that were [] made about the facts or circumstances of the charges[,]" and "what investigation [the investigator] conducted" regarding amended charge); *Arizona ex rel. Goddard v. Frito-Lay, Inc.*, 273 F.R.D. 545, 552 (D. Ariz. 2011) (applying *Plummer* and holding where plaintiffs "reserve the right to place before the jury the conclusions contained in the reasonable cause determination, the adequacy of [the agency's] reasonable cause determination is a relevant question on which discovery is appropriate").

Here, the EEOC has expressly reserved the right to introduce into evidence its letters of determination in order to attempt to prove that Select violated Title VII.  On March 13, 2023, the EEOC's Supplemental Initial Disclosures explicitly state that "to support its claims" the EEOC may use the "Letters of Determination and/or Conciliation invitation letters" provided to Select.  (Ex. 2, EEOC Supp. Disc. at pp. 9-10.)  Select is therefore entitled to rebut the EEOC's findings by taking discovery into the adequacy of the EEOC's investigation.  *See*, *e.g.*, *Swissport Fueling*, *Inc.*, 2012 WL 1648416, at *13; *Giezie*, 2012 WL 3929446, at *9; *Frito-Lay, Inc.*, 273 F.R.D. at 552.  Irrespective of whether the sufficiency or adequacy of the EEOC's investigation is reviewable, the facts underlying the scope of the investigation clearly are.

Third, the EEOC's contention that Select's affirmative defense is not "legally viable" is entirely misplaced.  (Pl. Br. at 9.)  As an initial matter, a discovery motion is not the proper method by which the EEOC can seek to dismiss Select's defense.

15

Select pled its defense in its Answer, that defense has not been dismissed, and it is therefore a proper subject of discovery.  Further, multiple courts have recognized the validity of precisely the defense Select asserts here.  *See Sterling Jewelers Inc.*, 2010 WL 2803017, at *3 (allowing Rule 30(b)(6) testimony regarding the "parameters of [the EEOC's] administrative investigation," noting that "it is well settled that the EEOC's investigation must occur within the 'scope of the charge'—that is, it must reasonably grow out of the charge underlying it."); *Kaplan*, 2011 WL 2115878, at *3 (permitting Rule 30(b)(6) discovery into scope of investigation; *see also EEOC v. Pierce Packing Co*., 669 F.2d 605, 606 (9th Cir. 1982) (holding EEOC duty to investigate not met when it "obtain[ed] the results of another agency's investigation but "did not conduct [its own] independent investigation").  Accordingly, Select is entitled to any and all discovery relating to its affirmative defenses.  *See* Fed. R. Civ. P. 26(b).  The EEOC bears the burden of showing good cause to prevent discovery, and the EEOC cannot impose on Select the burden to show entitlement to discovery.

Finally, nor is the EEOC's investigative file a substitute for a Rule 30(b)(6) deposition, as the EEOC contends.  *See Cal. Psychiatric Trans.*, 258 F.R.D. at 397 ("[P]roviding an investigative file does not relieve the EEOC of its obligation under Rule 30(b)(6) to provide a witness to answer questions about those documents for purposes of clarification and interpretation") (internal quotations omitted); *Lifecare Mgmt. Servs., LLC*, 2009 WL 772834, at *2 (same); *Albertson's LLC*, 2007 WL 1299194 (same).  As noted in *Albertson's, LLC* one of the reasons that a Rule 30(b)(6) deposition might be particularly important is that certain information about the investigation "may or may not be in the investigation file, or the information in the investigation file may not be complete."  2007 WL 1299194 at *1.  Contrary to the EEOC's assertions, Select is not obligated to identify factual inconsistencies and ambiguities[5] in the EEOC's investigative file on which it would pursue deposition

---

[5] While the EEOC refers to ambiguities such as "illegible" notations in the file, Select refers to factual ambiguities resulting from what is written (or not), not legibility.

RESPONSE IN OPPOSITION TO MOTION FOR PROTECTIVE ORDER
CASE NO.  1:21-CV-01424-JLT-HBK

testimony.  To require Select to marshal every ambiguity or inconsistency to show mere entitlement to a deposition would invade the mental impressions of Select's counsel, violate Select's attorney work product privilege, and provide the EEOC a roadmap of Select's trial strategy.  That is not the law, and the EEOC bears the burden of justifying why good cause exists to prevent a duly noticed deposition.  As the EEOC has not done so, Defendant is entitled to discovery regarding the EEOC's investigation by way of deposition.

### 4.    *The EEOC's Privilege Objections Are Baseless And Premature*

As this Court articulated on March 30, 2023, if the EEOC wants to interpose a privilege or work product objection, the proper time and place to do so is at the Rule 30(b)(6) deposition in response to specific questions.  Despite this, the EEOC contends that various privileges preclude it even sitting for a deposition on any noticed topic.  (Pl.'s Br. at 11-14.)  The EEOC's position is not supported by law, which requires the EEOC to address privilege objections to specific questions at a deposition.  *See Sterling Jewelers*, 2010 WL 2803017, at *3 ("[T]he proper method for addressing the EEOC's concerns is to allow the EEOC to assert its objections, as appropriate, at the deposition."); *Lifecare Mgmt. Servs., LLC*, 2009 WL 772834, at *2 ("[U]nless and until Defendants actually ask a question at the deposition that intrudes upon the deliberative process privilege, the Court finds that the EEOC's objections are premature."); *Burlington No. & Santa Fe R.R.*, 2008 WL 4845308, at *3 ("[C]laims of privilege can properly be asserted during the deposition, as appropriate.").

The EEOC's argument that the deliberative process and/or work product privileges preclude a deposition is baseless.  While the deliberative process privilege may protect *analyses* or *opinions*, the law is clear that factual matters are not protected.  *See Julian v. U.S. Dep't of Justice*, 806 F.2d 1411, 1419 (9th Cir. 1986) (holding that "communications containing purely factual material are not typically within the purview" of the deliberative process exemption); *EEOC v. Peoplemark, Inc.*, 2010 WL 748250, at *2 (W.D. Mich. Feb. 26, 2010) (holding actions taken

17

RESPONSE IN OPPOSITION TO MOTION FOR PROTECTIVE ORDER
CASE NO.  1:21-CV-01424-JLT-HBK

during the investigation, facts on which the EEOC based its cause determinations, and documents or testimony on which the EEOC based its findings of fact are "not shielded by the deliberative process privilege because the privilege does not protect purely factual or objective material"). Accordingly, courts often decline to bar depositions of the EEOC or its personnel on the grounds of the deliberative process privilege. *See id.; Cal. Psychiatric Trans.*, 258 F.R.D. at 397-98 (ordering Rule 30(b)(6) deposition of the EEOC over its deliberative process objection); *Kaplan*, 2011 WL 2115878, at *3 (holding that ruling on privilege assertions "prior to a deposition would be premature"). If particular questions touch on matters protected by any privilege, including the work product privilege, "Plaintiff can raise those objections on a question by question basis during the deposition" and seek a protective order. *Id.*; *Cal. Psychiatric Trans.*, 258 F.R.D. at 398.

Similarly, testimony regarding the EEOC's investigative file or allegations in the complaint are not presumptively privileged. *Swissport Fueling, Inc.*, 2012 WL 1648416, at *16 (investigator notes setting forth facts which person thought material "do not expose the deliberative process by which policy or decisions are made"); *Presrite Corp.*, 2012 WL 4434055, at *3 ("[F]actual information pertaining to the EEOC's claims, factual information gathered and obtained by the EEOC investigator, and factual information about the activities the EEOC conducted are not covered by the [deliberative process] privilege."). Privilege does not bar the EEOC's deposition.

The EEOC also asserts that inquiring into the basis of who the EEOC represents in this action necessarily infringes upon the attorney-client and work product privileges. (Pl.'s Br. at 14.) Yet, the EEOC fails to establish how the names of persons are privileged or why communications that occurred prior to the establishment of an attorney-client relationship would not be discoverable. Such communications are not privileged. (Pl.'s Br. at 14.) *EEOC v. Int'l Profit Assocs., Inc.*, 206 F.R.D. 215, 219 (N.D. Ill. 2002), is inapposite because, in that case, the defendant sought the notes taken by EEOC investigators in their interviews with individuals who already

18

had expressed a desire to be represented by the EEOC, a fact that was critical to the court's determination that the notes were privileged. *Id*. at 218-19. That is not the case here, and Select seeks only discovery regarding communications and interactions prior to the establishment of an attorney-client relationship with the EEOC. *See, e.g.*, *EEOC v. ABM Indus. Inc.*, 261 F.R.D. 503, 508-09 (E.D. Cal. 2009) (granting employer's motion to compel and distinguishing *International Profit Assoc.* where defendant sought questionnaires sent by the EEOC to individuals who had not expressed an interest in having the EEOC represent them). Accordingly, no privileges bar Select's ability to explore Topic 12 in total.

**B.   Courts Routinely Reject The EEOC's Contentions That A Rule 30(b)(6) Deposition Would be Burdensome And Duplicative**

The EEOC fails to establish that Select's Notice is overly burdensome, duplicative, and/or not proportional to the needs of this case. With regard to burden, the EEOC claims that its ability to process and investigate charges will be "severely hampered" if EEOC staff are "routinely required" to attend depositions. (Pl.'s Br. at 14.) Notably, the EEOC fails to cite to any declaration or other factual support for its conclusory assertions. Even if the EEOC attempted to support such sweeping contentions, these precise arguments have been considered and rejected by this Court.

In *California Psychiatric Transitions*, the EEOC brought similar claims for harassment and retaliation and attempted to avoid a Rule 30(b)(6) deposition regarding its pre-suit investigation. *Id*. at 396-97. The Court soundly rejected the same burden argument: "EEOC's argument that the [Rule 30(b)(6)] deposition places a burden on the agency is not compelling." *Id*. This Court found such objection "misplaced" and reasoned that "[i]n this case, the EEOC is a plaintiff," and "it is fundamentally unfair to allow [the EEOC] to evade discovery of materials that a private plaintiff would have to turn over." *Id*. at 396, 398. "Basic fairness dictates that the EEOC, like all parties submit to lawful discovery." *Id*. at 397. Other courts have similarly rejected the same burden arguments. *See EEOC v. Airborne Express*, 1999 WL 124380, at *2 (E.D. Pa. Feb. 23, 1999) (rejecting argument of "considerable

19

hardship" if EEOC personnel were "routinely required" to testify because the case presented "serious litigation in which the EEOC is a party seeking affirmative relief").

Nor are Select's noticed topics duplicative such that Select should be precluded from obtaining deposition testimony.  The EEOC's argument that alternative means exist to obtain discoverable information thus does not constitute "good cause" for preventing a Rule 30(b)(6) deposition.  *See EEOC v. Greater Metroplex Interiors, Inc.*, 2009 WL 412934, at *2 (N.D. Tex. Feb. 17, 2009).  Nothing prohibits a party from obtaining testimony under oath in depositions, documents in response to document requests, and written answers under oath in response to interrogatories.  Indeed, courts routinely recognize the propriety of such discovery.  *See* Fed. R. Civ. P. 30-34; *Great Am. Ins. Co. of New York v. Vegas Const. Co.*, 251 F.R.D. 534, 541 (D. Nev. 2008) ("Producing documents and responding to written discovery is not a substitute for providing a thoroughly educated Rule 30(b)(6) deponent…the two forms of discovery are not equivalent, and depositions . . . are [] favored."); *Gonzales v. City of Albuquerque*, 2010 WL 553308, at *8 (D.N.M. Feb. 9, 2010) ("The methods of discovery are complementary… may be used singly or in conjunction with each other, and may be used in any sequence."); *LifeCare Mgmt. Servs., LLC*, 2009 WL 772834, at *2 ("Providing an investigative file does not relieve the EEOC of its obligation . . . to answer questions about those documents.").  In any event, in its interrogatory responses, the EEOC refused to identify key facts underlying Plaintiff's investigation, and merely repeatedly (and inappropriately) pointed to its entire 3,553-page production.  (*See* Ex. 3, 4/7/23 Pl. Resp. to Def. Interrog. Nos. 3 and 4.)  There is no basis under the Federal Rules to assert that Select cannot pursue information to defend against the EEOC's claims through written discovery and oral deposition, or that a response in one format obviates the duty to respond in another.

## IV.  CONCLUSION

For the reasons stated herein, Select respectfully requests that this Court deny the Motion and require the EEOC to sit for the noticed Rule 30(b)(6) deposition.

1    **Dated: May 15, 2023**                    DUANE MORRIS LLP

2                                        By:  */s/ Gerald L. Maatman, Jr.*

3                                             Gerald L. Maatman, Jr.
                                              Attorneys for Defendant
4                                             Real Time Staffing Services, LLC dba
                                              Select Staffing
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                            21

# EXHIBIT 1

**Litvack, Hannah**

| | |
|---|---|
| **From:** | Tsonis, Gregory |
| **Sent:** | Wednesday, April 19, 2023 4:11 PM |
| **To:** | SOPHIA TARAZI; CONNIE LIEM; NATALIE NARDECCHIA |
| **Cc:** | NAKKISA AKHAVAN; CHANMEALEA THOU; ALISHA ANSARI; MARISOL RIVAS; Riley, Jennifer A.; Wunderlich, Brittany; Paul J. Bauer; Maatman, Jr., Gerald L.; Ebenbach, Sylvia; Spurlock, Brandon; lado.legal@eeoc.gov; andrea.ringer@eeoc.gov |
| **Subject:** | EEOC v. National Raisin Company and Real Time Staffing Services, et al. - April 19, 2023 Meet and Confer Regarding Second Amended Rule 30(b)(6) Notice |

### RE:    EEOC v. National Raisin Company and Real Time Staffing Services, et al. – April 19, 2023 Meet and Confer Regarding Second Amended Rule 30(b)(6) Notice
### Case No.: 21-CV-923 (N.D. Cal.)

Counsel -

I write in follow up to our meet and confer telephone conference this afternoon regarding Defendant Select Staffing's Second Amended Notice of Rule 30(b)(6) Deposition of the EEOC, provided to you on April 14, 2023.

As we explained, Defendant issued its amended notice to make clear that it is not seeking privileged information in an effort to address the EEOC's privilege concerns. As Magistrate Judge Barch-Kuchta already indicated, Topics 1-6, 10-16, and 19 seek factual information and have been routinely upheld by courts. Despite narrowing these Topics to expressly exclude privileged information, during today's call, the EEOC provided no indication that it would be willing to provide a designee to testify as to the facts covered by these Topics. Indeed, the EEOC maintained that any relevant facts are ascertainable from the investigative file produced. As Defendant explained, not all facts are ascertainable from the investigative file and, as the Magistrate Judge confirmed, Plaintiff cannot dictate that Defendant take only written discovery in this matter. Defendant similarly expressly excluded from the Notice's remaining Topics any privileged information, yet the EEOC continued to assert during our conferral that it saw "no relevance" to the topics concerning EEOC policies, procedures, and the like. While Defendant explained how such policies and procedures are relevant and discoverable, the EEOC confirmed that the parties irreconcilably disagree on the issues of relevance and proportionality.

Despite the parties' clearly evident impasse as to all noticed topics, as well as your previous contention that the EEOC would not sit for a Rule 30(b)(6) deposition under any circumstances absent a court order, Plaintiff now claims that counsel on the conferral conference lacked decision-making authority as to whether Plaintiff will produce a designee for any topic, or even a limited portion of any topic. You indicated that the EEOC would get back to Defendant by May 1, 2023, and would file any motion for a protective order by May 10, 2023.

The EEOC's stated timeline appears to be an attempt to avoid a finding of impasse that would trigger the 10-day filing period ordered by Magistrate Judge Barch-Kuchta. (ECF No. 44.) However, as the Magistrate Judge's minute entry states, she ordered that the parties "shall meet and confer within 21 days" of the March 30, 2023, hearing, and "[i]f the parties are unable to reach an agreement, Plaintiff may file a motion for protective order within 10 days thereafter." Nothing in the Magistrate Judge's order or comments during the informal conference suggested that the EEOC can extend the deadline for filing its motion beyond the 21 days ordered by the Court by claiming that the parties have not reached a clear impasse. Indeed, the Court's order stated that absent "an agreement," the EEOC may file a motion by May 1, 2023.

Thus, Defendant requests that the EEOC provide its decision as to whether it will agree to sit for any noticed topics by Friday, April 21, 2023, consistent with the Court's instructions. Defendant's Second Amended Notice of Rule 30(b)(6) Deposition was properly noticed for May 1, 2023, consistent with Magistrate Judge Barch-Kuchta's instructions that any motion for protective order should be brought by that date. Accordingly, Plaintiff is obligated to either appear for the properly-noticed deposition on May 1, 2023, or file a motion for protective order as to any topics for which it will not provide a designee to testify. *See* Fed. R. Civ. P. 26(c).

Regards,

Greg

# EXHIBIT 2

Anna Y. Park, SBN 164242
Nakkisa Akhavan, SBN 286260
Andrea E. Ringer, SBN 307315
Connie Liem, TX Bar No. 791113
M. Aaron Neishlos, SBN 338942
Sophie Tarazi, SBN 329721
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 E. Temple St., 4th Fl.
Los Angeles, CA 90012
Phone: (213) 785-3008
Fax: (213) 894-1301
Email: lado.legal@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> SUNSHINE RAISIN CORP. dba National Raisin Co.; REAL TIME STAFFING SERVICES, LLC dba Select Staffing; and DOES 1–10, inclusive, <br><br> Defendants. | Case No.: 1:21-CV-01424-JLF-HBK <br><br> **PLAINTIFF EEOC'S FIRST SUPPLEMENTAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)** |

**TO DEFENDANTS AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") hereby makes the following supplemental disclosures to Defendant Sunshine Raisin Corporation dba National Raisin Company ("National Raisin") and Defendant Real Time Staffing Services LLC dba Select Staffing ("Select Staffing") (collectively, "Defendants") pursuant to Federal Rule of Civil

Procedure 26(a).  The EEOC reserves the right to supplement, amend, and/or correct the

disclosures made herein.

## I.     WITNESSES

Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i), the EEOC provides the following list of names

and contact information of individuals who may have knowledge of discoverable information

that the EEOC may use to support its claims, unless solely for impeachment:

| Name | Last Known Address & Telephone Number | Subject of Information |
|---|---|---|
| Abigail Carrasco (Charging Party) | Ms. Carrasco may only be contacted through counsel for EEOC, c/o: Andrea Ringer and/or Alisha Ansari 255 E. Temple St., 4th Fl Los Angeles, CA 90012 (213) 785-3079 (213) 785-3007 | Ms. Carrasco is likely to have discoverable information regarding the discriminatory practices she and others were subjected to during her employment with Defendants; Defendants' policies, practices and procedures regarding discrimination; lost wages and emotional distress; and other relief requested by the EEOC. |
| Yesenia Arteaga (Charging Party) | Ms. Arteaga may only be contacted through counsel for EEOC, c/o: Andrea Ringer and/or Alisha Ansari 255 E. Temple St., 4th Fl Los Angeles, CA 90012 (213) 785-3079 (213) 785-3007 | Ms. Arteaga is likely to have discoverable information regarding the discriminatory practices she and others were subjected to during her employment with Defendants; Defendants' policies, practices and procedures regarding discrimination; emotional distress; and other relief requested by the EEOC. |
| Araceli Panduro (Charging Party) | Ms. Panduro may only be contacted through counsel for EEOC, c/o: Andrea Ringer and/or Alisha Ansari 255 E. Temple St., 4th Fl Los Angeles, CA 90012 (213) 785-3079 (213) 785-3007 | Ms. Panduro is likely to have discoverable information regarding the discriminatory practices she and others were subjected to during her employment with Defendants; Defendants' policies, practices and procedures regarding discrimination; lost wages and emotional distress; and other relief requested by the EEOC. |

| Maria Esparza (Claimant) | Claimant may only be contacted through counsel for EEOC, c/o: Andrea Ringer and/or Alisha Ansari 255 E. Temple St., 4th Fl Los Angeles, CA 90012 (213) 785-3079 (213) 785-3007 | Claimant is likely to have discoverable information regarding the discriminatory practices she and others were subjected to during her employment with Defendants; Defendants' policies, practices and procedures regarding discrimination; emotional distress; and other relief requested by the EEOC. |
|---|---|---|
| Blanca Padilla (Claimant) | Claimant may only be contacted through counsel for EEOC, c/o: Andrea Ringer and/or Alisha Ansari 255 E. Temple St., 4th Fl Los Angeles, CA 90012 (213) 785-3079 (213) 785-3007 | Claimant is likely to have discoverable information regarding the discriminatory practices she and others were subjected to during her employment with Defendants; Defendants' policies, practices and procedures regarding discrimination; emotional distress; and other relief requested by the EEOC. |
| Yolanda Luna (Claimant) | Claimant may only be contacted through counsel for EEOC, c/o: Andrea Ringer and/or Alisha Ansari 255 E. Temple St., 4th Fl Los Angeles, CA 90012 (213) 785-3079 (213) 785-3007 | Claimant is likely to have discoverable information regarding the discriminatory practices she and others were subjected to during her employment with Defendants; Defendants' policies, practices and procedures regarding discrimination; emotional distress; and other relief requested by the EEOC. |
| Fidelia Aquino (Claimant) | Claimant may only be contacted through counsel for EEOC, c/o: Andrea Ringer and/or Alisha Ansari 255 E. Temple St., 4th Fl Los Angeles, CA 90012 (213) 785-3079 (213) 785-3007 | Claimant is likely to have discoverable information regarding the discriminatory practices she and others were subjected to during her employment with Defendants; Defendants' policies, practices and procedures regarding discrimination; emotional distress; and other relief requested by the EEOC. |

| Patricia Santiago (Claimant) | Claimant may only be contacted through counsel for EEOC, c/o: Andrea Ringer and/or Alisha Ansari 255 E. Temple St., 4th Fl Los Angeles, CA 90012 (213) 785-3079 (213) 785-3007 | Claimant is likely to have discoverable information regarding the discriminatory practices she and others were subjected to during her employment with Defendants; Defendants' policies, practices and procedures regarding discrimination; emotional distress; and other relief requested by the EEOC. |
|---|---|---|
| All Female Workers at National Raisin Subjected to a Hostile Work Environment Based on Sex (Female) During Actionable Time Period (Possible Claimants) | Claimants may only be contacted through counsel for EEOC, c/o: Andrea Ringer and/or Alisha Ansari 255 E. Temple St., 4th Fl Los Angeles, CA 90012 (213) 785-3079 (213) 785-3007 | Claimants are likely to have discoverable information regarding the discriminatory practices they and others were subjected to during their employment with Defendants; Defendants' policies, practices and procedures regarding discrimination; emotional distress; and other relief requested by the EEOC. |
| Gurgen "John" Yepremian (National Raisin's current or former employee) | National Raisin is believed to be in possession of this information. | Witness is likely to have discoverable information regarding the discriminatory practices Charging Parties and Claimants were subjected to during their employment with Defendants; Defendants' policies, practices, and procedures regarding discrimination; Defendants' knowledge of discriminatory practices and response; Defendants' defenses. |
| Julio Camposeco (National Raisin's current or former employee) | National Raisin is believed to be in possession of this information. | Witness is likely to have discoverable information regarding the discriminatory practices Charging Parties and Claimants were subjected to during their employment with Defendants; Defendants' policies, practices, and procedures regarding discrimination; Defendants' knowledge of discriminatory practices and response; Defendants' defenses. |

| | | |
|---|---|---|
| Martin Delgado (National Raisin's current or former employee) | National Raisin is believed to be in possession of this information. | Witness is likely to have discoverable information regarding the discriminatory practices Charging Parties and Claimants were subjected to during their employment with Defendants; Defendants' policies, practices, and procedures regarding discrimination; Defendants' knowledge of discriminatory practices and response; Defendants' defenses. |
| Miguel Angel Perez Renteria (National Raisin's current or former employee) | National Raisin is believed to be in possession of this information. | Witness is likely to have discoverable information regarding the discriminatory practices Charging Parties and Claimants were subjected to during their employment with Defendants; Defendants' policies, practices, and procedures regarding discrimination; Defendants' knowledge of discriminatory practices and response; Defendants' defenses. |
| Davina R. Merkow (National Raisin's current or former employee) | National Raisin is believed to be in possession of this information. | Witness is likely to have discoverable information regarding the discriminatory practices Charging Parties and Claimants were subjected to during their employment with Defendants; Defendants' policies, practices, and procedures regarding discrimination; Defendants' knowledge of discriminatory practices and response; Defendants' defenses. |
| Sylvia Sustaita (Select Staffing's current or former employee) | Select Staffing is believed to be in possession of this information. | Witness is likely to have discoverable information regarding the discriminatory practices Charging Parties and Claimants were subjected to during their employment with Defendants; Defendants' policies, practices, and procedures regarding discrimination; Defendants' knowledge of discriminatory practices and response; Defendants' defenses. |
| Vicente Fernandez (National Raisin's current or former employee) | National Raisin is believed to be in possession of this information. | Witness is likely to have discoverable information regarding the discriminatory practices Charging Parties and Claimants were subjected to during their employment with Defendants; Defendants' policies, practices, and procedures regarding |

| | | discrimination; Defendants' knowledge of discriminatory practices and response; Defendants' defenses. |
|---|---|---|
| Johnny Alvarez (National Raisin's current or former employee) | National Raisin is believed to be in possession of this information. | Witness is likely to have discoverable information regarding the discriminatory practices Charging Parties and Claimants were subjected to during their employment with Defendants; Defendants' policies, practices, and procedures regarding discrimination; Defendants' knowledge of discriminatory practices and response; Defendants' defenses. |
| Jaime Lamas Pinedo (Defendants' current or former employee) | Defendants are believed to be in possession of this information. | Witness is likely to have discoverable information regarding the discriminatory practices Charging Parties and Claimants were subjected to during their employment with Defendants; Defendants' policies, practices, and procedures regarding discrimination; Defendants' knowledge of discriminatory practices and response; Defendants' defenses. |
| Kristina Lloyd (National Raisin's current or former employee) | National Raisin is believed to be in possession of this information. | Witness is likely to have discoverable information regarding the discriminatory practices Charging Parties and Claimants were subjected to during their employment with Defendants; Defendants' policies, practices, and procedures regarding discrimination; Defendants' knowledge of discriminatory practices and response; Defendants' defenses. |
| Yadira Castro (Select Staffing's current or former employee) | Select Staffing is believed to be in possession of this information. | Witness is likely to have discoverable information regarding the discriminatory practices Charging Parties and Claimants were subjected to during their employment with Defendants; Defendants' policies, practices, and procedures regarding discrimination; Defendants' knowledge of discriminatory practices and response; Defendants' defenses. |

| | | |
|---|---|---|
| Alejandra Flores (Select Staffing's current or former employee) | Select Staffing is believed to be in possession of this information. | Witness is likely to have discoverable information regarding the discriminatory practices Charging Parties and Claimants were subjected to during their employment with Defendants; Defendants' policies, practices, and procedures regarding discrimination; Defendants' knowledge of discriminatory practices and response; Defendants' defenses. |
| Salvador Chavez (National Raisin's current or former employee) | National Raisin is believed to be in possession of this information. | Witness is likely to have discoverable information regarding the discriminatory practices Charging Parties and Claimants were subjected to during their employment with Defendants; Defendants' policies, practices, and procedures regarding discrimination; Defendants' knowledge of discriminatory practices and response; Defendants' defenses. |
| Maria Pena Garcia (National Raisin's current or former employee) | National Raisin is believed to be in possession of this information. | Witness is likely to have discoverable information regarding the discriminatory practices Charging Parties and Claimants were subjected to during their employment with Defendants; Defendants' policies, practices, and procedures regarding discrimination; Defendants' knowledge of discriminatory practices and response; Defendants' defenses. |
| Laura Cooplan (Select Staffing's current or former employee) | Select Staffing is believed to be in possession of this information. | Witness is likely to have discoverable information regarding the discriminatory practices Charging Parties and Claimants were subjected to during their employment with Defendants; Defendants' policies, practices, and procedures regarding discrimination; Defendants' knowledge of discriminatory practices and response; Defendants' defenses. |
| Darryl Rosales (National Raisin's current or former employee) | National Raisin is believed to be in possession of this information. | Witness is likely to have discoverable information regarding the discriminatory practices Charging Parties and Claimants were subjected to during their employment with Defendants; Defendants' policies, |

| | | practices, and procedures regarding discrimination; Defendants' knowledge of discriminatory practices and response; Defendants' defenses. |
|---|---|---|
| Jose Tienda (National Raisin's current or former employee) | National Raisin is believed to be in possession of this information. | Witness is likely to have discoverable information regarding the discriminatory practices Charging Parties and Claimants were subjected to during their employment with Defendants; Defendants' policies, practices, and procedures regarding discrimination; Defendants' knowledge of discriminatory practices and response; Defendants' defenses. |
| Joe Leon (National Raisin's current or former employee) | National Raisin is believed to be in possession of this information. | Witness is likely to have discoverable information regarding the discriminatory practices Charging Parties and Claimants were subjected to during their employment with Defendants; Defendants' policies, practices, and procedures regarding discrimination; Defendants' knowledge of discriminatory practices and response; Defendants' defenses. |
| Individuals identified in Defendants' Initial Disclosures | Defendants are believed to be in possession of this information. | Witnesses identified by Defendants are likely to have discoverable information regarding the discriminatory practices Charging Parties and Claimants were subjected to during their employment with Defendants; Defendants' policies, practices, and procedures regarding discrimination; Defendants' knowledge of discriminatory practices and response; and Defendants' defenses. |
| National Raisin under Rule 30(b)(6) | National Raisin is believed to be in possession of this information | Witnesses identified by Defendants are likely to have discoverable information regarding Defendants' policies, practices, and procedures regarding discrimination; Defendants' knowledge of discriminatory practices and response; Defendants' employment relationship with Charging Parties and Claimants; Defendants' retention and production of relevant documents; Defendants' defenses. |

| Select Staffing under Rule 30(b)(6) | Select Staffing is believed to be in possession of this information | Witnesses identified by Defendants are likely to have discoverable information regarding Defendants' policies, practices, and procedures regarding discrimination; Defendants' knowledge of discriminatory practices and response; Defendants' employment relationship with Charging Parties and Claimants; Defendants' retention and production of relevant documents; Defendants' defenses. |

Discovery in this matter is continuing. The list above is not an exhaustive list as the EEOC anticipates that there may be additional persons who may be able to provide discoverable information. The EEOC reserves the right to supplement this list should additional names and contact information become available.

## II.   DOCUMENTS, ESI, & THINGS

Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii), the EEOC identifies the following categories of information that are in its possession, custody, or control and located in the Legal Unit of the EEOC's Los Angeles District Office and which the EEOC may use to supports its claims:

1.   All discoverable, non-privileged documents, electronically stored information ("ESI") and things contained in the EEOC's administrative investigative files for the Charges of Discrimination underlying this action (Charge No. 480-2016-00431, Abigail Carrasco v. National Raisin; Charge No. 480-2016-00403, Abigail Carrasco v. Select Staffing; Charge No. 480-2017-00318, Yesenia Arteaga v. National Raisin; Charge No. 480-2017-00319, Yesenia Arteaga v. Select Staffing; Charge No. 480-2017-00320, Araceli Panduro v. National Raisin; Charge No. 480-2017-00321, Araceli Panduro v. Select Staffing), including but not limited to:

a.   Charges of Discrimination;

b.   Correspondence between the EEOC and Defendants with respect to the Charges of Discrimination;

c.   Documents provided by Defendants, Charging Parties, and any other person during the administrative phase, including but not limited to employee lists, policies and

procedures of Defendants, documentation of discrimination complaints, surveillance footage, personnel files, and interview notes;

        d.  Letters of Determination and/or Conciliation invitation letters; and

        e.  Notice of Conciliation failure letters to Defendants.

      Subject to and without waiving any privileges, the EEOC supplements its initial disclosures with copies of the discoverable, non-privileged documents and ESI contained in the EEOC's administrative investigative files referenced above, at bates no.'s EEOC0000001-EEOC0003553.  Documents and ESI being withheld from the investigative files under claims of privilege include the following:

| Description of Withheld Materials | Basis for Privilege/Confidentiality |
|---|---|
| All internal memorandum and communications, including electronic correspondence, among EEOC Legal Unit staff including EEOC Trial Attorney, EEOC Supervisory Trial Attorneys, EEOC Regional Attorney, and EEOC Enforcement staff between August 2016 and September 2021 containing the EEOC attorney's analysis, opinions, recommendations, and work product concerning the EEOC's charge processing, investigation strategy, reasonable cause findings, litigation determination, and legal analysis of this case. | Governmental deliberative process privilege; Attorney-client communication privilege; Attorney work product doctrine. |
| All internal memorandum and communications, including electronic correspondence, between EEOC Enforcement Investigatory staff and EEOC Enforcement Management staff between August 2016 and October 2020 containing the EEOC employee's | Governmental deliberative process privilege |

| | |
|---|---|
| analysis, opinions, recommendations, and work product concerning the EEOC's charge processing, investigation strategy, reasonable cause findings, and assessment of the evidence for these charges. | |
| All internal communications, including electronic correspondence, among EEOC Enforcement employees between September 2020 and August 2021 containing the EEOC employee's opinion, assessment, and recommendation regarding the EEOC's settlement position during the conciliation process for these charges. | Governmental deliberative process privilege; Statutory prohibition of disclosure of information relating to conciliation, 42 U.S.C. § 2000e-5(b) and 8 (e); FRE 408. |
| All communications, including electronic correspondence, between EEOC Enforcement staff and the Charging Parties/aggrieved individuals concerning the aggrieved individual's settlement position during the conciliation process of these charges. | Statutory prohibition of disclosure of information relating to conciliation, 42 U.S.C. § 2000e-5(b) and 8 (e); FRE 408. |
| All communications, including electronic correspondence, between EEOC and Defendants concerning the parties' settlement position during the conciliation process of these charges. | Statutory prohibition of disclosure of information relating to conciliation, 42 U.S.C. § 2000e-5(b) and 8 (e); FRE 408. |

2.     Documents produced by Defendants in discovery and/or identified by Defendants in their initial disclosures;

3.     Documents produced by the EEOC in discovery and/or identified by the EEOC in its initial disclosures;

4.     Publicly available information about Defendants; and

5.      Any other non-privileged documents subsequently obtained or identified which are relevant to this action.

Discovery into this matter is continuing. The EEOC reserves the right to supplement this list should additional documents become available to support its claims.

## III.    MONETARY DAMAGES

The EEOC intends to seek all allowable damages under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, including compensatory damages for past and future pecuniary and non-pecuniary losses, punitive damages, and injunctive relief on behalf of the Charging Parties and Claimants. The EEOC intends to seek up to $300,000 total for each Charging Party and Claimant based on the statutory limits and the size of Defendants' workforces, and backpay and interest (where applicable) for Charging Parties Abigail Carrasco and Araceli Panduro and Claimants constructively discharged or subjected to retaliatory termination.

The EEOC also intends to seek all prohibitive and mandatory injunctive relief available pursuant to the statute, including, but not limited to, an injunction requiring Defendants to comply with Title VII, as well as requiring that Defendants: (i) adopt an effective Title VII policy that ensures Defendants will no longer engage in unlawfully discriminatory employment practices and that lays out Defendants' complaint procedure; (ii) publicize and distribute the policies to all present and future employees; (iii) adhere to the policies; (iv) provide training to Defendants' human resources employees, managers, supervisors, and other employees on Title VII's prohibition against discrimination and retaliation; (v) report to the EEOC on Defendants' compliance with all injunctive relief; (vi) post a notice outlining the resolution of this lawsuit to employees in a place where employees regularly congregate; (vii) hire an external equal employment opportunity monitor to ensure Defendants' compliance with Title VII and the consent decrees; and (viii) conduct equal employment opportunity compliance audits.

The EEOC reserves the right to supplement its damages estimate if it discovers additional information, including information about other Claimants.

1

**IV.     INSURANCE**

2

      Not applicable.

3

      Discovery is continuing.  The EEOC reserves the right to amend and supplement these

4

disclosures, and to use at trial or any proceeding any documents or witnesses subsequently

5

identified.

6

Respectfully submitted,

7

                                  U.S. EQUAL EMPLOYMENT

8

                                  OPPORTUNITY COMMISSION

9

Dated: March 13, 2023            By:     */s/ Andrea Ringer*

10

                                  Andrea Ringer

                                  Counsel for Plaintiff U.S. EEOC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I am and was at the time of service a citizen of the United States and over the age of eighteen (18) years. I am employed in the Legal Unit of the Los Angeles District Office of the United States Equal Employment Opportunity Commission, Los Angeles District Office. My business address is U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, CA 90012.

On March 13, 2023, I served **PLAINTIFF EEOC'S FIRST SUPPLEMENTAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)** & **EEOC's FIRST DOCUMENT PRODUCTION BATES NO. EEOC0000001-EEOC0003553,** via electronic mail to:

***Attorney for Defendant Real Time Staffing Services, LLC dba Select Staffing***

Gerald L. Maatman
Duane Morris LLP
190 S. LaSalle Street, Suite 3700
Chicago, IL 60603
gmaatman@duanemorris.com

***Attorney for Defendant Sunshine Raisin Corporation, dba National Raisin***

Paul J. Bauer
Sagaser, Watkins & Wieland, PC
5620 North Palm Avenue, Suite 400
Fresno, California 93704
paul@sw2law.com

I declare under penalty of perjury that the foregoing is true and correct. Executed on March 13, 2023, at Los Angeles, California.

By:     /s/ *Andrea E. Ringer*
            Andrea E. Ringer

# EXHIBIT 3

Anna Y. Park, SBN 164242
Nakkisa Akhavan, SBN 286260
Connie K. Liem, TX SBN 791113
Natalie Nardecchia, SBN 246486
M. Aaron Neishlos, SBN 338942
Sophie N. Tarazi, SBN 329721
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone:  (213) 422-8396
Facsimile:  (213) 894-1301
E Mail:  lado.legal@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>SUNSHINE RAISIN CORPORATION dba National Raisin Company; REAL TIME STAFFING SERVICES, LLC dba Select Staffing; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 1:21-cv-01424-JLT-HBK<br><br>**PLAINTIFF EEOC'S RESPONSES AND OJBECTIONS TO DEFENDANT SELECT STAFFING'S FIRST SET OF INTERROGATORIES**<br>**(No.'s 1-14)** |

**PROPOUNDING PARTY:**          **DEFENDANT SELECT STAFFING**

**RESPONDING PARTY:**           **PLAINTIFF U.S. EQUAL EMPLOYMENT**

                                **OPPORTUNITY COMMISSION**

**SET NO:**                     **ONE (1)**

**TO DEFENDANT SELECT STAFFING AND ITS ATTORNEYS OF RECORD:**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Rule 250.2, Plaintiff Equal Employment Opportunity Commission ("EEOC"), through its counsel, submits the following Response to Defendant SELECT STAFFING's ("Select Staffing" or "Defendant") Interrogatories, Set One. The EEOC reserves the right to supplement, amend, and/or correct the responses made herein.

## PRELIMINARY STATEMENT

1.  The EEOC's responses are made solely for the purpose of this litigation. Any information or document the EEOC has supplied in response to Defendant's interrogatories is subject to all objections regarding competence, relevance, materiality, propriety, and admissibility and to any and all other objections on any ground that would require the exclusion of that information or document if offered as evidence in court. All such objections are expressly reserved and may be interposed at the time of trial. No incidental or implied admissions are intended by the responses herein.

2.  These responses represent the EEOC's diligent and best efforts to respond to written discovery based on the investigation which the EEOC has thus far been able to carry out in connection with this litigation. There may exist further information responsive to these requests that is not within the EEOC's present knowledge or reasonably available to the EEOC. There are documents being held by Defendant relating to this litigation which the EEOC has not yet received or reviewed. There may exist persons with knowledge relating to the subject matter of written discovery that Defendant has not identified and/or the EEOC has not yet discovered. Accordingly, these responses are based upon facts and information known to the EEOC as well

PLAINTIFF EEOC'S RESPONSES TO DEFENDANT SELECT STAFFING'S
FIRST SET OF INTERROGATORIES

as its present knowledge of the litigation. The responses set forth below are based on the EEOC's knowledge to date. Accordingly, the EEOC's responses are made in good faith.

3.  Many of Defendants' interrogatories seek detailed information about Charging Parties and also, as to that detailed information, contain discrete and separate subparts and topics. The EEOC has reasonably interpreted these interrogatories and has specifically noted herein where it determined to treat a single interrogatory propounded as more than one interrogatory under Rule 33 and case law interpreting that rule's limitations on the number of interrogatories. *See* Fed. R. Civ. P. 33(a)(1); *see, e.g.*, *Superior Commc'ns v. Earhugger, Inc.*, 257 F.R.D. 215, 218 (C.D. Cal. 2009) (interrogatory subparts must be "logically or factually subsumed within and necessarily related to the primary question.") (citing *Trevino v. ACB Am., Inc.*, 232 F.R.D. 612, 614 (N.D. Cal. 2006)).  The EEOC elected not to treat several compound and/or complex/detailed interrogatories seeking information for both Charging Parties with numerous subparts as more than one interrogatory for purposes of compromise, even though such a decision would be supported by Rule 33 and case law interpreting it. The EEOC reserves its right to raise the discrete subpart issue with respect to this set of interrogatories as well as any propounded in the future.

4.  Pursuant to Rule 26(e), the EEOC reserves the right to supplement or amend any response set forth herein as additional information becomes known through further discovery and trial preparation.

5.  As permitted by Rule 33(d) of the Federal Rules of Civil Procedure, where appropriate, the EEOC directs Defendant to documents from which the answer to an interrogatory may be derived or ascertained.

## OBJECTIONS TO PRELIMINARY INSTRUCTIONS AND DEFINITIONS

1.  The EEOC objects that the requirements imposed by these instructions are not required by Fed. R. Civ. P. 26:

*If Plaintiff is unable to answer fully any interrogatory after exercising due diligence to secure the information, please so state and answer the interrogatory to the extent*

*possible, specifying the reason(s) for Plaintiff's inability to answer the remainder of any such interrogatory and stating whatever information, knowledge, or belief Plaintiff has concerning the unanswerable portion of said interrogatory.*

*If Plaintiff objects to providing any information requested by these interrogatories on the grounds that it is privileged or work product, the plaintiff must provide: (a) the grounds for the objections; (b) the subject of the information withheld; (c) the identity of all persons by whom and to whom the information was communicated; (d) the name of the person(s) on whose behalf the privilege is asserted; and (e) if the information is contained in a document, the identity of that document.*

## SPECIFIC RESPONSES AND OBJECTIONS TO INTERROGATORIES

**INTERROGATORY NO. 1**

Identify each person who provided information used to answer these Interrogatories and each and every person who assisted in developing answers to these Interrogatories. For each person, identify the specific Interrogatory or numbers for which that person provided information or assistance and describe the information or assistance provided.

**RESPONSE TO INTERROGATORY NO. 1**

The EEOC objects that this request to the extent it seeks information protected by the attorney work product doctrine, and, to the extent applicable, attorney client privilege and/or deliberative process privilege. The EEOC objects that the terms "assisted," "assistance," and "developing answers" are vague and ambiguous and reasonably interprets Defendant's request in good faith to mean the individuals who drafted responses to Defendant's requests. The EEOC further objects that this request is duplicative and unduly burdensome to the extent it asks the EEOC to individually catalog and describe the process leading to each interrogatory response.

Subject to and without waiving the foregoing objections, the EEOC responds to this Interrogatory as follows: Counsel of record for the EEOC drafted responses to these Interrogatories based on facts from the identified claimants listed in the EEOC's initial and supplemental disclosures and documents related to this action as reflected in the EEOC's responses below.

4

**INTERROGATORY NO. 2**

Without regard to the manner by which the information has been obtained, identify each and every person who Plaintiff believes has knowledge of any facts in any way relating to any issue raised by the Complaint, by providing the name, address, home telephone number, business telephone number, and cell phone number of such persons; a detailed description of the knowledge believed to be possessed by each such person; all relevant issues or facts as to which each such person is believed to possess knowledge; and all documents, if any, which each such person is believed to have examined, has in his or her possession, or has knowledge.

**RESPONSE TO INTERROGATORY NO. 2**

The EEOC also objects to the extent that this request seeks information protected by the attorney work product doctrine, and, to the extent applicable, attorney client privilege and/or deliberative process privilege. The EEOC objects that the term "relating to" is vague and ambiguous. The EEOC further objects to this request on the ground that it is duplicative and cumulative because the EEOC has made its initial disclosures to Defendant pursuant to Federal Rule of Civil Procedure 26(a). Accordingly, the request seeks documents already within the possession, custody, or control of Defendant and thus is unduly burdensome and not proportional to the needs of the case.

Subject to and without waiving the foregoing objections, the EEOC responds to this Interrogatory as follows: the EEOC refers Defendant to its Rule 26(a) initial and supplemental disclosures, which contain the requested information. All Charging Parties and claimants are to be contacted only through counsel for the EEOC.

**INTERROGATORY NO. 3**

Describe in detail the efforts you have made to determine the identities of any current or former employee of Defendant who you claim was subject to a hostile work environment and experienced sexual harassment, constructive discharge, and/or retaliation.

**RESPONSE TO INTERROGATORY NO. 3**

The EEOC objects to the extent that this request seeks information that bears no relationship to the claims and defenses asserted in this case and is therefore not relevant nor proportional to the needs of the case. More specifically, the EEOC objects to the extent that this request seeks discovery to challenge

**Case 1:21-cv-01424-JLT-HBK Document 49 Filed 05/15/23 Page 52 of 67**

the adequacy of the EEOC's investigation. *See, e.g., EEOC v. Pioneer Hotel, Inc*., 2014 WL 7653921, at *10 (D. Nev. Sept. 30, 2014) ("Defendant is not entitled to litigate the adequacy of the EEOC's pre-suit investigation"); *EEOC v. Bass Pro Outdoor World, LLC*, 826 F. 3d 791, 806 (5th Cir. 2016); *EEOC v. Sterling Jewelers Inc.,* 801 F.3d 96, 101 (2d Cir. 2015) ("[C]ourts may not review the sufficiency of an investigation—only whether an investigation occurred."). The EEOC also objects that this request seeks information protected by the attorney work product doctrine, and, to the extent applicable, attorney client privilege and/or deliberative process privilege. The EEOC objects that the term "efforts" is vague and ambiguous and interprets it in good faith to mean the investigation leading up to the Letters of Determination. The EEOC further objects that this request is duplicative and unduly burdensome to the extent it asks the EEOC to individually catalog and describe each document and fact in the investigative file that was produced. *See, e.g., Johnson v. Couturier*, 261 F.R.D. 188, 192 (E.D. Cal. 2009).

Subject to and without waiving the foregoing objections, the EEOC responds to this Interrogatory as follows: pursuant to Rule 33(d), the EEOC refers Defendant to Bates range EEOC0000001-EEOC0003553, the administrative investigation files, which reflect the EEOC's investigative activities, produced on March 13, 2023. All privileged/confidential documents and redacted information being withheld from production under claims of privilege or statutory prohibition are identified in the EEOC's Privilege Logs dated March 13, 2023 and April 7, 2023. The EEOC also refers Defendant to public records relating to the EEOC's investigative process, including the Compliance Manual and other guidance materials found at https://www.eeoc.gov/guidance, and the statutory and regulatory framework governing the EEOC. See 42 U.S.C. §§ 2000e-5, 2000e-8; 29 C.F.R. §§ 1601 et seq.

**INTERROGATORY NO. 4**

Identify each person, including each current or former employee of Defendant, from whom you have taken or received a written statement or with whom you have spoken or exchanged or received correspondence, e-mails, or voicemail messages, relating in any way to the Complaint or the allegations upon which this lawsuit is based. For each, identify the dates on which each such conversation was held, statement was taken, or correspondence, e-mail, or voicemail message was exchanged or received; identify the persons involved in or present during each conversation or statement or copied on each correspondence or message; and describe the subject matter covered in each such conversation,

PLAINTIFF EEOC'S RESPONSES TO DEFENDANT SELECT STAFFING'S
FIRST SET OF INTERROGATORIES

1  statement, correspondence, e-mail, or voicemail message. If written, attach a copy of the statement to

2  Plaintiffs answers to these interrogatories[.]

3  **RESPONSE TO INTERROGATORY NO. 4**

4       The EEOC objects to the extent that this request seeks irrelevant information to challenge the

5  adequacy of the EEOC's pre-suit investigation.  The adequacy of the EEOC's investigation bears no

6  relationship to the claims and defenses asserted in this case and is therefore not relevant nor proportional

7  to the needs of the case. See, e.g., *EEOC v. Pioneer Hotel, Inc.*, 2014 WL 7653921, at *10 (D. Nev. Sept.

8  30, 2014) ("Defendant is not entitled to litigate the adequacy of the EEOC's pre-suit investigation");

9  *EEOC v. Bass Pro Outdoor World, LLC*, 826 F. 3d 791, 806 (5th Cir. 2016); *EEOC v. Sterling Jewelers*

10  *Inc.*, 801 F.3d 96, 101 (2d Cir. 2015) ("[C]ourts may not review the sufficiency of an investigation—only

11  whether an investigation occurred."). The EEOC also objects to the extent that this request seeks

12  information protected by the attorney work product doctrine, and, to the extent applicable, attorney client

13  privilege and/or deliberative process privilege. The EEOC objects that the term "efforts" is vague and

14  ambiguous and interprets it in good faith to mean the investigation leading up to the Letters of

15  Determination. The EEOC further objects that this request is duplicative and unduly burdensome to the

16  extent it asks the EEOC to individually catalog and describe each document and fact in the investigative

17  file that was produced. See, e.g., *Johnson v. Couturier*, 261 F.R.D. 188, 192 (E.D. Cal. 2009).

18       Subject to and without waiving the foregoing objections, the EEOC responds to this Interrogatory

19  as follows: pursuant to Rule 33(d), the EEOC refers Defendant to Bates range EEOC0000001-

20  EEOC0003553, the administrative investigation files produced on March 13, 2023, which reflect the

21  EEOC's investigative activities. All privileged/confidential documents and redacted information being

22  withheld from production under claims of privilege or statutory prohibition are identified in the EEOC's

23  Privilege Logs dated March 13, 2023 and April 7, 2023.

24  **INTERROGATORY NO. 5**

25       Identify each current and former employee of Defendant who you claim was subject to a hostile

26  work environment and experienced sexual harassment, constructive discharge, and/or retaliation, and

27  describe in detail any harassing and/or discriminatory treatment that he or she experienced, if any, and

28  identify each incident of alleged harassment and/or discrimination, including the date of the alleged act,

1    the employee(s) of Defendant who you contend was responsible for any harassing and/or discriminatory

2    treatment or occurrence, the employee(s) of Defendant responsible for resolving or rectifying any

3    discriminatory acts, and all documents that relate to or provide information in support of such treatment

4    or occurrence.

5    **RESPONSE TO INTERROGATORY NO. 5**

6         The EEOC objects to the extent this request is duplicative and cumulative because the EEOC has

7    already produced Bates range EEOC0000001-EEOC0003553, the administrative charge files. The EEOC

8    further objects that this interrogatory includes at least three separate and distinct individual

9    interrogatories individually relating to each Charging Party and class member.

10        Subject to and without waiving the foregoing objections, the EEOC responds to this Interrogatory

11   as follows: pursuant to Rule 33(d), the EEOC refers Defendant to Bates range EEOC0000001-

12   EEOC0003553, the administrative investigation files produced on March 13, 2023. All

13   privileged/confidential documents and redacted information being withheld from production under

14   claims of privilege or statutory prohibition are identified in the EEOC's Privilege Logs dated March 13,

15   2023 and April 7, 2023. The EEOC further responds that it brings claims on behalf of the following

16   individuals: Charging Parties Abigail Carrasco, Yesenia Arteaga, and Araceli Panduro, and claimants

17   Maria Esparza, Blanca Padilla, Yolanda Luna, Fidelia Aquino, and Patricia Santiago. The EEOC's

18   identification of individual victims is ongoing and the EEOC reserves the right to supplement this list.

19   The EEOC further responds that Charging Parties and claimants were subjected to harassing and

20   discriminatory treatment, including but not limited to the following:

21          • Charging Party Abigail Carrasco was subjected to daily physical and verbal sexual

22            harassment by Gurgen "John" Yepremian ("Yepremian") from approximately March

23            through July of 2016. Yepremian's harassment included but was not limited to massaging

24            her shoulders and touching her waist, despite Ms. Carrasco's attempts to avoid his

25            advances. Charging Party Carrasco complained of Yepremian's harassment to employees

26            of both Defendants National Raisin and Defendant Select Staffing, but she was terminated

27            approximately four days later and was not rehired or informed of any follow-up on her

28            harassment complaint.

- Charging Party Yesenia Arteaga was physically and verbally sexually harassed repeatedly by Yepremian from 2011 until June 2017. The harassment included, for example, Yepremian leering at Charging Party Arteaga, as well as touching his genitals and asking her, "You like it?" Charging Party Arteaga complained of Yepremian's harassment to Defendant in 2011, but his harassment continued, including asking her to have sex with him on numerous occasions. None of Defendant's employees followed up with Charging Party Arteaga after her initial complaint of harassment.

- Charging Party Araceli Panduro was physically and verbally sexually harassed on a daily basis by Yepremian from approximately March 2016 until June 2017. Yepremian engaged in various manners of sexual harassment, including touching Panduro from behind, asking to have sex with her, making crude gestures, and grabbing and squeezing her vaginal area. Charging Party Panduro complained of the harassment to Defendants in approximately June 2017, but was asked for "proof" of the harassment and was not asked to provide any written statement regarding the harassment. Defendants did not communicate with Charging Party Panduro following her complaint. After Charging Party Panduro made the June 2017 sexual harassment complaint, she was ostracized by her coworkers and felt that she was in danger, causing her to leave her job with Defendants.

- Claimant Maria Esparza was physically and verbally sexually harassed by Yepremian on numerous occasions between approximately March 2015 and June 2017, such as by pressuring her to have sex with him and touching her inappropriately, including by coming up behind her and rubbing or brushing up against her. Claimant Esparza notified Defendant of Yepremian's harassment in 2016, but his verbal and physical misconduct continued.

- Claimant Blanca Padilla was verbally sexually harassed in approximately 2016 by her supervisor, Martin Delgado, who asked her and other female employees to go on dates with him and go drinking with him. Claimant Padilla refused and believed his requests to be very inappropriate.

PLAINTIFF EEOC'S RESPONSES TO DEFENDANT SELECT STAFFING'S
FIRST SET OF INTERROGATORIES

- Claimant Yolanda Luna witnessed many other female employees being harassed and felt extremely disturbed uncomfortable at work, including after witnessing a male employee have an erection next to a female coworker. Claimant Luna also saw another male supervisor trying to hug a female employee from behind without her permission. Claimant Luna was let go after witnessing this incident.

- Claimant Fidelia Aquino was physically and verbally sexually harassed in 2021 by her supervisor, Julio Camposeco, who grabbed Claimant Aquino around her waist and made comments such as that she had lost weight and that she must miss her husband, who had recently passed away. Claimant Aquino was taken off the schedule after refusing Camposeco's advances.

- Claimant Patricia Santiago was physically and verbally harassed in 2015 by her supervisor, Martin Delgado, who would follow her around and try to talk to her, as he would do with other female workers as well. Claimant Santiago was also physically and verbally sexually harassed in 2021 by a supervisor assistant, Miguel Perez, who slapped Claimant Santiago on her rear end and made crude comments about her body. Claimant Santiago was too afraid to complain because she saw that other female workers were fired after complaining of harassment and because she observed that Defendants did not take action against Mr. Perez despite receiving multiple complaints from other female workers.

The EEOC reserves the right to supplement, amend, and/or correct this response as discovery is ongoing.

**INTERROGATORY NO. 6**

For each allegedly injured individual for whom the EEOC seeks injunctive or equitable relief or back pay damages, identify each person, identify the discriminatory event, harassment, retaliation, and/or constructive discharge which you contend entitles the individual to relief or back pay, and state the starting time and ending time for the period of relief or back pay sought, the scope of relief or amount of back pay sought, and the computations leading to any such amounts. Identify all documents which relate to or provide information relating to any part of your answer.

**RESPONSE TO INTERROGATORY NO. 6**

The EEOC objects that this request is overbroad, unduly burdensome, and not proportional to the needs of the case to individually catalog and describe each document and fact in the investigative file that was produced. The EEOC further states that this interrogatory includes at least five separate and distinct individual interrogatories individually relating to each Charging Party and class member. Finally, the EEOC objects that the term "injured individual" is vague and ambiguous and reasonably interprets Defendant's request in good faith to refer to the Charging Parties and claimants identified by the EEOC in this case.

Subject to and without waiving the foregoing objections, the EEOC responds to this Interrogatory as follows: pursuant to Rule 33(d), the EEOC refers Defendant to the administrative investigation files produced on March 13, 2023. All privileged/confidential documents and redacted information being withheld from production under claims of privilege or statutory prohibition are identified in the EEOC's Privilege Logs dated March 13, 2023 and April 7, 2023. The EEOC also refers Defendant to the EEOC's response to Interrogatory No. 5, which describes the harassment, retaliation, and/or constructive discharge experienced by Charging Parties and Claimants. The EEOC further responds that it seeks injunctive and monetary relief on behalf of Charging Parties and a class of female employees, including but not limited to Charging Parties Abigail Carrasco, Yesenia Arteaga, and Araceli Panduro, and claimants Maria Esparza, Blanca Padilla, Yolanda Luna, Fidelia Aquino, and Patricia Santiago, subjected to sexual harassment, retaliation, and/or constructive discharge by Defendant(s). The EEOC seeks backpay damages for the following Charging Parties and Claimants subjected to retaliation and/or constructive discharge: Abigail Carrasco, Araceli Panduro, Yolanda Luna, and Fidelia Aquino.

As discovery is ongoing, the EEOC reserves the right to supplement, correct or amend this response, including as to the amounts of backpay damages it seeks on behalf of these Charging Parties and Claimants.

**INTERROGATORY NO. 7**

For each allegedly injured individual for whom the EEOC seeks back pay damages, describe in detail all efforts that the individual has made to seek or obtain employment from the period from the alleged discrimination, harassment, retaliation, and/or constructive discharge to the present, including but not limited to the following: the names and addresses of each company, business enterprise, public

employer, employment service, or other source that he or she contacted directly or indirectly in an effort to seek employment; the dates of each such contact; the form of each contact (e.g., in person, by telephone, or by mail); the name(s) of each person(s) contacted; the substance of each contact; and the results of each contact, including whether he or she received a job offer and, if so, the date of such offer, the terms and conditions of such offer (including the position, title, compensation and other benefits), and whether he or she accepted the offer.

**RESPONSE TO INTERROGATORY NO. 7**

The EEOC objects that this request seeks information that bears no relationship to the claims and defenses asserted in this case and is therefore not relevant nor proportional to the needs of the case. The EEOC further objects to the extent this request seeks information protected by the conciliation confidentiality. The EEOC further objects the request is overbroad in scope and time. The EEOC also objects that this request calls for a narrative response and is overly burdensome. Finally, the EEOC objects that the term "injured individual" is vague and ambiguous and reasonably interprets Defendant's request in good faith to refer to the Charging Parties and claimants identified by the EEOC in this case.

Subject to and without waiving the foregoing objections, the EEOC responds to this Interrogatory as follows: As discovery is ongoing, the EEOC reserves the right to supplement, amend and/or correct this response.

**INTERROGATORY NO. 8**

As to each allegedly injured individual whom the EEOC contends suffered emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, or incurred unreimbursed medical expenses as a result of Defendant's conduct, state whether such individual sought treatment from a mental health professional or other health care provider in connection with such injury, damage, or expense, and if so, identify for each such individual the date(s) of treatment and the health care provider(s) by name, title, business address and business telephone number.

**RESPONSE TO INTERROGATORY NO. 8**

The EEOC objects to the extent that the request may infringe on the psycho-therapist privilege and privacy interests. The EEOC also states that this interrogatory includes two separate and distinct individual interrogatories individually relating to each Charging Party and class member. Finally, the

EEOC objects that the term "injured individual" is vague and ambiguous and reasonably interprets Defendant's request in good faith to refer to the Charging Parties and claimants identified by the EEOC in this case.

Subject to and without waiving the foregoing objections, the EEOC responds to this Interrogatory as follows:  As discovery is ongoing, the EEOC reserves the right to supplement, amend and/or correct this response.

**INTERROGATORY NO. 9**

Identify each person whose claims Plaintiff investigated relating to the allegations contained in the Complaint, and the identity of each person whose claims Plaintiff conciliated.

**RESPONSE TO INTERROGATORY NO. 9**

The EEOC objects to the extent that this request seeks to challenge the adequacy of the EEOC's investigation and conciliation efforts. This request is also vague and ambiguous, overbroad, and not proportional to the needs of the case. The EEOC further objects to the extent that this interrogatory seeks conciliation information protected from disclosure by the statutory prohibition against disclosure of conciliation information. The EEOC further objects that this seeks information in violation of 42 U.S.C. § 2000e-5(b) and 8(e) prohibiting the EEOC from disclosing information and documents of charges and conciliation efforts without the written consent of the parties involved. The EEOC objects that the terms "claims," "relating to," and "allegations contained in the Complaint" are vague and ambiguous and reasonably interprets Defendant's request in good faith to be a request to identify the Charging Parties and claimants in this case. The EEOC further objects that claimants are represented and all contact should be done through EEOC counsel. Finally, the EEOC states that this interrogatory includes two separate and distinct individual interrogatories individually relating to each Charging Party and class member.

Subject to and without waiving the foregoing objections, the EEOC responds to this Interrogatory as follows: the EEOC investigated the Charges of Discrimination filed by Charging Parties Abigail Carrasco, Yesenia Arteaga, and Araceli Panduro, which included the investigation of class-wide sexual harassment, retaliation, and constructive discharge claims at National Raisin.  The EEOC conciliated the sexual harassment, retaliation, and constructive discharge claims of Charging Parties Abigail Carrasco, Yesenia Arteaga, and Araceli Panduro, and a class of female employees subjected to sexual harassment,

1   retaliation, and/or constructive discharge. The EEOC further responds that it seeks damages on behalf of

2   unidentified class members who have not been discovered. As discovery is ongoing, the EEOC reserves

3   the right to supplement, amend and/or correct this response.

4   **INTERROGATORY NO. 10**

5   Describe all facts and documents that support or refute your contention in the Complaint that

6   "Select Staffing failed to take prompt and effective remedial action reasonably calculated to end the

7   sexual harassment, including but not limited to, failing to investigate and/or failing to conduct an

8   adequate investigation, failing to interview third-party witnesses, and/or failing to adequately follow-up

9   with its employees about their complaints."

10  **RESPONSE TO INTERROGATORY NO. 10**

11  The EEOC objects to the extent that this request seeks information protected by the attorney work

12  product doctrine and the deliberative process privilege.

13  Subject to and without waiving the foregoing objections, the EEOC responds to this Interrogatory

14  as follows: pursuant to Rule 33(d), the EEOC refers Defendant to the administrative investigation files

15  produced on March 13, 2023. All privileged/confidential documents and redacted information being

16  withheld from production under claims of privilege or statutory prohibition are identified in the EEOC's

17  Privilege Logs dated March 13, 2023 and April 7, 2023. The EEOC further responds that Defendant

18  Select Staffing undertook numerous acts and omissions resulting in its failure to take prompt and

19  effective remedial action, including but not limited to the following:

20  Defendant failed to follow up with Charging Party Yesenia Arteaga after she complained of

21  harassment by Yepremian; instead, she was given a warning. Additionally, Defendant terminated

22  Charging Party Abigail Carrasco approximately four days after she complained of harassment by

23  Yepremian, did not rehire her for a subsequent assignment at National Raisin or any other company

24  despite her requests, and failed to adequately inform Charging Party Carrasco as to whether her

25  complaint of harassment was ever investigated. Further, Defendant failed to prevent repeated harassment

26  of Charging Party Araceli Panduro by Yepremian even after she complained in 2016, resulting in

27  ongoing harassment until June 2017, when Charging Party Panduro resigned due to the harassment and

28  fear of being fired after witnessing that Charging Party Carrasco was terminated after she complained of

harassment. Despite numerous complaints of harassment by Charging Parties and other female employees over a period of several years, Defendants failed to take action to prevent future harassment beyond issuing Yepremian written warnings and short suspensions from work.

The EEOC reserves the right to supplement, amend, and/or correct this response as discovery is ongoing.

**INTERROGATORY NO. 11**

Describe in detail any policies or procedures that the EEOC, or any person or entity acting on behalf of the EEOC, adopted or implemented that relates to sexual harassment, including the prevention, reporting, investigation, and resolution of complaints of sexual harassment by EEOC employees, including policies pertaining to discipline and/or termination for alleged harassers. For each such policy or procedure, identify the effective dates, the jobs or positions to which it was applied, and the number of EEOC employees who have submitted complaints regarding sexual harassment for each year from 2016 to present.

**RESPONSE TO INTERROGATORY NO. 11**

The EEOC objects that this request seeks confidential internal information that bears no relationship to the claims and defenses asserted in this case and is therefore not relevant nor proportional to the needs of the case. The EEOC's sexual harassment policies applicable to its own employees or applicants are not relevant to the issue of whether Defendants are liable for Title VII violations in this action. The EEOC objects to the request to the extent that it seeks publicly available documents that are at least as equally and readily available to Defendant. The EEOC also objects that this request is written so broadly that it seeks information protected by the deliberative process privilege, attorney work product doctrine, and attorney client communication privilege. The EEOC objects that the term "relates to" is vague and ambiguous and interprets it in good faith to mean the EEOC's publicly available policies and procedures regarding sexual harassment. The EEOC further objects that this request is duplicative and unduly burdensome to the extent it asks the EEOC to use excessive resources to individually catalog and describe each policy or procedure based on the requested criteria, which bear no relation to this case, and because the EEOC is a federal agency that employs individuals across the nation. The EEOC also objects that this request is overbroad in time and scope, and appears to seek any and all policies and procedures

15

1   in place nationwide since the EEOC was established, and thus creates an undue burden to gather and

2   produce irrelevant information. Accordingly, the EEOC will not provide the requested information.

3   Finally, the EEOC states that this interrogatory includes three separate and distinct individual

4   interrogatories.

5       Subject to and without waiving the foregoing objections, the EEOC responds to this Interrogatory

6   as follows: the EEOC refers Defendants to public records relating to the EEOC's sexual harassment

7   policies, including the Compliance Manual and other guidance materials found at

8   https://www.eeoc.gov/guidance. The EEOC also refers Defendant to the statutory and regulatory

9   framework governing the EEOC.  See 42 U.S.C. §§ 2000e-5, 2000e-8; 29 C.F.R. §§ 1601 et seq.

10  **INTERROGATORY NO. 12**

11      Describe in detail any policy, practice, or mandate of the EEOC to investigate or prosecute the

12  failure of employers to identify, prevent, investigate, or resolve incidents of sexual harassment and for

13  each such policy, practice, or mandate, describe the criteria and procedures used by Plaintiff for

14  evaluating how to apply to policy, practice, or mandate to the evaluation of an employer's practices.

15  **RESPONSE TO INTERROGATORY NO. 12**

16      The EEOC objects to the extent that that this request seeks confidential internal information that

17  bears no relationship to the claims and defenses asserted in this case and is therefore not relevant nor

18  proportional to the needs of the case. The EEOC objects to this request to the extent that it seeks publicly

19  available documents that are at least as readily available to Defendant as they are to Plaintiff. The EEOC

20  also objects that this request seeks information protected by the attorney work product doctrine, and, to

21  the extent applicable, attorney client privilege and/or deliberative process privilege. The EEOC further

22  objects that this request is duplicative and unduly burdensome to the extent it asks the EEOC to

23  individually catalog and describe each policy, practice, or mandate based on the requested criteria, which

24  bear no relation to this case. The EEOC also objects that this request is overbroad in time and scope, and

25  appears to seek any and all policies, practices, and mandates in place nationwide since the EEOC was

26  established, and thus creates an undue burden to gather and produce irrelevant information. Accordingly,

27  the EEOC will not provide the requested information. Finally, the EEOC states that this interrogatory

28  includes two separate and distinct individual interrogatories.

Subject to and without waiving the foregoing objections, the EEOC responds to this Interrogatory as follows: the EEOC refers Defendant to public records relating to the EEOC's investigative process, including the Compliance Manual and other guidance materials found at https://www.eeoc.gov/guidance, and the statutory and regulatory framework governing the EEOC.  See 42 U.S.C. §§ 2000e-5, 2000e-8; 29 C.F.R. §§ 1601 et seq.

**INTERROGATORY NO. 13**

Identify all legal or administrative proceedings (including, but not limited to, civil actions, criminal actions, and charges of discrimination) to which the Charging Parties, or any other injured party on behalf of whom you seek damages in this action, has been a party, including the case or matter name, the names of all parties involved, the docket and/or charge number, the court, administrative agency, or other forum in which the matter was/is pending, the subject matter involved, the resolution or outcome, and all documents that relate to each such case and/or administrative proceeding.

**RESPONSE TO INTERROGATORY NO. 13**

The EEOC objects that this request seeks irrelevant information that bears no relationship to the claims and defenses asserted in this case and is therefore not relevant nor proportional to the needs of the case. The EEOC also objects that the term "legal or administrative proceedings" is vague and ambiguous, and that the term and "injured party" is vague and ambiguous and reasonably interprets Defendant's request in good faith to refer to the Charging Parties and claimants identified by the EEOC in this case. The EEOC further objects the request is overbroad in scope and time because it seeks a catalog of information for each Charging Party and claimant's respective lifetime and seeks information outside the workplace—none of which bears on the claims or defenses in this case, and is therefore unduly burdensome, annoying, embarrassing, and oppressive, and infringes on privacy rights, including third party privacy rights.  The EEOC further objects to the extent this request seeks third party EEOC charge information in violation of privacy rights and Sections 706(b) and 709(e) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-5(b), 8(e), and the Privacy Act of 1974, 5 U.S.C. §552a.

1    Subject to and without waiving the foregoing objections, the EEOC responds to this Interrogatory

2    as follows: As discovery is ongoing, the EEOC reserves the right to supplement, amend and/or correct

3    this response.

4    **INTERROGATORY NO. 14**

5    Identify all documents referred to, identified by or in any way related to these

6    Interrogatories and your answers hereto, including all documents which you consulted or relied upon in

7    formulating your answers to these Interrogatories, whether or not specifically identified in your answers.

8    In so identifying these documents, state to which Interrogatory or Interrogatories each document relates.

9    **RESPONSE TO INTERROGATORY NO. 14**

10   The EEOC objects that this request seeks information protected by the attorney work product

11   doctrine—including to the extent it seeks the attorney work product of counsel who prepared these

12   responses—and, to the extent applicable, attorney client communication privilege and/or governmental

13   deliberative process privilege. The EEOC further objects that this request is duplicative and unduly

14   burdensome to the extent it asks the EEOC to individually catalog each document and the Interrogatory

15   or Interrogatories to which it relates and to "identify" documents already "identified by" the EEOC's

16   responses to these Interrogatories. Finally, the EEOC objects that the term "related to" is vague,

17   ambiguous, and overbroad in scope in that it purports to require Plaintiff to catalog all documents "in any

18   way related" to these Interrogatories and Plaintiff's responses.

19   Subject to and without waiving the foregoing objections, the EEOC responds to this Interrogatory

20   as follows: pursuant to Rule 33(d), the EEOC refers Defendant to Bates range EEOC0000001-

21   EEOC0003553, the administrative investigation files, which reflect the EEOC's investigative activities,

22   produced on March 13, 2023. All privileged/confidential documents and redacted information being

23   withheld from production under claims of privilege or statutory prohibition are identified in the EEOC's

24   Privilege Logs dated March 13, 2023 and April 7, 2023. As discovery is ongoing, the EEOC reserves the

25   right to supplement, amend and/or correct this response.

26

27

28

Dated:  April 7, 2023                    Respectfully Submitted,

                                         U.S. EQUAL EMPLOYMENT
                                         OPPORTUNITY COMMISSION


                                         By:   _/s/ Sophie Tarazi_____
                                                Sophie Tarazi
                                                EEOC Trial Attorney

## **<u>VERIFICATION</u>**

I, Sophie Tarazi, state the following:

1.   I am a trial attorney on the staff of the EEOC.

2.   Relying on information obtained from Claimants and documents related to this action, I prepared the EEOC's Objections and Responses to Defendant Select Staffing's First Set of Interrogatories.

3.   To the best of my knowledge, information, and belief, I certify that these answers are true and correct.


Executed on April 7, 2023 at San Diego, California.


<u>*/s/ Sophie Tarazi*</u>
Sophie Tarazi
EEOC Trial Attorney

PLAINTIFF EEOC'S RESPONSES TO DEFENDANT SELECT STAFFING'S
FIRST SET OF INTERROGATORIES

**<u>CERTIFICATE OF SERVICE</u>**

I am, and was at the time the herein mentioned delivery took place, a citizen of the United States, over the age of eighteen (18) years and not a party to the above-captioned case. I am employed in the Los Angeles District Office of the United States Equal Employment Opportunity Commission. My business address is Equal Employment Opportunity Commission, 555 W. Beech Street, Suite 504, San Diego, CA 92101. On the date that this declaration was executed, as shown below, I served the foregoing **PLAINTIFF EEOC'S RESPONSE AND OBJECTIONS TO DEFENDANT SELECT STAFFING'S FIRST SET OF INTERROGATORIES** by electronic mail addressed as follows:

Gerald Maatman, Esq.
gmaatman@duanemorris.com
Brittany Wunderlich, Esq.
bmwunderlich@duanemorris.com
Duane Morris, LLP
Attorneys for Defendant Real Time Staffing Services, LLC

Paul J. Bauer (paul@sw2law.com)
SAGASER, WATKINS & WIELAND, PC
Attorney for Defendant Sunshine Raisin Corp. dba National Raisin Co.

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 7, 2023 at San Diego, California.


Dated: April 7, 2023    Respectfully Submitted,
            U.S. EQUAL EMPLOYMENT
            OPPORTUNITY COMMISSION

            By: */s/ Connie Liem*
              Connie Liem
              EEOC Senior Trial Attorney