Anna Y. Park, SBN 164242
anna.park@eeoc.gov
Nakkisa Akhavan, SBN 286260
nakkisa.akhavan@eeoc.gov
Andrea E. Ringer, SBN 307315
andrea.ringer@eeoc.gov
Connie Liem, TX SBN 7911137
connie.liem@eeoc.gov
M. Aaron Neishlos, SBN 338942
maurice.neishlos@eeoc.gov
Sophie Tarazi, SBN 329721
sophia.tarazi@eeoc.gov
Natalie Nardecchia, SBN 246486
natalie.nardecchia@eeoc.gov
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone:  (213) 422-8396
Facsimile:  (213) 894-1301

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>SUNSHINE RAISIN CORPORATION dba National Raisin Company; REAL TIME STAFFING SERVICES, LLC dba Select Staffing; and DOES 1-10, inclusive,<br>Defendants. | Case No.: 1:21-cv-01424-JLT-HBK<br><br>**PLAINTIFF EEOC'S REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER**<br><br>Honorable Helena M. Barch-Kuchta<br>U.S. Magistrate Judge<br><br>Hearing Date: June 14, 2023<br>Time: 2:00 p.m. |

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*EEOC v. ABM Indus. Inc*.,
   261 F.R.D. 503 (E.D. Cal. 2009) ............................................................16

*EEOC v. ABM Industries, Inc*.,
   2010 WL 1006401 (E.D. Cal. March 5, 2010), 2010 WL 1006401 ...................................2, 16

*EEOC v. Albertson's LLC*,
   2007 WL 1299194 (D. Colo. May 1, 2007).................................................2

*EEOC v. American International Group, Incorporated*,
   1994 WL 376052 (S.D.N.Y., 1994)............................................................16

*EEOC v. Bloomberg, L.P.*,
   2010 WL 3260150 (S.D.N.Y. Aug. 4, 2010) .............................................4

*EEOC v. BMW Mfg. Co., LLC*,
   No. CV 7:13-1583-HMH, 2014 WL 12614419 (D.S.C. Dec. 9, 2014)............................4, 6

*EEOC v. Burlington No. & Santa Fe R.R.*,
   2008 WL 4845308 (W.D. Okla. June 23, 2008) ........................................2

*EEOC v. Cal Psychiatric Transitions, Inc.*,
   258 F.R.D. 391 (E.D. Cal. 2009) ..............................................................2

*EEOC v. Caterpillar, Inc.*,
   409 F.3d 831 (7th Cir. 2005) ....................................................................11

*EEOC v. Chipotle Mexican Grill, Inc.*,
   2019 WL 3811890 (N.D. Cal. Aug. 1, 2019) .................................8, 9, 14, 15

*EEOC v. CRST Van Expedited, Inc.*,
   2009 U.S. Dist. LEXIS 71396 (N.D. Iowa Aug. 13, 2009) ......................11

*EEOC v. Evans Fruit Co., Inc*.,
   CV-10-3033, 2012 U.S. Dist. LEXIS 17003 (E.D. Wash. Feb. 10, 2012) ...........................2

*EEOC v. Freeman*,
   No. CIV.A. RWT-09-2573, 2012 WL 3536752 (D. Md. Aug. 14, 2012) .................4

*EEOC v. HBE Corp*.,
   157 F.R.D. 465 (E.D. Mo. 1994) ...............................................................16

*EEOC v. Kaplan Higher Educ. Corp.*,
   No. 1:10 CV 2882, 2011 WL 2115878 (N.D. Ohio May 27, 2011) .........................................4

*EEOC v. KECO Indus. Inc.*,
   748 F.2d 1097 (6th Cir. 1984) .........................................................................................13

*EEOC v. McCormick & Schmick's Seafood Restaurants, Inc.*,
   2010 WL 2572809 (D. Md. June 22, 2010).....................................................................2, 7

*EEOC v. OhioHealth Corp.*,
   2014 WL 5323068 (S.D. Ohio Oct. 17, 2014)......................................................................6

*EEOC v. Peoplemark, Inc.*,
   2010 WL 748250 (W.D. Mich. Feb. 26, 2010)...................................................................14

*EEOC v. Pinal Cty.*,
   714 F. Supp. 2d 1073 (S.D. Cal. 2010)......................................................................2, 9, 17

*EEOC v. Pioneer Hotel, Inc.*,
   No. 2:11-CV-01588-LRH, 2014 WL 7653921 (D. Nev. Sept. 30, 2014) ..........................2, 11

*EEOC v. Presrite Corp.*,
   No. 11 CV 260, 2012 WL 4434055 (N.D. Ohio Sept. 24, 2012) .............................................7

*EEOC v. Sterling Jewelers*,
   801 F.3d 96 (2d Cir. 2015)........................................................................................9, 10

*EEOC v. Sterling Jewelers Inc.*,
   No. 08-CV-00706(A)(M), 2010 WL 2803017 (W.D.N.Y. July 15, 2010)...............................10

*EEOC v. Sun Cab Co.*,
   No. CV-S-03-1230-KJD-RJJ, 2004 WL 7089349 (D. Nev. June 15, 2004) ..........................2

*EEOC v. Swissport Fueling, Inc*,
   No. CV-10-2101-PHX-GMS, 2012 WL 1648416 (D. Ariz. May 10, 2012)..........................12

*EEOC v. Texas Roadhouse, Inc.*,
   No. 11-CV-11732-DJC, 2015 WL 13676686 (D. Mass. Apr. 3, 2015).................3, 4, 5, 6, 17

*EEOC v. Venator Group*,
   2000 U.S. Dist. LEXIS 12153 (S.D.N.Y. 2000).............................................................2, 16

*Arizona ex rel. Goddard v. Frito-Lay, Inc.*,
   273 F.R.D. 545 (D. Ariz. 2011) ...................................................................................12, 13

*Heckler v. Cmty. Health Servs. of Crawford Cnty., Inc.*,
   467 U.S. 51 (1984).......................................................................................................5, 6

*Jeziorski v. I.N.S.*,
    1993 WL 94714 (9th Cir. Apr. 1, 1993) ........................................................5

*Mach Mining, LLC v. EEOC*,
    575 U.S. 480, 135 S. Ct. 1645, 191 L. Ed. 2d 607 (2015)................................10, 11

*Nat'l Wildlife Fed'n v. U.S. Forest Serv.*,
    861 F.2d 1114 (9th Cir. 1988) ...................................................................15

*Novato Fire Prot. Dist. v. United States*,
    181 F.3d 1135 (9th Cir. 1999) .....................................................................6

*Plummer v. W. Int'l Hotels Co.*,
    656 F.2d 502 (9th Cir. 1981) ...................................................................1, 12

*US v. Ven-Fuel, Inc.*,
    758 F.2d 741 (1st Cir. 1985).......................................................................6

## **TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................................ 1

II.   ARGUMENT ...................................................................................................... 1

  A.   Courts Have Denied EEOC Depositions Entirely and this Court Should as Well. ............ 1

  B.   Testimony Sought by Categories 1-12, and 17-19 is Not Relevant.................................. 3

    1.   EEOC's Internal, Non-Public Policies, Procedures and Practices...................................... 3

    2. Select Improperly Seeks General Information About EEOC's Investigative Procedures .... 7

    3. Select's Attempt to Improperly Litigate the Investigation and Cause Finding ................... 8

    4.   The Cause Determination Does Not Open the Door to Litigating the Investigation........ 11

  C.   The Topics Seek Testimony that is Privileged. ................................................................ 13

    1.   Categories 1-12, 17 and 19 Invade the Government Deliberative Process Privilege ....... 13

    2.   Select's Request for a New Topic of Communications Should be Denied ...................... 15

  D.   Select Failed to Respond to any of the Specific Categories in terms of Burden. ............ 16

III.  CONCLUSION.................................................................................................... 17

## I.   INTRODUCTION

The Commission has demonstrated good cause for the issuance of a protective order barring Real Time Staffing Services, LLC d/b/a Select Staffing ("Select") from deposing the EEOC as to each of the 19 noticed topics. In its opposition, Select has misconstrued several legal authorities upon which it relies. As explained herein, contrary to Select's assertions, Select's requests regarding the EEOC's internal policies and procedures are decidedly not "well-grounded in precedent," nor are they relevant to any claim or defense. In addition, Select argues, erroneously, that it is entitled to litigate the EEOC's investigation, cause determination, and conciliation by relying on inapposite cases – such as where dismissal of a nationwide pattern or practice claim occurred because the investigation concerned only one facility, or where there was no investigation at all. Select also misstates the Ninth Circuit's decision in *Plummer v. W. Int'l Hotels Co*., 656 F.2d 502 (9th Cir. 1981) and its progeny, which did not (as Select contends) provide for unbridled discovery into an EEOC investigation. Select has also changed its position several times, including twice in its brief, as to whether it is or is not seeking the facts "on which the EEOC based its determination," a topic that is an impermissible area of inquiry regardless of Select's final position. Lastly, Select has inserted a new deposition topic in its opposition, seeking "discovery regarding communications and interactions prior to the establishment of an attorney-client relationship with the EEOC," but that is not what topic 14 (or any topic) states, and this new request should be denied. In sum, Select's opposition fails to respond or refute the EEOC's arguments as to any of the topics. Unlike the EEOC, which addressed each topic, Select made blanket general claims that are not tailored to the topics. For the reasons herein, EEOC's Motion for Protective Order to prevent the Fed. R. Civ. P. 30(b)(6) deposition of EEOC in its entirety, should be granted.

## II.   ARGUMENT

### A.   Courts Have Denied EEOC Depositions Entirely and this Court Should as Well.

While Select paints a picture that courts "routinely" permit the deposition of the

1

Commission by citing to nine (9) inapposite examples,[1] *see* ECF No. 49, fn.1, Select overlooks the Commission's citation to many examples where courts have barred EEOC depositions entirely, including where the testimony sought was not relevant and was like the testimony Select seeks.[2] For example, in *EEOC v. Cal Psychiatric Transitions, Inc.*, 258 F.R.D. 391 (E.D. Cal. 2009), the only published case to which Select cites, the Court acknowledged that "the EEOC's lawsuit is a trial de novo and EEOC's investigation is not subject to court review." As relevant here, the Court ultimately allowed the deposition of EEOC personnel for the limited purpose of "clarify[ing] ambiguities related to the factual aspects of the material" and determined that "conclusions, interpretations, or recommendations that the investigator formulated would be subject to the [government deliberative process] privilege." *Cal Psych. Trans., Inc.*, 258 F.R.D. at 397. Here, Select has not raised any issues as to ambiguities or unclear content of the investigative file.

 As such, it is simply not true for Select to argue that the EEOC must sit for deposition by virtue of being a party, no matter the topics. It is disingenuous to suggest that courts do not employ different considerations for the EEOC than where, for instance, the plaintiff is an

---

[1] The cases that Select cites for the proposition that depositions of the EEOC are "routinely" granted carry only persuasive authority and are less clear-cut than Select suggests. For example. in some of Select's cited cases, the court significantly limited the scope of the deposition of the EEOC. *See EEOC v. Albertson's LLC*, 2007 WL 1299194 (D. Colo. May 1, 2007); *EEOC v. Burlington No. & Santa Fe R.R.*, 2008 WL 4845308 (W.D. Okla. June 23, 2008). Others have been squarely rejected by courts addressing the same issue, as discussed later in this brief.

[2] *See EEOC v. Evans Fruit Co., Inc*., CV-10-3033, 2012 U.S. Dist. LEXIS 17003 (E.D. Wash. Feb. 10, 2012) (granting protective order and holding that "[t]he details of the EEOC's investigative and conciliation efforts are not essential to Defendant's understanding and defense of the Title VII claims"); *EEOC v. ABM Industries, Inc*., 2010 WL 1006401 (E.D. Cal. March 5, 2010), 2010 WL 1006401, * 4 (granting EEOC's motion for a protective order where defendant failed to demonstrate that deposing the EEOC District Director was reasonably calculated to lead to the discovery of admissible evidence); *EEOC v. Sun Cab Co*., No. CV-S-03-1230-KJD-RJJ, 2004 WL 7089349, at *1 (D. Nev. June 15, 2004) (barring deposition of three EEOC employees including the director); *EEOC v. McCormick & Schmick's Seafood Restaurants, Inc*., 2010 WL 2572809 at *5-6 (D. Md. June 22, 2010); *EEOC v. Pioneer Hotel, Inc*., No. 2:11-CV-01588-LRH, 2014 WL 7653921, at *7 (D. Nev. Sept. 30, 2014) (granting protective order to preclude deposition of EEOC employees); *EEOC v. Pinal Cty*., 714 F. Supp. 2d 1073, 1078 (S.D. Cal. 2010) (granting motion to quash deposition); *EEOC v. Venator Group*, 2000 U.S. Dist. LEXIS 12153 (S.D.N.Y. 2000) (prohibiting the deposition of an EEOC investigator on the grounds that defendant had not presented a reason why doing so was likely to lead to additional evidence that had not already been turned over and the deposition would be complicated by difficult objections regarding privilege).

individual worker who was involved in the underlying facts of a case or where a plaintiff seeks to take the Fed. R. Civ. P. 30(b)(6) deposition of a defendant corporation. The EEOC is not the same as private plaintiffs in this sense, as the EEOC is a government agency enforcing Title VII, not the aggrieved worker with percipient knowledge based on their involvement in the underlying facts giving rise to the dispute. Neither is the EEOC the same as a defendant corporation whose policies are directly at issue in employment discrimination cases. In this case, given the nature of each of the topics, the Commission has shown that a protective order is warranted and appropriate as to all of them.

**B.     Testimony Sought by Categories 1-12, and 17-19 is Not Relevant.**

The EEOC has not argued that every category lacks relevance, as Select insists. Rather, the Commission evaluated and addressed each topic separately on its own merit. These categories below seek irrelevant information and Select has failed to show otherwise.

1.     EEOC's Internal, Non-Public Policies, Procedures and Practices

Category number **18** seeks internal, non-public "[r]equirements, policies, practices, or procedures of Plaintiff relating to the investigation of sexual harassment complaints by employees of Plaintiff, excluding any privileged drafts or privileged communications regarding said requirements, policies, practices, and/or procedures."[3]

Contrary to Select's argument, its requests are not remotely "well-grounded in precedent," nor are they "strongly connected to the claims and defenses asserted in this case." (ECF No. 49, p. 15). *EEOC v. Texas Roadhouse, Inc.*, No. 11-CV-11732-DJC, 2015 WL 13676686, at *2 (D. Mass. Apr. 3, 2015) dispels these assertions. Much like Select, the employer in *Texas Roadhouse*, a hiring discrimination case, asserted that "'Courts around the country agree' that information about the EEOC's hiring practices is relevant," but – just as here – the Court acknowledged, "It appears that there are four such cases." *Id*. These four (4) cases, which

---

[3] As discussed in further detail below, Select conflates its request in Topic 18 for EEOC's internal policies, practices, and procedures as they relate to EEOC employees with its requests in Topics 7-9 and 17 for the policies, practices, and procedures the EEOC follows in carrying out its mandate to enforce federal civil rights laws across the country. To the extent the Court finds Select's arguments as to Topic 18 are relevant to Topics 7-9 and 17, the EEOC's arguments in this section apply to the other topics as well.

can reasonably be deemed outliers and cite only to each other, all entailed background or credit checks in hiring with the exception of *Bloomberg*, in which the court assumed the defendant was aware of the EEOC's internal policies regarding accommodations for pregnant employees and relied on them in determining whether its own policies were compliant with federal law. *EEOC v. Bloomberg, L.P.*, 2010 WL 3260150, at *3 (S.D.N.Y. Aug. 4, 2010); *EEOC v. Kaplan Higher Educ. Corp.*, No. 1:10 CV 2882, 2011 WL 2115878, at *1 (N.D. Ohio May 27, 2011); *EEOC v. Freeman*, No. CIV.A. RWT-09-2573, 2012 WL 3536752 (D. Md. Aug. 14, 2012); *EEOC v. BMW Mfg. Co., LLC*, No. CV 7:13-1583-HMH, 2014 WL 12614419, at *1 (D.S.C. Dec. 9, 2014). In other words, these four cases are inapposite.

Notably, in *Texas Roadhouse,* the court found that the reasoning of *Bloomberg*, *Kaplan*, *Freeman*, and *BMW* did *not* support the position that the EEOC's internal policies were relevant, nor did they support an estoppel defense because "none of the cases cite any law in support of its ruling" and "the court in *Bloomberg*, without citing any facts in the record, assumed that the defendant there relied on the EEOC's employment policies when establishing its own." 2015 WL 13676686, at *2-4. The *Texas Roadhouse* decision clearly and persuasively rejects reliance upon the insular *Freeman, Kaplan, and BMW,* and *Bloomberg* decisions, and also renders *Bloomberg* inapposite because of the underlying assumption that the defendant relied on the EEOC's internal policies. 2015 WL 13676686, at *4. This Court should employ the same logic as in *Texas Roadhouse*. Select has not argued or shown that it knew of, much less relied upon any of the sought after internal EEOC policies or practices in formulating its own policies regarding investigating or sexual harassment.

As another basis to deny the discovery as irrelevant, the court in *Texas Roadhouse* pointed out that *Kaplan*, *Freeman*, *and BMW* were all disparate impact cases, rather than disparate treatment, which required the defendants in those cases to prove that the practice in which they engaged had a business necessity – and they argued that the EEOC's policies were relevant to prove that element. 2015 WL 13676686, at *4. Here, as in *Texas Roadhouse*, the EEOC seeks to prove a disparate treatment theory of liability, and Select's cited four cases are therefore "inapposite" for this reason as well. *Id*. ("the defense of business necessity is not

present in this case and the discovery sought here cannot be justified on that ground").

Finally, the *Texas Courthouse* decision explains that "[o]ther courts have denied these types of requests from employers." *Id.* (citing and quoting *EEOC v. OhioHealth Corp.*, 2014 WL 5323068 (S.D. Ohio Oct. 17, 2014) ("the EEOC's own internal policies or practices as an employer are simply not relevant to this action"); *EEOC v. JBS USA, LLC*, 2012 WL 169981 (D. Neb. Jan. 19, 2012) ("This case does not involve questions of whether the EEOC failed to accommodate the religious practices of its employees."); *EEOC v. State of Illinois*, 1991 WL 259027 (N.D. Ill. Nov. 29, 1991) (government's age requirements for law enforcement officers not relevant to State's defense of its own age requirements)).

Next, Select cites to *Jeziorski v. I.N.S.*, 1993 WL 94714, at *1 (9th Cir. Apr. 1, 1993), an immigration case, in an effort to support its novel theory: that the EEOC's allegation that Select failed to take preventative and remedial measures to end known sexual harassment "necessarily raise questions about whether the EEOC applies the same preventative measures, how the EEOC investigates alleged harassment, and what 'prompt and effective remedial action' is required by EEOC policies, among other issues." (ECF No. 49, p. 16). This contention is nonsensical and unsupported in law. The EEOC's allegation against Select under Title VII does not in any way implicate the EEOC's internal policies. Select could point to the EEOC's *public* guidance, regulations, and interpretation of Title VII – and compare Select's efforts, if any, to end harassment – and those could be relevant in the legal analysis. Those are all publicly available. However, saying the EEOC's internal policies are relevant is akin to saying, in an individual private plaintiff's sexual harassment case, her lawyer's law firm's internal harassment policies are relevant; clearly, this is not the case. In fact, for the government, there is even greater protection for such discovery as explained below.

Estoppel is a general doctrine that may – in some case – bar a plaintiff from prosecuting a claim when the plaintiff is simultaneously engaging in nearly identical conduct. However, the legal standard is different for the government. *Heckler v. Cmty. Health Servs. of Crawford Cnty., Inc.*, 467 U.S. 51, 60 (1984). "When the Government is unable to enforce the law because the conduct of its agents has given rise to an estoppel, the interest of the citizenry as a whole in

obedience to the rule of law is undermined . . . . It is for this reason that it is well settled that the Government may not be estopped on the same terms as any other litigant." *Heckler*, 467 U.S. at 60. For Select to claim estoppel against the EEOC, it must have demonstrated "both that it detrimentally relied on the Government's conduct, and that it did so reasonably." *Novato Fire Prot. Dist. v. United States*, 181 F.3d 1135, 1140-41 (9th Cir. 1999) (citing *Heckler*, 467 U.S. at 59). In addition, Select must demonstrate "affirmative misconduct." *US v. Ven-Fuel, Inc.*, 758 F.2d 741 (1st Cir. 1985). The *Texas Roadhouse* court denied the estoppel argument, just like Select's, by reasoning:

> Defendants have made no showing that they relied on any policy of the EEOC in formulating their own. Nor have they alleged any "affirmative misconduct" on the part of the government. The Court does not find Defendants are entitled to any discovery on the basis of an estoppel defense.

2015 WL 13676686, at *5.

Here, there is likewise no indication that Select relied in any way on any of the EEOC's internal policies or procedures, much less that such hypothetical reliance was reasonable. Nor has Select suggested affirmative misconduct. Select has not argued or shown that it knew of the sought after internal EEOC policies or practices in formulating its own policies regarding investigating or sexual harassment. On the contrary, by seeking this discovery, Select is presumably not aware of EEOC's internal policies – or if it is, then that information is equally available to Select already. What matters is that the EEOC provides public guidance on sexual harassment on its website, and this guidance is the relevant standard against which Select's actions should be judged. Moreover, if it turned out (as happened in the *BMW* case) the EEOC's internal policy was more exacting than Select's policy, Select would likely oppose that the EEOC's internal practice is a binding interpretation of the law.

In sum, as set forth in the motion, the EEOC's internal policies have absolutely no bearing on whether or not Select violated Title VII. The class members in this case who were subjected to sexually abusive actions worked for Select – not the EEOC – and the EEOC's non-public, internal policies for sexual harassment and investigating are inapplicable to them. *OhioHealth*, 2014 WL 5323068, at *5 (EEOC's own internal policies or practices as an employer were irrelevant). Nor did Select rely on the EEOC's internal policies in formulating its own.

Furthermore, even if the information sought is relevant – and here, Select's requested discovery is decidedly *not* relevant to any claim or defense – that still would not mean it is discoverable; the information must also be *non-privileged*. These categories would necessarily trespass into the law-enforcement privilege and undermine the EEOC's ability to function as an effective law-enforcement agency, as discussed below, and as the Chair of the EEOC has attested to the Court.

2. Select Improperly Seeks General Information About EEOC's Investigative Procedures

Categories **7-9** and **17** seek general information about how the EEOC conducts its investigations, in general, including EEOC policies, procedures, practices, criteria, mandates, and requirements to: determine the scope of an investigation; determine aggrieved individuals; evaluate a company's anti-harassment policies; determine monetary relief; and investigate discrimination/retaliation resulting from sexual harassment. Select has not limited these categories to only the EEOC's investigation of the charges in this case; rather, Select seeks testimony about how the EEOC investigates generally. Further, none of the cases cited by Select support its argument that the information is relevant.[4]

Select suggests the information it seeks in Topic 18 regarding investigation of complaints of harassment by EEOC employees, discussed above, is similar to the general information it seeks in Categories 7-9 and 17, as it advances the same legal arguments in support of all of those Topics. Select is wrong. How the EEOC carries out its mandate by investigating employers around the country is entirely distinct from how it operates as an employer, and its role as an employer is not at issue in this case. Select's conflation of these two categories of information appears to be a deliberate attempt to confuse the issues, waste time, and pursue irrelevant information – and to improperly seek EEOC's *interpretation* of the facts of this case. *See EEOC v. McCormick and Schmick*, 2010 WL 2572809 (D. Md. 2010).

---

[4] In *EEOC v. Presrite Corp.*, No. 11 CV 260, 2012 WL 4434055, at *13 (N.D. Ohio Sept. 24, 2012), which Select heavily relies on, the defendant sought to question the EEOC about its employees' compensation awards and the court found the defendant "articulated a basis for this inquiry," namely that the investigator may have been impacted by financial incentive. Though the EEOC disputes this reasoning, Select has not asked for such information or made such a claim. Select says it seeks internal policies to probe the "appropriateness of the EEOC's investigation," but the "appropriateness" of EEOC's investigation is not subject to review.

To the extent Select seeks information about how the EEOC investigates its cases, significant information is publicly available, and Select has not informed the EEOC what information it seeks that is not already available to it, and non-public information involving conclusions, interpretations, or recommendations about how the EEOC should investigate is subject to, *inter alia*, the governmental deliberative process privilege, as asserted in EEOC Chair Burrows' declaration in support of the EEOC's motion. While Select's wording of these requests purports to exclude privileged information, the reality – which the EEOC has repeatedly explained to Select – is that the only non-public information that could be obtained in deposition on these topics would necessarily be privileged. Select says it "seeks factual information concerning EEOC policies in Topics 7-9 and 17-18." The EEOC cannot ascertain what non-privileged, "factual information" Select could seek pursuant to these topics that would be relevant and discoverable in this case.

### 3. Select's Attempt to Improperly Litigate the Investigation and Cause Finding

The Commission also argues that categories **1-6, 10-12,** and **19** seek irrelevant information because – by Select's counsel's own assertions[5] – this information regards Defendant's sixth affirmative defense, that the EEOC's claims are "beyond the scope" of the investigation and/or cause finding.

Despite Select's urging, *EEOC v. Chipotle Mexican Grill, Inc*., 2019 WL 3811890, (N.D. Cal. Aug. 1, 2019) and similar cases are entirely on point because, just as in that case, Select hopes here to probe the "[f]acts and evidence on which the EEOC based its determination," an impermissible area of inquiry. Counsel for Select expressly stated in a meet and confer and reiterated in an email the position that categories 1-6, 10-12, and 19 were relevant to Select's affirmative defense that the EEOC's claims are "beyond the scope" of the charge or investigation. *See* ECF No. 48-4 (Tsonis email dated April 24, 2023) ("Defendant identified one affirmative defense as an exemplar basis for why the information sought by multiple noticed Topics would be relevant."). Though couched as an "exemplar," the fact remains that this is the

---

[5] In its Opposition, the only deposition topic Select specifically identifies as relevant to the scope of the EEOC's investigation is Topic 18, regarding EEOC's policies as an employer – which on its face does not relate to the investigation in this case.

only argument Select advanced for why these categories were relevant in the case. *See id.*

Select cannot have it both ways. Select first said the testimony was necessary and relevant for the sixth affirmative defense – but now Select reversed and states that it has no intention of probing this sixth affirmative defense by arguing *inter alia* that the topics at issue *do not* seek factual information regarding the determination letters but only the claims in the Complaint. (ECF No. 49, pp. 13-14).[6] Select failed to address this contradiction in any way. Select should be bound by its representation to the Court that it does not seek any "facts on which [the EEOC] based its determination of reasonable cause," which Select previously stated would bear on its sixth affirmative defense that the Commission's claims are beyond the scope of the investigation and/or determination. (ECF No. 49, p. 13). This Court should prohibit Select from deposing the EEOC as to the steps it took in its investigation, the adequacy or nature of the investigation, the bases for the cause determination, or conciliation, as those topics are not discoverable under the authorities provided by the Commission.

Furthermore, facts relating to the Commission's claims have been provided and are equally available to Select in litigation, as explained in the motion. Courts *have* barred EEOC depositions in such circumstances – including where, as here, the investigative file has been produced and is the best source of the information sought. *See, e.g., EEOC v. Pinal Cty.*, 714 F. Supp. 2d 1073, 1078 (S.D. Cal. 2010) (granting motion to quash because investigative file is "likely the best source of . . . information"). Production of the investigative file can be, and has been found to be, sufficient to preclude the deposition of the EEOC entirely.

Because the EEOC conducted *an* investigation, under the many legal authorities cited by the EEOC in its motion, the review stops there; Select does not have free reign to explore the EEOC's investigation by alleging that the claims are "beyond the scope." *See, e.g, EEOC v. Sterling Jewelers*, 801 F.3d 96, 101 (2d Cir. 2015) ("[C]ourts may not review the sufficiency of an investigation – only whether an investigation occurred"). Significantly, in 2015, the Second Circuit took up this very issue in the same case cited by Select: *Sterling Jewelers. See id.* The

---

[6] Select later, in the same brief, cites a case for the position that it is entitled to the "*facts on which the EEOC based its cause determinations*" – which completely contradicts its assertion yet again. *See* ECF No. 49, pp. 23-24. Select clearly seeks this privileged, irrelevant information.

*Sterling* court stated that, like *Mach Mining* regarding conciliation, "judicial review of an EEOC investigation is similarly limited: The sole question for judicial review is whether the EEOC conducted an investigation." 801 F.3d at 101. The Commission is not required to "describe in detail every step it took or the evidence it uncovered"; rather, "an affidavit from the EEOC, stating that it performed its investigative obligations and outlining the steps taken to investigate the charges, will usually suffice." *Id*. The rationale is that review of EEOC investigations would needlessly divert and turn "every Title VII suit a two-step action," where "the parties would litigate the question of whether EEOC had a reasonable basis for its initial finding, and only then would the parties proceed to litigate the merits of the action." *Id*. (citations omitted).

Select cites to the lower court decision in *EEOC v. Sterling Jewelers Inc*., No. 08-CV-00706(A)(M), 2010 WL 2803017, at *3 (W.D.N.Y. July 15, 2010), but disregards the subsequent procedural history favorable to the EEOC, as well as the fact that the lower court decision provides no discussion or rationale. The only insight in the trial court decision in *Sterling*, is from the citation to *EEOC v. Jillian's of Indianapolis*, 279 F.Supp.2d 974, 979 (S.D. Ind. 2003) ("in *Jillians of Indianapolis*, the EEOC sought to prosecute a nationwide class, but the court dismissed these claims and limited the suit to Jillian's Indianapolis facility, which was the only facility investigated by the EEOC."). 2010 WL 2803017, at *3. The rationale in *Jillian's* is very distinct from the case at bar because here there is no dispute that there was an investigation, and that the investigation included the facility at issue. Select has not alleged that the EEOC is improperly asserting a nationwide pattern or practice claim legal claim, *i.e.,* that the EEOC has brought claims regarding Select's operations nationwide instead of the facilities investigated in this case. By contrast, in *Jillians*, the trial court granted summary judgment with respect to the EEOC's nationwide pattern or practice claim based on its finding that the investigation "was conducted entirely with respect to Jillian's Indianapolis," and the "unchallenged statements" that the EEOC did not investigate any Jillian's facility other than Indianapolis. 279 F. Supp. 2d at 980–81.

Based on these differing circumstances, the 2010 *Sterling* decision and *Jillian's* are not applicable. Select's applicable defense is that the claims "are barred because they are beyond the

scope of any administrative charge or the EEOC's investigation thereof, were not subject to administrative, investigation, or conciliation processes, and/or were not included in any investigation and/or determination by the EEOC." (ECF No. 12, p. 17). This is not the same sort of issue or allegation as in *Jillian's* or any of the cases Select cited – namely, that the EEOC did not conduct *any* investigation including into the nationwide facilities in a pattern or practice case. *See also EEOC v. CRST Van Expedited, Inc*., 2009 U.S. Dist. LEXIS 71396, *51, 63 (N.D. Iowa Aug. 13, 2009) ("the EEOC did not conduct *any* investigation" as to the claims) (emphasis added). Here, "there is no basis for an assertion that the EEOC did not conduct any investigation." *EEOC v. Pioneer Hotel, Inc*., No. 2:11-CV-01588-LRH, 2014 WL 7653921, at *7 (D. Nev. Sept. 30, 2014). In fact, the EEOC has produced the entire investigative files for all charges, comprised of over 3,500 pages, which clearly indicates it did conduct an investigation. As such, Select's effort to examine the EEOC's investigation, determination, and conciliation should be precluded. *See id.*

Select similarly misapplies *Mach Mining* to suggest that judicial review into conciliation is much broader than it is. Select, like the employer in Mach Mining, "would have a court do a deep dive into the conciliation process," which the Supreme Court rejected outright. *Mach Mining, LLC v. EEOC*, 575 U.S. 480, 490, 135 S. Ct. 1645, 1653, 191 L. Ed. 2d 607 (2015). "A sworn affidavit from the EEOC stating that it has performed the obligations noted above but that its efforts have failed will usually suffice to show that it has met the conciliation requirement." *Id*. at 494-95. Judicial review in this sense "is narrow, reflecting the abundant discretion the law gives the EEOC to decide the kind and extent of discussions appropriate in a given case…. [C]ourts may not impinge on that latitude and on the Commission's concomitant responsibility to eliminate unlawful workplace discrimination." *Id*.

4.    The Cause Determination Does Not Open the Door to Litigating the Investigation

Select argues that "where the EEOC reserves the right to introduce its reasonable cause determination into evidence, a defendant is entitled to discovery on the adequacy of the EEOC's investigation." Select significantly oversells its position as the legal authorities it relies upon.

First, the EEOC's determination is not subject to judicial review. *See, e.g. EEOC v.*

*Caterpillar, Inc.*, 409 F.3d 831, 833 (7th Cir. 2005). The EEOC's reasonable cause finding serves only as a notice to the employer of the EEOC's finding. As such, the EEOC does not use its reasonable cause determination as substantive evidence for any claim or to show liability. Rather, the EEOC only identifies the letter of determination, if necessary, in order to show that conditions precedent to suit were met. This is a critical point as this case is very different than in the Ninth Circuit case Select relies upon – *Plummer v. W. Int'l Hotels Co*., 656 F.2d 502, 504 (9th Cir. 1981) and progeny – where a private plaintiff, Plummer, "sought admission of the EEOC reasonable cause determination *as evidence of discrimination*." (Emphasis added). "An EEOC determination, prepared by professional investigators on behalf of an impartial agency, has been held to be a highly probative evaluation of an individual's discrimination complaint." *Id*. at 505. The EEOC, unlike a private litigant, does not use the reasonable cause determination for this reason in a trial *de novo*, clearly distinguishing this case and Select's rationale.

To the extent that the court in *EEOC v. Swissport Fueling, Inc*, No. CV-10-2101-PHX-GMS, 2012 WL 1648416, at *13 (D. Ariz. May 10, 2012) characterized the *Plummer* decision as the Ninth Circuit "provid[ing] for inquiry into the adequacy of EEOC investigations," this is incompatible with the facts and rationale in the *Plummer* decision itself. *Swissport* quoted to footnote 9 in *Plummer*, which said, because a private plaintiff "should not be deprived of what may be persuasive evidence" of discrimination, *i.e.*, the EEOC's cause finding, the defendant "is free to present evidence refuting the findings of the EEOC and may point out deficiencies in the EEOC determination on remand." *Plummer*, 656 F.2d at 505. This limited and fact specific ruling by the Ninth Circuit regarding a private plaintiff's ability to introduce the EEOC's cause finding as evidence of discrimination, and a defendant's ability to respond, did not by any stretch constitute the Ninth Circuit's explicit or implicit approval for defendants – in Title VII proceedings by the EEOC – to litigate the nature or adequacy of EEOC investigations (and particularly where the EEOC will not introduce a cause finding as evidence of discrimination).

Another case cited by Select reiterates this point. (*See* ECF No. 49, p. 15 (citing *Arizona ex rel. Goddard v. Frito-Lay, Inc*., 273 F.R.D. 545, 552 (D. Ariz. 2011)). In *Goddard*, the court

1  noted that *EEOC v. KECO Indus. Inc.*, 748 F.2d 1097, 1100 (6th Cir. 1984)[7] was *not* a "case in

2  which the EEOC attempted to introduce its reasonable cause determination for purposes of

3  establishing [] liability" against the defendant – just as in this case. "When the reasonable cause

4  determination is not at issue, discovery into its adequacy is not relevant in most cases." 273

5  F.R.D. at 552. In *Goddard*, the court found that "the adequacy of [plaintiff civil rights agency's]

6  reasonable cause determination is a relevant question on which discovery is appropriate"

7  because, unlike in this case, "Plaintiffs reserve the right to place before the jury *the conclusions*

8  *contained in the reasonable cause determination*." *Id.* (emphasis added) (citing *Plummer*, 656

9  F.2d at 505). Here, as in *Keco*, the Commission is not going to introduce its cause determination

10 for purposes of liability against Select, nor will the EEOC attempt to place the cause

11 determination conclusions before the jury. As such, discovery into the cause determination is

12 "not relevant." *Goddard*, 273 F.R.D. at 552.

13          Furthermore, the abundant case law provided by the Commission evidence that

14 Defendants cannot litigate the sufficiency of the investigation; only inquire as to whether an

15 investigation occurred. Select states that it is "not largely aware of the EEOC's investigation of

16 National Raisin." (ECF No. 49, pp. 14-15). This does not matter. It is beyond dispute that the

17 Commission investigated Select, issued cause determinations regarding Select, and engaged in

18 conciliation with Select.

19 **C.     The Topics Seek Testimony that is Privileged.**

20          1.      Categories 1-12, 17 and 19 Invade the Government Deliberative Process Privilege

21          In support of its position that categories **1-12**, **17**, and **19** seek information protected by

22 the governmental deliberative process privilege, the Chair of the EEOC has attested, upon

23 review, that each of these above categories "seek pre-decisional analyses, advice,

24 recommendations, and conclusions of Commission employees." *See* ECF No. 48-5 (Declaration

25 of EEOC Chair Charlotte A. Burrows ("Chair Burrows Decl."), ¶ 3). Chair Burrows further

26 attested that "disclosure to individuals outside the Commission of testimony regarding the

27

28 ───────────────
[7] In *Keco* the Sixth Circuit held that "the nature and extent of an EEOC investigation into a discrimination claim is a matter within the discretion of that agency." 748 F.2d at 1100.

information and documents requested" in these categories "would inhibit the free expression of opinions by Commission employees, thereby materially impairing the Commission's ability to enforce the statutes within its authority." Chair Burrows Decl., ¶ 4.

These are significant considerations for the agency as a whole. Even if there was any marginal probative value in any of these topics, which the EEOC disputes, the importance of protecting the governmental deliberative process privilege outweighs any *de minimis* relevancy Select could show. Subjecting the EEOC to deposition on these topics (the EEOC's internal policies, procedures, practices, mandates, and criteria; the EEOC's methods and strategies in conducting its investigation and litigation; the bases of the EEOC's reasonable cause findings on the charges; and the reasons for the EEOC's decisions to find cause, end conciliation, and file suit) would be harassing as the information sought is irrelevant and privileged; these requests are an improper tactic on Select's part, particularly in light of Select's ever shifting rationale. The Commission has shown good cause and it would be a waste of public resources to require to the EEOC to sit for deposition and then object as to each of these questions.

Defendants claim they seek "factual matters," but under the analysis above and in the motion, disclosure of those facts *is privileged*. Select cites to *EEOC v. Peoplemark, Inc*., 2010 WL 748250, at *2 (W.D. Mich. Feb. 26, 2010) for its argument that the "facts on which the EEOC based its cause determinations, and documents or testimony on which the EEOC based its findings of fact are 'not shielded by the deliberative process privilege because the privilege does not protect purely factual or objective material.'" This lays bare what Select hopes to achieve with these topics: to inquire into the *factual bases of the Commission's cause determination* – not the facts of the case. The point is that this topic is both irrelevant *and* privileged under the authorities cited by the Commission, and both reasons render this information non-discoverable. Select claims that *Chipotle* and other such cases are not on point, but they are, again, directly on point – and state that this precise information is privileged and protected from disclosure:

> By disclosing the facts on which it based its conclusions, EEOC would be required to provide Defendants unwarranted insight into how those facts played into the EEOC's decisionmaking process.

2019 WL 3811890, at *3 ("the Court finds that *the deliberative process privilege protects EEOC from responding to Topics 10–14*," which regarded the determinative facts and evidence supporting the EEOC's findings) (emphasis added); *see also Nat'l Wildlife Fed'n v. U.S. Forest Serv.*, 861 F.2d 1114, 1118-19 (9th Cir. 1988) ("[E]ven if the content of a document is factual, if disclosure of the document would expose the decision-making process itself to public scrutiny by revealing the agency's evaluation and analysis of the multitudinous facts, the document would nonetheless be exempt from disclosure.").

Select cites to cases where different information was not deemed privileged in a particular case, and while Select may be correct that privilege alone "does not bar the EEOC's deposition" as a general principle, with regard to categories 1-12, 17, and 19 – which each seek pre-decisional analyses, advice, recommendations, and conclusions of Commission employees, *see* Chair Burrows Decl. ¶ 3 – the Court should prohibit deposition on these privileged topics.

2.     Select's Request for a New Topic of Communications Should be Denied

With regard to category **14** and the attorney-client privilege and work product doctrine, Select now argues that: (1) the names of the persons the EEOC represents are not privileged; and (2) communications prior to the establishment of an attorney-client relationship are discoverable. First, the EEOC has identified the individuals whose interests it represents in this case at this time; the Commission's communications with them are privileged and Select does not appear to argue otherwise.

Second, with regard to Select's assertions regarding communications "prior to the establishment" of attorney-client relationship, this is not what topic 14 states. Rather, category 14 seeks the identity of Select employees that the EEOC represents and the "basis for Plaintiff's claim of representation." (ECF No. 48-2). The topic did not include any communications or interactions Select argues for now and the EEOC objects to such a new request on the grounds that *inter alia*: Select failed to comply with Rule 26 by failing to propound such a discovery request; the attorney-client privilege; the work product doctrine; and the request is vague and ambiguous. Select's effort to tack-on new information that was not included in the deposition notice or ever mentioned during conferral is harassing, vexatious, and a waste of resources.

Select apparently now seeks "discovery regarding communications and interactions prior to the establishment of an attorney-client relationship with the EEOC," but that is not what topic 14 (or any other topic) states. (ECF No. 49, p. 25). Even if the Court were to consider Select's newly added topic – which it should not because it was not included in the deposition notice at issue and the EEOC had no chance to review or respond thereto – the Court should still deny this category. Select cited to *EEOC v. ABM Indus. Inc*., 261 F.R.D. 503, 505 (E.D. Cal. 2009) in support, but in that case, the employer ABM moved to compel production of documents, not Rule 30(b)(6) deposition testimony. The *ABM* court compelled production of the cover letters questionnaires sent to current and former ABM janitorial employees by the EEOC, as well as any responses thereto, except for those responses made by individuals with whom the EEOC formed an attorney-client relationship. *Id*. at 512. Select's new "request" for discovery in its opposition brief is not seeking documents, but testimony; and it is unclear if Select seeks communications with individuals with whom the EEOC has an attorney-client relationship or not. This is not the proper procedure for Select to raise a new discovery request for information that invades on the attorney-client relationship. Select failed to offer any argument or authority for seeking the "basis" of the EEOC's claim of representation.

**D.   Select Failed to Respond to any of the Specific Categories in terms of Burden.**

Select ignores the case law cited by the Commission where courts have denied depositions of the EEOC where, as here, the Commission produced its investigative file. *See EEOC v. HBE Corp*., 157 F.R.D. 465, 466-67 (E.D. Mo. 1994) (granting the EEOC's motion for protective order on Rule 30(b)(6) witness where the EEOC "fully complied with all of the defendant's discovery requests, including turning over its complete investigative file and identifying all witnesses . . ."); *EEOC v. Venator Group*, 2000 U.S. Dist. LEXIS 12153 (S.D.N.Y. 2000) (prohibiting the deposition of an EEOC investigator on the grounds that defendant had not presented a reason why doing so was likely to lead to additional evidence that had not already been turned over and the deposition would be complicated by difficult objections regarding privilege); *see also EEOC v. American International Group, Incorporated*, 1994 WL 376052, at * 3 (S.D.N.Y., 1994) ("The defendants have the file…. They know what facts are in

the file and which facts they consider relevant on the defenses."). Indeed, the file is the "best" source of evidence. *Pinal Cty.*, 714 F. Supp. 2d at 1078.

Select argues generally that it is entitled to depose the EEOC as a method of discovery but does not address any of the topics or what a deposition could lead to beyond the file. For instance, in category number **13**, Defendant seeks testimony on the EEOC's witness list, but Select has failed to identify any discovery that could be gleaned beyond the EEOC's disclosures (with a witness list) and the EEOC's file, which has names within it as well. There is no additional information requiring a deposition on this topic. The same goes for the list of claimants in response to topic **14**, which the EEOC has provided. Again, there is no testimony that could be offered beyond reading this list of names. Likewise, for category numbers **15-16**, the EEOC has provided its disclosures and the non-privileged portions of the file; no further facts would be provided by any EEOC employee. Given there is no additional discovery that could be gleaned by Select, it is unduly burdensome, harassing, and a waste of resources for the EEOC to sit for deposition – just because Select argues the Commission should as a principle. Moreover, not only does Select have this information already, but the information can again be provided by a written response or verification. *See Texas Roadhouse*, 2014 WL 4471521 at *8-10.

Finally, Select argues that in its "interrogatory responses, the EEOC refused to identify key facts underlying Plaintiff's investigation, and merely repeatedly (and inappropriately) pointed to its entire 3,553-page production." (ECF No. 49, p. 26). Select has not conferred with the EEOC on this claim. In any event, the interrogatory responses contained significant information about the facts of the case, and all of the facts – key and otherwise – are contained within the file and document production. Once more, for the EEOC to "identify key facts *underlying [the] investigation*" is different – and Select is not entitled to litigate the sufficiency or nature of the EEOC's investigation or cause determination.

## III.    CONCLUSION

For the foregoing reasons, the Commission requests that the Court enter a protective order that the deposition of Plaintiff EEOC is barred as to all of the 19 categories.

Dated:  May 25, 2023

Respectfully Submitted,

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

By:      */s/Natalie Nardecchia*
         Natalie Nardecchia
         EEOC Trial Attorney

         */s/Sophie Tarazi*
         Sophie Tarazi
         EEOC Trial Attorney