Anna Y. Park, SBN 164242
anna.park@eeoc.gov
Nakkisa Akhavan, SBN 286260
nakkisa.akhavan@eeoc.gov
Andrea E. Ringer, SBN 307315
andrea.ringer@eeoc.gov
Connie Liem, TX SBN 7911137
connie.Liem@eeoc.gov
M. Aaron Neishlos, SBN 338942
maurice.neishlos@eeoc.gov
Sophie Tarazi, SBN 329721
sophia.tarazi@eeoc.gov
Natalie Nardecchia, SBN 246486
natalie.nardecchia@eeoc.gov
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone:  (213) 422-8396
Facsimile:  (213) 894-1301

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br><br>  v.<br><br>SUNSHINE RAISIN CORPORATION dba National Raisin Company; REAL TIME STAFFING SERVICES, LLC dba Select Staffing; and DOES 1-10, inclusive,<br>    Defendants. | Case No.: 1:21-cv-01424-JLT-HBK<br><br>**PLAINTIFF EEOC'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S REPLY TO MOTION FOR PROTECTIVE ORDER; REQUEST FOR LEAVE TO FILE COMPLIANT BRIEF OR BELATED LEAVE TO EXCEED PAGE LIMITATION**<br><br>Honorable Helena M. Barch-Kuchta<br>U.S. Magistrate Judge<br><br>Hearing Date: June 14, 2023<br>Time: 2:00 p.m. |

## I.   INTRODUCTION

The EEOC mistakenly filed a seventeen (17) page reply to Defendant Select Staffing's opposition to the EEOC's motion for protective order and sincerely apologizes to the Court for inadvertently exceeding the ten (10) page limit set forth in the Court's Case Management and Scheduling Order. The EEOC recognizes the heavy docket and case load the Court must manage and will be more vigilant to abide by all limitations in the future. Despite Select's inflammatory remarks and assumptions of nefarious intent on the EEOC's part, the fact is that this was simply an unjustified error, and one the EEOC will not make again.[1]

In this case, the length of the reply brief at issue was necessitated by multiple arguments and citations by Select to case law that did not apply to the case at bar (or the particular deposition topics) or which supported the EEOC, and to which the Commission had to devote considerable space responding. These are important legal arguments impacting the Commission as a whole, and the arguments set forth in the reply brief will undoubtedly impact the integrity of the Court's decision on the motion for a protective order by analyzing the case law at bar. If these legal arguments were not brought to the Court's attention in full light, as Select requests them to be hidden in its motion to strike, the Commission is very concerned that the integrity of this judicial review would be impaired and the EEOC would be deprived the opportunity to address and explain why Select misconstrued several key legal authorities, thereby harming the Commission and public interest.

The EEOC struggles to see the prejudice to Select in this situation. Select was allocated twenty-five (25) pages for its opposition and utilized only 20 pages. (ECF No. 49). It does not make sense for Select to argue that, since the EEOC exceeded the page limit in its reply, Select would have submitted 5 more pages worth of arguments or citations in its opposition; Select could have easily done so regardless. That is a significant amount of pages that Select did not use, and Select should not blame the EEOC for this decision. In the interest of justice and the

---

[1] The Commission consulted the Eastern District Local Rules and Standing Order, but inadvertently overlooked the Case Management and Scheduling Order as the pertinent authority regarding page limitations. There is no justification. The EEOC will be accountable and will not make this mistake in the future.

PLAINTIFF'S MEMORANDUM OF POINTS & AUTHORITIES

public interest, the arguments set forth in the reply brief should in some way be a part of the record and the Commission asks that the Court deny Select's motion to strike.

To that point, as the Court well knows, the Order states that briefs exceeding the page limitation without leave of Court "*may* be stricken or not considered." (ECF No. 26, p. 4)(emphasis added). This is not required. Under the above circumstances of inadvertence and importance of the legal arguments at stake, the Commission respectfully requests that the Court, in its inherent discretion, provide one of the following remedies: (1) permit the EEOC to file a compliant, ten (10) page reply brief and withdraw the current reply filing at ECF No. 50 by June 2, 2023; or, in the alternative (2) grant the EEOC's belated request for leave of Court to file a seventeen (17) page reply brief. Although, as argued below, the EEOC does not believe Defendant has faced any prejudice, nor would it face prejudice if the Court granted one of the EEOC's preferred remedies, the EEOC recognizes its error and if the Court wishes to allow Select an opportunity for a surreply under this circumstance, the EEOC will not object. The Commission respectfully requests oral argument as an alternative to these remedies, so that the Commission can orally address for the record the important legal principles at stake for the Court's consideration.

Finally, in order to remedy the situation, the EEOC told Select that as a compromise for being allowed to belatedly seek leave of Court to allow EEOC additional pages, it would include allowing Select to file a surreply of 7-10 pages in its request to the Court but rather than working with the EEOC to file a joint request that would resolve both parties' issues, it filed its motion to strike seeking the same remedy. As such, Select's filing was unnecessary and a waste of the parties' and the Court's resources.

## II.    ARGUMENT

### A.  The Court Has Discretion in Whether to Strike a Non-Compliant Submission

Under the Court's inherent authority, briefs exceeding the page limitation without leave of Court "may be stricken or not considered." (ECF No. 26, p. 4). Many courts have refused to strike submissions that did not comply with page limitations such as the situation here. *F.T.C. v. Ivy Cap., Inc.*, No. 2:11-CV-283 JCM GWF, 2012 WL 4482796, at *2 (D. Nev. Sept. 27, 2012)

(reversing order striking a motion that exceeded the page limitation and finding "excusable neglect existed" given the "overall importance" of the motion at issue – there, a temporary restraining order, and the "valid reasons"); *Giulio v. BV CenterCal, LLC*, 815 F. Supp. 2d 1162, 1168 (D. Or. 2011) (denying request to strike a submission that was 6.5 pages in length where the limitation was 5 pages and the filing party did not seek leave of court in advance); *Dunmore v. Dunmore*, No. CIV. S-11-2867 MCE, 2012 WL 2857666, at *3 (E.D. Cal. July 11, 2012) ("striking the complaint is far in excess of a reasonable sanction for filing a complaint that exceeds the page limit by one page"); *Entsminger v. Aranas*, No. 316CV00555MMDWGC, 2020 WL 4904626, at *2 (D. Nev. Aug. 20, 2020) ("In the future, Defendants should endeavor to comply with the page requirements, and if necessary, file a motion to exceed the page limits before the motion is due…. Given that the brief minimally exceeds the page limits, the court will exercise its discretion and allow the brief as filed, and will not require a table of contents."); *Celtic Int'l, LLC v. BNSF Ry. Co.*, No. 2:14-CV-02158-TLN-DB, 2017 WL 714379, at *2 (E.D. Cal. Feb. 23, 2017) (denying motion to strike over-length reply briefing as inappropriate); *Sunlight Solutions, LLC v. Birnbaum*, No. 06CV638A, 2008 WL 508459, at *1–2, 2008 U.S. Dist. LEXIS 13037, at *2–3 (W.D.N.Y. Feb. 21, 2008) (denying defendants' motion to strike plaintiff's response to defendants' motion to dismiss, even where plaintiff did not request or obtain permission to exceed the page and font limitations set by the local rules); *Kendall v. Fisse*, No. 00 CV 5154SJ, 2004 WL 1196811, at *1 (E.D.N.Y. May 25, 2004), aff'd, 149 F. App'x 19 (2d Cir. 2005) (plaintiff filed an untimely 40 page brief, exceeding the 15 page limitation, and the court ruled that this "does not justify this Court striking the brief in its entirety") (citing *Abu–Nassar v. Elders Furniture, Inc., et al*, No. 88 CIV 7906, 1994 WL 445638, at *5 (S.D.N.Y. Aug. 17, 1994)); *Arya Risk Mgmt. Sys., Pvt. Ltd. v. Dufossat Cap. Puerto Rico, LLC*, No. CV H-16-3595, 2022 WL 1644530, at *4 (S.D. Tex. May 24, 2022) (finding that "striking [brief exceeding the page limit by 7 pages] would neither serve the interests of justice nor expedite the resolution of this action" and denying motion to strike, finding no prejudice where the responding party be permitted leave to exceed page limitation also).

Here, this is the Commission's first failure to comply with page limitations in the case and this will not happen again. The Commission had valid reasons for filing a 17-page reply brief as set forth above, but did not have any nefarious intent in inadvertently filing an overlong brief. The EEOC would not take the risk of knowingly flouting a set rule that could result in additional unnecessary motion practice and its entire brief getting stricken and struggles to see what advantage being in this position now gives the EEOC. Plainly, the EEOC did not intend or believe it was exceeding the page limitation under the Local Rules until defense counsel pointed this error out on May 31, 2023, at which point the EEOC apprised the Court to attempt to rectify its error.

**B. Select Staffing Has Not Been Prejudiced and Will Suffer No Prejudice with the Requests by The Commission**

As noted above, Select's argument regarding prejudice and the EEOC's advantage is not well taken. *See* ECF No. 51, p. 6 ("If not for the page limitations, Select likewise would have included additional arguments, case authorities, and explanations in its Response."). Select opted to file a 20-page opposition instead of a 25-page opposition and should not try to blame this decision on the EEOC. There is no causal connection between Select's decision to forgo 5 pages of briefing in its opposition, before the Commission filed its reply brief, and the Commission's error in later filing an oversized reply brief. Select also, though, seems to appreciate the severe sanction of striking an entire filing in requesting that only the excessive pages 11-17 of the EEOC's reply brief be disregarded. *See id*. This would certainly be a preferable remedy to the Commission over Select's other request to strike the reply brief altogether and courts have so ordered in other cases,[2] but the EEOC believes its proposed alternative remedies are preferable, and do not prejudice Select, if the Court is so inclined.

Furthermore, aside from the EEOC's procedural error of an overlong brief, the EEOC's reply is compliant with rules dictating that replies should not bring up new arguments. As such, while the EEOC may have *more* substance than is permitted, the EEOC's arguments are not a

---

[2] "[F]or each filing over the page limit, the Court only considers the arguments made within the page limits and disregards any pages over the limits." *Eruchalu v. U.S. Bank, Nat. Ass'n*, No. 2:12-CV-01264-MMD, 2013 WL 6667702, at *3 (D. Nev. Dec. 17, 2013)

surprise to Select. As such, while granting Select a surreply may rectify procedural fairness arguments, Select is not prejudiced and there is no new issue for Select to address in a proposed surreply; instead, this would be giving Select a second attempt at an opposition.

Moreover, granting either of the EEOC's proposed remedies would preserve the integrity of the legal analysis and permit a full briefing on critical issues of public interest for the Court.

As a last resort, the Commission would respectfully request the opportunity for oral argument and will advance the arguments set forth in its reply brief, if permitted. There would be no prejudice to Select in this approach given that Select has and can access the Commission's arguments set forth in ECF No. 50 well in advance of the June 14, 2023 hearing. In other words, even if the filing itself (or pages 11-17) were stricken or disregarded, the EEOC would request the opportunity to be heard on the key points of legal analysis in the reply brief impacting this noticed Rule 30(b)(6) deposition and the 19 topics therein.

## III.    CONCLUSION

For the foregoing reasons, the Commission requests that the Court (1) allow the EEOC to withdraw its reply brief and refile a 10-page long brief by June 2, 2023; in the alternative (2) grant the EEOC's belated request to file a 17-page brief. Although the EEOC believes Defendant has faced no prejudice in the face of EEOC's inadvertent error, if the Court is inclined to grant Defendant a surreply, the EEOC will not object. Finally, if the Court is inclined to grant Defendants' request to strike all or pages 11-17 of the EEOC's brief, the EEOC requests leave to be heard on the substance of its brief in oral arguments prior to the Court ruling on the motion.

///

Dated:  June 1, 2023                         Respectfully Submitted,

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION


By:      */s/Natalie Nardecchia*
         Natalie Nardecchia
         EEOC Trial Attorney