UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>SUNSHINE RAISIN CORPORATION dba National Raisin Company; REAL TIME STAFFING SERVICES, LLC dba Select Staffing; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 1:21-cv-01424-JLT-HBK<br><br>ORDER GRANTING IN PART DEFENDANT SELECT STAFFING'S MOTION FOR ADMINISTRATIVE RELIEF[1]<br><br>(Doc. No. 51) |

Pending before the Court is Defendant Real Time Staffing Services LLC's ("Select") Motion for Administrative Relief. (Doc No. 51). Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC" or "Plaintiff") filed an Opposition. (Doc. No. 52). For the reasons set forth below, the undersigned grants in part and denies in part Select's Motion and grants Select leave to file a sur-reply.

**BACKGROUND**

Plaintiff EEOC filed a Motion for Protective Order (Doc. No. 48), to which Select filed an Opposition (Doc. No. 49). Plaintiff filed a 17-page Reply. (Doc. No. 50). Plaintiff exceeded by

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

seven pages the 10-page limit set forth in the Court's Case Management and Scheduling Order ("CMSO") without seeking leave of the Court. (Doc. No. 26 at 4). As a sanction, Select asks the Court to strike Plaintiff's Reply or in the alternative, grant Select leave to file a sur-reply. (Doc. No. 51 at 1).

**ANALYSIS**

A brief exceeding the page limits unfairly advantages the filing party. *See Elliott v. QF Circa 37, LLC*, 2017 WL 5138291, at *2 (S.D. Cal. Nov. 3, 2017) ("The overly excessive length of the submission is also prejudicial to Defendants given that the applicable Local Rule generally limits the length of a reply brief to 10 pages"); *Orthopaedic Hosp. v. Encore Med. L.P.*, 2021 WL 1966124, at *1 (S.D. Cal. May 6, 2021) (same). Under the Court's CMSO, briefs exceeding the page limitation without leave of Court "may be stricken or not considered." (Doc. No. 26 at 4).

A court may allow a sur-reply to be filed where there is a valid reason for such additional briefing, such as to prevent unfair prejudice. *Hill v. England*, 2005 WL 3031136, at *1 (E.D. Cal. 2005). District Courts have the inherent discretion to permit sur-replies. *See U.S. ex rel. Meyer v. Horizon Health Corp.*, 565 F. 3d 1195, 1203 (9th Cir. 2009) (holding that district court did not abuse discretion in refusing to permit "inequitable surreply"); *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (providing the non-movant an opportunity to respond).

While Plaintiff did not comply with the page limits set by the CMSO, the undersigned finds that striking Plaintiff's brief would not serve the interests of justice. *See Arya Risk Mgmt. Sys., Pvt. Ltd. v. Dufossat Cap. Puerto Rico, LLC*, 2022 WL 1644530, at *4 (S.D. Tex. May 24, 2022) (finding that "striking [brief exceeding the page limit by 7 pages] would neither serve the interests of justice nor expedite the resolution of this action" and denying motion to strike, finding no prejudice where the responding party be permitted leave to exceed page limitation also). Permitting Select to file a sur-reply will cure any prejudice from Plaintiff's non-complaint filing and ensure the Court benefits from full briefing on Plaintiff's Motion for Protective Order.

////

Accordingly, it is **ORDERED:**

Select's Motion for Administrative Relief (Doc. No. 51) is granted in part, to the extent

that Select may file a sur-reply not to exceed ten (10) pages. Select must file their sur-reply no later than **June 20, 2023**.

Dated:  June 13, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE