1
2
3
4
5
6
7

8        **IN THE UNITED STATES DISTRICT COURT**

9        **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11  U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | Case No.: 1:21-cv-01424-JLT-HBK |
| 12 | **ORDER GRANTING IN PART** |
| Plaintiff, | **DEFENDANTS' MOTION FOR** |
| 13 | **PROTECTIVE ORDER** |
| vs. | |
| 14 | (Doc. No. 37) |
| 15  SUNSHINE RAISIN CORPORATION dba National Raisin Company; REAL TIME STAFFING SERVICES, LLC dba Select Staffing; and DOES 1-10, inclusive, | |
| 16 | |
| 17 | |
| Defendants. | |
| 18 | |

19          Pending before the Court is Defendants Sunshine Raisin Corporation, dba National Raisin

20   Company, ("National Raisin") and Real Time Staffing Services, LLC, dba Select Staffing, ("Select")

21   (collectively "Defendants") Motion for Entry of Protective Order ("Motion").  (Doc. No. 37).

22   Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") filed an Opposition, (Doc.

23   No. 39), and Defendants filed a Reply.  (Doc. No. 45).  On June 21, 2023, the Court heard argument

24   on the Motion.  (Doc. No. 58).  For the reasons set forth below, the Court grants in part Defendants'

25   Motion.

26          A.   <u>Defendants Establish Good Cause for Four Enumerated Categories of Materials</u>

27          Defendants set forth arguments seeking protection of five categories of materials: (1) non-

28   public personally identifiable information (PII); (2) financial, marketing, or advertising data; (3)

trade secret or other non-public, business-related proprietary information; and (4) personnel files and employment information; and (5) a catch-all category described as "other information understood to be confidential pursuant to Rule 26(c) of the Federal Rules of Civil Procedure ("Confidential Information"). (Doc. No. 37 at 6, 11-20; Doc. No. 37-1 at 34).

The Court finds good cause to enter a protective order for the four specified categories identified by Defendants, each of which is supported by a showing of particularized need and is routinely included in stipulated protective orders. *See, e.g., Snapkeys Ltd. v. Google LLC*, 2021 WL 1951250, at *3 (N.D. Cal. May 14, 2021) (protecting personally identifiable information "including names, addresses, phone numbers, and email addresses."); *Mei Ma v. Convergent Outsourcing, Inc.*, 2017 WL 11634740, at *1 (C.D. Cal. Apr. 21, 2017) (holding financial information appropriately protected by protective order); *Nicolosi Distrib., Inc. v. Finishmaster, Inc.*, 2018 WL 10758114, at *2 (N.D. Cal. Aug. 28, 2018) (contracts that contained sensitive and confidential business information properly protected); *Trevino v. Golden State FC LLC*, 2020 WL 550702, at *2 (E.D. Cal. Feb. 4, 2020) (recognizing disclosure of "confidential information regarding Defendants' policies and procedures" could cause "competitive harm"); *Pryor v. City of Clearlake*, 2012 WL 2711032, at *2 (N.D. Cal. 2012) (holding portions of personnel files properly confidential); *Seals v. Mitchell*, 2011 WL 1233650, at *3 (N.D. Cal. Mar. 30, 2011) (finding "employment records, personnel records, and specific instances of past conduct" protectable).

As for the fifth catch-all category described as "other information understood to be confidential" the Court does not find good cause for a protective order because the language is vague and fails to comply with Local Rule 141.1(c). See *Aranda v. Cnty. of Los Angeles*, 2019 WL 11838767, at *4 (C.D. Cal. Dec. 6, 2019) (striking as vague and overbroad a provision from a proposed protective order protecting "information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure."); s*ee also Protech Wheel Indus. Co. v. Velox Enterprises, Inc.,* 2009 WL 4855287, at *1 (C.D. Cal. Dec. 15, 2009) ("a protective order must be narrowly tailored and cannot be overbroad. It is not sufficient to deem protected 'any documents, testimony or other discovery material that contains confidential information.'").

////

B.   Modifications Based on June 21, 2023 Hearing

At the June 21, 2023 hearing, the Parties made argument regarding the language in the Defendants' proposed protective order and discussed proposed modifications to the proposed protective order.  The Court similarly suggested proposed modifications of its own.  Based upon the parties respective arguments and concessions, the Court notified the Parties of its intent to modify the proposed protective order as follows: (1) add a provision explicitly stating that the approved protective order is not a blanket protective order and does not automatically grant confidentiality to all materials produced in discovery; (2) add a provision stating a Party that engages in mass or routinized confidentiality designations may be subject to sanctions; (3) add a provision stating a Party that engages in frivolous challenges to confidentiality designations or challenges made for an improper purpose may be subject to sanctions; (4) modify the description of the second category of materials subject to confidentiality to include immigration status; (5) modify the fourth category of materials subject to confidentiality to mirror the language in Federal Rule of Civil Procedure 26(c)(1)(g); (6) delete the fifth catch-all category of materials subject to protection; (7) delete the provision concerning sealing of documents and replace it with a provision in conformance with Local Rule 141; (8) modify Section 11, regarding Final Disposition of materials disclosed in discovery, by including a provision in EEOC's Proposed Protective Order concerning compliance with the Federal Records Act.  (Doc. 39-2).

At the June 21, 2023 hearing, Plaintiff EEOC withdrew its objection to protection of the four enumerated categories of materials identified in the Proposed Protective Order.  EEOC raised concerns about Section 3.4, which permits Third Parties to designate materials as confidential.  The Court shares concerns about the overbreadth of this provision and has replaced it with a more narrow provision concerning the ability of Non-Parties to protect materials produced in discovery.

The Court finds good cause exists under Federal Rules of Civil Procedure 26 for protection of the materials and information identified in Section 2.3 of the Protective Order and GRANTS Defendants' Motion for a Protective Order (Doc. No. 37), as modified below based on agreement by the Parties and the previously rulings by this Court stated on the record.

////

3

ACCORDINGLY, the following PROTECTIVE ORDER shall govern this action:

1.    PURPOSES AND LIMITATIONS

1.1    Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.

1.2    The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 10, below, that this Protective Order does not automatically entitle them to file confidential information under seal.

2.    DEFINITIONS

2.1    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2    Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things. testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3    "Confidential" Information or Items shall include: (i) financial data, marketing and advertising data or plans, strategic or long-range business plans, or internal cost, wage, salary, compensation, recruiting, and retention data; (ii) non-public private information relating to individuals, such as employee names, Social Security numbers, immigration status, home addresses and/or telephone numbers, business or financial records, medical records, leave of absence records, drug screening records, or other personal, sensitive information relating to individuals; (iii) personnel files and other private information relating to employees' employment (e.g., performance evaluations, promotion and demotion information, corrective action, compensation information, benefit information, immigration status, etc.); (iv) trade secrets or other confidential research, development, or commercial information.

2.4    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

4

2.5     Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.6     Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

2.7     Protected Material: any Disclosure or Discovery Material that is designated as "Confidential" or "Confidential – ATTORNEYS' EYES ONLY."

2.8.    Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.9     House Counsel: attorneys who are employees of a Party.

2.10    Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staffs and contractors).

2.11    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.12    Professional Vendors: persons or entities that provide litigation support services (e.g.. photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

2.13    Court: United States District Court, Eastern District of California, or other judicial body or arbitrator presiding over this matter.

2.14    Privileged Material: material protected by the attorney-client privilege, attorney work product protection, or any other privilege or protection from disclosure.

2.15    Litigation: the matter of *U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION v. SUNSHINE RAISIN CORPORATION dba National Raisin Company; REAL TIME STAFFING SERVICES, LLC dba Select Staffing; and DOES 1-10, inclusive*, Case No. 1:21-CV-

01424-JLT-HBK, currently pending in the United States District Court for the Eastern District of California.

3.    SCOPE

3.1    This Protective Order shall govern all documents, the information contained therein, and all other information produced or disclosed during discovery in this Litigation whether revealed in a document, deposition, other testimony, discovery response or otherwise ("Discovery Material"), by any party in this Litigation (the "Producing Party") to any other party (the "Receiving Party"). This Protective Order is binding upon the Parties to the Litigation, as well as their respective attorneys, agents, representatives, officers, and employees and others as set forth in this Agreement. The protections conferred by this Order cover Discovery Material (as defined above), but also any information copied or extracted there from, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to on settings that might reveal Discovery Material.

3.2    Any Producing Party shall have the right to identify and designate as "Confidential" any document or other material it produces or provides, or any testimony it gives in this proceeding falling within the categories set forth in Section 2.3, above, which it believes in good faith constitutes, reflects or discloses its confidential, private, or proprietary information.  As used herein, "Confidential" includes both documents designated as "CONFIDENTIAL" and "CONFIDENTIAL-ATTORNEYS' EYES ONLY."

3.3    Confidential Information designated as "CONFIDENTIAL- ATTORNEYS' EYES ONLY" are documents the producing party believes in good faith constitute, reflect, or disclose highly sensitive confidential or proprietary information, which the producing party deems requires protection beyond that provided by the "CONFIDENTIAL" designation.  Information or documents that are available to the public or generally made available to Defendant's non-management employees at-large may not be designated "CONFIDENTIAL-ATTORNEYS' EYES ONLY."

3.4    In the event that a Party is required, by a valid discovery request, to produce a NON-PARTY'S protected materials or confidential information in its possession, and the Party is subject to

an agreement with the NON-PARTY not to produce the NON-PARTY'S protected material or confidential information, then the Party shall:

(i) promptly notify in writing the Requesting Party and the NON-PARTY that some or all of the information requested is subject to a confidentiality agreement with a NON-PARTY;

(ii) promptly provide the NON-PARTY with a copy of the Stipulated Protective Order in this Lawsuit, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(iii) make the information requested available for inspection by the NON-PARTY, if requested. If the NON-PARTY fails to seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the NON-PARTY'S protected material or confidential information responsive to the discovery request. If the NON-PARTY timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the NON-PARTY before a determination by the Court. Absent a court order to the contrary, the NON-PARTY shall bear the burden and expense of seeking protection in this Court of its protected material or confidential information.

4.    DURATION

4.1    Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a judge order otherwise directs. The Parties expressly agree that the Court in which this Litigation is pending retains jurisdiction over this Litigation for enforcement of the provisions of this Protective Order following the final resolution of this Litigation.

4.2    This Order does not preclude the parties from entering into further written agreements or stipulated orders with respect to ESI or other discovery issues.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to material that qualifies under the appropriate standards. A Designating Party

must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

5.2     Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

5.3     Manner and Timing of Designations. Except as otherwise provided in this Order (*see*, *e.g.*, second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" at the top or bottom of each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)     For testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-party designating the testimony as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" identify on the record at the time when the testimony is being given and when the issue arises that such portions of the testimony qualify as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY."  Only those portions of the testimony that are appropriately designated for protection shall be covered by the provisions of this Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or

"CONFIDENTIAL-ATTORNEYS' EYES ONLY," as instructed by the Party or nonparty making the confidentiality designation.

(c)     For information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY."  If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions as Confidential.

5.4     Inadvertent Failures to Designate.  An inadvertent failure to designate qualified information or items as "Confidential" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  If material is appropriately designated as Confidential within a reasonable period of time after discovering the inadvertent production, on timely notification of the designation, a Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5.5     Inadvertently Produced Privileged Material.  The production of material protected by the attorney-client privilege or attorney work product protection or any other privilege or protection from disclosure ("Privileged Material") is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.  Upon written notification from the Producing Party to the Receiving party identifying disclosed Privileged Material, the receiving party shall not review the disclosed Privileged Material in any respect; shall within seven days return, sequester, delete or destroy all copies of the disclosed Privileged Material (including any and all descriptions of such Privileged Material in any work-product); shall take reasonable steps to retrieve such Privileged Material if the Receiving Party disclosed it before being notified; and shall make no further use of such Privileged Material (or work product containing such Privileged Material).

If the Receiving Party receives documents, ESI, or other forms of information from the Producing Party that, upon inspection or review, appears in any respect to contain or constitute potentially Privileged Material, the Receiving Party shall immediately stop review of such information, promptly sequester the potentially Privileged Material, and immediately identify the

potentially Privileged Material to the Producing Party.

The Receiving Party may object to the designation of disclosed information as Privileged Material by providing written notice of such objection within seven days of its receipt of a written demand for the return of the disclosed Privileged Material.  The Parties must meet and confer in good faith in an attempt to resolve any dispute regarding the designation of disclosed information as Privileged Material.  If the dispute is not resolved, within thirty (30) days of providing written notice of such objection to the Producing Party, the Receiving Party may ask the Court for an Order removing the designation(s) with respect to the disclosed information.  However, the Receiving Party agrees not to argue in connection with a dispute over Privileged Material that the information may not have been reviewed by the Producing Party prior to its disclosure or that the Producing Party did not take reasonable steps to prevent disclosure.  Pending resolution of any such dispute by the Court, the receiving party shall not review and shall not use the disclosed Privileged Material in any respect.

This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).  Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review and segregation for withholding from production documents, ESI, or information (including metadata) based on relevance or responsiveness to discovery requests, or that is Privileged Material.

6.  <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1  A party shall not be obliged to challenge the propriety of a Confidential designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

In the event a party objects to the designation of any material under this Order, the objecting party shall state its objections in writing to counsel for the Designating Party and shall include the specific Documents, Testimony or Information to which each objection pertains, and the specific reasons and support for such objections (the "Designation Objections").  The interested parties shall meet and confer in an attempt to resolve any Designation Objections.  If the Designation Objections are not resolved, within 30 days of notification in writing to the Designating Party, the party objecting to the Confidential designation(s) may ask the Court for an Order removing the

designation(s) with respect to the challenged Discovery Material, however the burden of persuasion in any such challenge proceeding shall be on the Designating Party.

If no such request is made within such timeframe, the material will retain its designation.  If the Producing Party agrees to change the designation(s), the Producing Party shall send a written notice of the change in designation(s) to all other parties.  Any documents or other materials that have been designated "Confidential" shall be treated in the manner designated until such time as the Court rules that they should not be treated as Confidential or the Producing Party agrees to change the designation.

6.2    Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles

A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "Confidential" Information or Items

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a)    the Receiving Party's Outside Counsel of record in this action, as well as employees and agents of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)    the parties to this action;

11

(c)      the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d)      experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Agreement" (Exhibit A);

(e)      the Court and its personnel along with members of the jury;

(f)      those present during the trial of this matter, including all pre-trial and motion hearings, and during presentation/argument of this evidence unless the Court orders otherwise;

(g)      Court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

(h)      deponents and/or witnesses to whom counsel for the parties believe in good faith it is necessary, for assistance in their representation in the above-captioned matter, to disclose specific documents, and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); provided, however, that this execution requirement is waived where an individual is given Confidential Information in the presence of opposing counsel on the record while testifying as a deponent or in a court of law, so long as the Confidential Information is not retained by the individual after such testimony.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must he separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order. All parties recognize that this Protective Order does not operate as a bar, of any kind, to the presentation of evidence at trial and that documents marked as Confidential during the course of discovery and pursuant to this Protective Order may be disclosed and discussed in the public at a trial, provided that each party retains the right to move the Court for an order restricting the presence of members of the public for periods where Confidential information and documents may be discussed, and that nothing

stated herein shall operate as a bar to the introduction into evidence of information marked as Confidential and/or subject to this Protective Agreement;

      (i)     the author of the document or the original source of the information; and

      (j)     any other person as to whom the parties in writing agree.

    7.3    <u>Disclosure of "Confidential-Attorneys' Eyes Only" Information or Items</u>

Confidential Information designated as "CONFIDENTIAL-ATTORNEYS' EYES ONLY" pursuant to this Order shall not be disclosed or permitted to be disclosed to any third person or entity except as set forth in subparagraphs (a)-(c). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information designated "CONFIDENTIAL - ATTORNEYS' EYES ONLY":

    (a)    Outside counsel of record for the parties (including members or associates of such counsel's firm) or in-house counsel for the parties;

    (b)    Other persons by written consent of the producing party and on such conditions as may be consented to; and

    (c)    Other persons by order of the Court and on such conditions as may be ordered.

8.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items qualifying as Discovery Material, including material designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party and its counsel, in writing (by email, if possible) immediately and in no event more than three business days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.  A Receiving Party must also inform the subpoena's issuer of this Order and provide the subpoena's issuer with the copy of the Order.  After providing notice to the Producing Party, the Receiving Party shall not produce any documents in response to the subpoena or order for seven days.  The purpose of imposing these duties is to afford the Producing Party in this case an opportunity to try to protect its confidentiality or other interests in the court in which the subpoena or order issued.  The Producing

Party shall bear the burdens and the expenses of seeking protection in that court of its material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Agreement, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10.   FILING PROTECTED MATERIAL

This Protective Order does not govern the filing of sealed or redacted documents on the public docket.  A Party who seeks to file any redacted document or documents under seal must comply with Local Rules 140 (redaction) and 141 (sealing).  The Party seeking the sealing or redaction of the document must move for an order of redaction or sealing.  If a Party plans to make a filing that includes material the opposing party has deemed confidential and protected, the filing party shall provide the opposing party with sufficient notice in advance of filing to permit the opposing party an opportunity to seek and sealing or redaction order from the Court.

11.   FINAL DISPOSITION

Counsel for the parties shall assemble and return to each other all documents, material and deposition transcripts designated as Confidential Information and all copies of same in their possession or the possession of their employees and/or agents, as well as all documents created, produced, reproduced, and any notes, transcripts or other written documents derived from Confidential Documents or containing information derived from such Confidential Documents, or shall certify the destruction thereof, unless doing so would violate the Federal Records Act, in which case the Party shall retain such documents and continue to treat such documents as Confidential under the terms of the Protective Order.  Notwithstanding this provision, Counsel is entitled to retain

an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION) above.

12.    MISCELLANEOUS

12.1    Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future or to compel discovery or seek sanctions from the Court.

12.2    Right to Assert Other Objections.  Through entry of this Protective Order, no Party waives any right it otherwise would have to use or disclose its own documents or information.  No Party waives any right to object to disclosing or producing any information or item on any ground not addressed in this Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3    No Admission.  A Party's compliance with the terms of this Protective Order shall not operate as an admission that any document is or is not (a) confidential, (b) privileged, or (c) admissible in evidence at trial.

**IT IS SO ORDERED**


Dated:   July 5, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE