UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>SUNSHINE RAISIN CORPORATION dba National Raisin Company, et al.,<br><br>Defendants. | Case No. 1:21-cv-01424 JLT HBK<br><br>ORDER GRANTING IN PART DEFENDANT'S MOTION FOR RECONSIDERATION<br><br>(Doc. 64) |

In this action, the EEOC alleges that Select Staffing placed temporary workers with codefendant National Raisin Company knowing that workers were being sexually harassed by an employee of National Raisin Company. Then, when the workers—the charging parties—complained, the defendants retaliated against them.

During discovery, the parties became involved in a dispute over whether the EEOC should have to submit to deposition. The Magistrate Judge agreed that as to many categories identified by Select, the deposition was improper. However, as to others, the Magistrate Judge determined that the deposition should go forward. Now, before the Court is the EEOC's request for the Court to reconsider the Magistrate Judge's order. For the reasons set forth below, the motion for reconsideration is **GRANTED in PART.**

///

**A.      Background**

Under 42 U.S.C.A. § 2000e-5(f)(1), the EEOC is authorized to initiate civil actions in its own name and on behalf of aggrieved employees, to correct unlawful employment practices. In this case, the EEOC contends that National Raisin employed John Doe, who sexually harassed several women between 2006 and 2017. (Doc. 1 at 6) The EEOC contends that Select, an employment staffing agency, placed the victims of the harassment in jobs at National Raisin despite that Select and National Raisin knew of the harasser's conduct. *Id.* at 5-6. The EEOC contends that Select and National Raisin retaliated against the workers when they complained about the harassment. *Id*. at 7, 8, 9.

The parties have been engaged in discovery. Part of this discovery required the EEOC to produce the entirety of the investigative file and to answer written discovery. At issue here is Select's notice, served on the EEOC, seeking to depose the entity under Federal Rules of Civil Procedure 30(b)(6). The EEOC objected to the deposition notice and, ultimately, filed a motion for protective order (Doc. 48). The Magistrate Judge granted the motion in part and denied it in part.

At issue in the EEOC's motion for reconsideration are categories of inquiry (Categories 1-6, 10-12) seeking information that "support[s] or rebut[s]" the claims for relief set forth in the complaint. Select also seeks information as which of Select's past or current employees the EEOC represents in this action "and the basis for Plaintiff's claim of representation" (Category 14), the "contents of an information set forth in Plaintiff's Initial Disclosures," and the documents produced by the EEOC related to the Rule 26 disclosure and in response to written discovery requests (Categories 15, 16). Select seeks internal policies relating to how the EEOC investigates its own employees' claims of sexual harassment. (Category 18) Finally, Select seeks "any and all steps in Plaintiff's investigation of the claims asserted in the Complaint." (Category 19)

**B.      Standard of review**

When a party seeks reconsideration of the magistrate judge's pretrial ruling, the district judge "may not simply substitute its judgment for that of the deciding court." *United States v. BNS, Inc.*, 858 F.2d 456, 464 (9th Cir.1988). Rather, the district court must use the "clearly

2

erroneous or contrary to law" standard. 28 U.S.C. § 626(b)(1)(A); Fed. R. Civ. P. 72(a); *Khrapunov v. Prosyankin*, 931 F.3d 922, 931 (9th Cir. 2019); *Grimes v. City of San Francisco*, 951 F.2d 236, 240-241 (9th Cir. 1991); L.R. 303(f). The "clearly erroneous" standard applies to the magistrate judge's factual findings and is "significantly deferential." *Security Farms v. International Bhd. of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997); *Avalos v. Foster Poultry Farms*, 798 F.Supp.2d 1156, 1160 (E.D. Cal. 2011). This requires the district judge to be left with the definite and firm conviction that the magistrate judge has made a mistake before the district judge may reconsider the magistrate judge's order. *Id*.

When the magistrate judge's determination "turns on a pure question of law, [the district judge's] review is plenary under the 'contrary to law' branch of the Rule 72(a) standard and is de novo. *PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 15 (1st Cir. 2010). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Calderon v. Experian Info. Solutions, Inc.*, 290 F.R.D. 508, 511 (D. Idaho 2013).

**C.  Analysis**

The EEOC takes issue with the magistrate judge's ruling as to certain categories contained within Select Staffing's 30(b) notice. First, the EEOC asserts that the Magistrate Judge failed to consider its argument that the categories violate Rule 26(b) as "unreasonably cumulative and duplicative" because the EEOC has produced the entire investigative file containing more than 3,600 pages. (Doc. 64 at 9) However, the Magistrate Judge recognized the EEOC's showing[1] and implicitly rejected it. (Doc. 63 at 4, lines 4-17)

Second, the EEOC asserts that the Magistrate Judge failed to consider their argument that the deposition of the entity was unnecessary and not probative because it lacks "factual knowledge of the allegations of the complaint," no EEOC employee has been identified as a witness to the case or will be called as a witness to the case and only the EEOC claimants and the other percipient witnesses can actually speak to what occurred. (Doc. 64 at 9-) Once again, the

---

[1] The findings and recommendations took the position that the Court *may* impose limitations if a proper showing is made under section (b)(2)(C)(i). (Doc. 63 at 3) However, this section *requires* the Court to "limit the frequency or extent of discovery" if the showing is made. Fed.R.Civ.P.29(b)(2)(C)(i).

1  Magistrate Judge acknowledged this argument and rejected it, though with little discussion. (Doc.
2  63 at 4) Seemingly, the Magistrate Judge acknowledged that the EEOC lacked personal
3  knowledge of the facts giving rise to the allegations of the complaint but seemed to condone the
4  deposition "to clarify ambiguities" related to the material contained in the investigative file
5  already produced. Thus, the Court does not find that the Magistrate Judge's determination on
6  these topics is contrary to law.

   **1.   Categories 1-6, 10-12**

   In these categories, Select seeks information supporting the factual bases for the
allegations made in the complaint. Like the magistrate judge (Doc. 6-7), the Court has strong
doubts whether there is any non-privileged information responsive to these categories. However,
the Magistrate Judge's determination relies upon pertinent though, non-binding, in-Circuit,
authorities to support the determination. The fact that the EEOC cites other in-Circuit
authorities—including authorities from this Court—does not meet its burden on reconsideration.
As pointed out by Select, the question is not whether the Court would come to a different
decision, but whether the Magistrate Judge's determination is contrary to law. The Court cannot
make that finding.[2]

   **2.   Category 14**

   Category 14 reads, "The identity of any past or present employee of Select Staffing whom
Plaintiff claims to represent in this action, and the basis for Plaintiff's claim of representation."
Notably, the EEOC had already identified already those employees of Select that they represent in
the action (Doc. 62 at 109), so the dispute centered on only the latter portion of Category 14. The
EEOC claimed the attorney-client privilege and work product privilege should preclude
production of this information. (Doc. 63 at 11)

   The Magistrate Judge noted that Select clarified in briefing and at the hearing, that it
sought "only information regarding communications prior to forming the attorney-client

---

[2] As noted by the Magistrate Judge (Doc. 63 at 6-7), the EEOC is free to assert in response to questions at the deposition or at the appropriate time in advance of the deposition, whatever objections it deems applicable, including that it has no non-privileged deponent who can speak on the topics.

4

1  relationship" (Doc. 63 at 11) and which provide a basis to support the EEOC's claim that it
2  represents each claimant. The Magistrate Judge noted that a limited inquiry into communications
3  between the EEOC and the claimant was permitted, though she precluded inquiry into the content
4  of the communication (Doc 63 at 11) by citing to *E.E.O.C. v. JBS USA, LLC,* 2012 WL 169981,
5  at *6 (D. Neb. Jan. 19, 2012), which did the same. Once again, the Court does not find that the
6  Magistrate Judge's determination is contrary to law. Thus, as to this Category, the motion for
7  reconsideration is **DENIED**.

### 3. Categories 15 and 16

Category 15 seeks testimony about, "The contents of and information set forth in Plaintiff's Initial Disclosures pursuant to Rule 26. (Doc. 48-2 at 6) Category 16 seeks testimony about the "Documents produced by Plaintiff pursuant to its Rule 26 obligations and/or in response to Defendants' written discovery requests." *Id*. at 7.

In the order denying the protective order in part, the Magistrate Judge observed that the EEOC had agreed in principle that the deposition could proceed *if* the defendants agreed to identify the ambiguous or illegible information at issue. (Doc. 63 at 11) The Magistrate Judge noted also the defendants failed to address these categories in their briefs. *Id*. Despite this, the Magistrate Judge denied the protective error finding that the EEOC did not object to the deposition.

To the contrary, the EEOC objected to the deposition and sought clarification in the meet-and-confer process from the defendant as to the items that Select believed was illegible or ambiguous in the EEOC's disclosure. (Doc. 64 at 12; Doc. 48 at 22-23.) Select failed to identify any such instances of illegibility or ambiguity.  (Doc. 48 at 23). Consequently, the EEOC maintained and reiterated its objection to the deposition in the motion for protective order and Select did not oppose the motion as to these categories. Because the EEOC met it burden of demonstrating why the protective order was justified as to Categories 15 and 16, and Select failed to counter it, the Magistrate Judge's order was contrary to law.  Consequently, as to these categories, the motion to reconsider is **GRANTED**.

///

**4.     Category 18**

Category 18 seeks information about how the EEOC investigates claims by its own employees of sexual harassment. (Doc. 48-2 at 7) The EEOC argues that this information has no bearing on whether Select properly investigated the claims at issue.

In denying the protective order as to this category, the Magistrate Judge relied upon cases cited by the defense. For example, in *EEOC v. Kaplan Higher Education Corp.*, 2011 WL 2115878, the EEOC alleged that the "that defendant's use of credit history checks is not job-related or consistent with business necessity, and that there are less discriminatory alternatives available." With no explanation, the court required the EEOC to produce a 30(b)(6) witness to respond to questions about whether the EEOC used background or credit checks when hiring its employees. *Id.* at *4. The Court concluded that, "Whether the EEOC uses background or credit checks in hiring its employees is relevant to whether such measures are a business necessity." *Id.*

The Court finds the reasoning in *Kaplan*—to the extent there is any—to be faulty. *Kaplan* failed to consider whether there are differences between the federal agency and the private employer such that discovery of the EEOC's practices may not be meaningful or proportional to the needs of the case.[3] Consequently, *Kaplan's* shorthand conclusion that this inquiry should be allowed is unpersuasive, and it is unsupported by law or logic.

*EEOC v. Freeman*, 2012 WL 3536752, at *2 (D. Md. Aug. 14, 2012), supports the Court's analysis here. In *Freeman*, the defendant asserted that its own hiring practices were similar to those of the EEOC, such to demonstrate that discovery of the EEOC's practices could lead to admissible evidence. Given this showing, the court found that a deposition of the EEOC on this topic was appropriate. *Id.*

At issue in *EEOC v. BMW Mfg. Co.*, 2014 WL 12614419, at *2 (D.S.C. Dec. 9, 2014) was

---

[3] For example, it may not matter whether a person hired for a position in the agency's cafeteria has financial troubles, but it may matter very much that a prospective employee hired to make key case-related decisions has financial vulnerabilities. In this way, until there is a showing that the EEOC and the defendant-employer are involved in similar activities such to constitute comparators, it matters little to the outcome of this case how the EEOC treats its employees/prospective employees, and it can have no bearing on whether the defendant's similar conduct constitutes a business necessity.

a request for production[4] seeking the EEOC's policies related to using criminal conviction records when making hiring decisions. In opposing the motion to compel, the EEOC simply denied that its policies were similar and did not provide evidence supporting this difference. Because the EEOC failed to meet its burden of proof in resisting the discovery and because producing the policies would not be burdensome, the Court required the EEOC to produce the policies.

Here, however, the EEOC notes that "non-privileged policies, procedures, or practices are already a matter of public record, many of which can be found in the Code of Federal Regulations, EEOC's Compliance Manual and the EEOC's website (www.eeoc.gov)" detail the policies at issue. (Doc. 48 at 13.) Moreover, the EEOC notes, and cites to cases in which courts recognize, the obvious: EEOC employees are federal employees. Federal employees and the federal agency must comply with a series of requirements before the employee can engage in the formal complaint process. (Doc. 64 at 14) Select argues that the differences between the requirements for federal and private employees are of no moment, because once the administrative processes are exhausted, the remaining processes are the same no matter whether the employee is federal or private. However, at issue in the complaint here is not whether Select complied with the requirements of Title VII after the formal complaint process was initiated but whether it do so before that time. Notably, Select makes no claim that its practices are similar to the EEOC's. Instead, Select seeks to depose the EEOC *to determine* whether the EEOC's practices are similar. (Doc. 49 at 15-18)

Because Select does not assert that its investigatory policies or practices were informed in any way by how the EEOC investigates sexual harassment of its own employees, it cannot claim that it followed the EEOC's lead when complying with Title VII by. Select resists this conclusion by arguing that its "good faith" defense "does not require a showing that Select knew of EEOC policies and 'relied on those policies'." (Doc. 65 at 21) The Court agrees. Given this, there can be no claim that how the EEOC investigates sexual harassment claims of its own employees, sheds any light on whether Select acted in good faith when it adopted its anti-sexual harassment

---

[4] The Magistrate Judge contemplated that the *BMW* arose in a dispute over a 30(b)(6) deposition.

1 policies. In lay-legal parlance, Category 18 constitutes a fishing expedition. The differences between federal employees and Select's employees, matter. These differences demonstrate that the 30(b)(6) deposition will not lead to admissible evidence, and it is not proportional to the needs of this case. Thus, the decision allowing the deposition as to this category is contrary to law.

**5.  Category 19**

Category 19 seeks, "Any and all steps in Plaintiff's investigation of the claims asserted in its Complaint." Select argues that this discovery is "relevant to Select's affirmative defenses." (Doc. 65 at 23) In particular, Select argues that this evidence will bear on its sixth affirmative defense, which asserts that claims that "are beyond the scope of . . . the EEOC's investigation [of the administrative charge]." (Doc. 12 at 17) The EEOC's complaint need not be limited to the allegations made in the administrative charge. *EEOC v. California Psychiatric Transitions, Inc.,* 644 F. Supp. 2d 1249, 1268 (E.D. Cal. 2009). Rather, the EEOC may raise additional claims if the supporting facts were "developed in, or reasonably grew out of, the investigation of the . . . charge made by the charging party." *EEOC v. General Electric Co.*, 532 F.2d 359, 364 (4th Cir. 1976). Based on the Court's review of the complaint, it does not appear that any of the claims fail to grow out of the investigation of the charge. However, the Court's eye is untutored by the discovery in this case. Thus, because it is possible that claims in the complaint exceed the reasonable investigation in this case, the Magistrate Judge's order is not contrary to law. That being said, the Court clarifies that the scope of the inquiry may not exceed the rationale of the Magistrate Judge's order. Thus, the inquiry is limited to areas of the complaint which Select's counsel have a good faith basis to believe did not grow out of the investigation of the original charge. As a result, the motion for reconsideration relation to Category 19 is **DENIED**.

**CONCLUSION**

For the reasons discussed above, the Court **ORDERS:**

1. The EEOC's motion for reconsideration (Doc. 64) as to Categories 15, 16 and 18 is **GRANTED**.

2. The EEOC's motion for reconsideration (Doc. 64) as to Categories 1-6, 10-12, 14 and 19 is **DENIED**. The deposition **SHALL** be completed, if at all, **no later than January 5,**

**2024**.⁵ Counsel for Select and the EEOC **SHALL** select a date for the deposition that coincides either with the availability of the Magistrate Judge or the undersigned, so that, as necessary, the Court can rule on objections while the deposition is in progress.

IT IS SO ORDERED.

    Dated: __November 16, 2023__　　　　　　　　　　　_/s/ Jennifer L. Thurston_
　　　　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

⁵ The Court notes that Select's demand that the EEOC produce the "most knowledgeable" deponent is contrary to law. Federal Rules of Evidence 30(b)(6); *United States v. Taylor*, 166 F.R.D. 356, 361 (M.D.N.C.), aff'd, 166 F.R.D. 367 (M.D.N.C. 1996); *General Electric Co. v. Wilkins*, 2012 WL 2376940, at *8 (E.D. Cal. June 22, 2012). The EEOC may select the person or persons who can speak for the agency. It may choose whomever it likes, so long as the person can speak to the relevant topics and has the authority to bind the agency. The EEOC need not provide privileged information to the deponent and may refuse to produce a person on a category if it has no person who can testify without resort to privileged material.