UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>SUNSHINE RAISIN CORP. dba National Raisin Co.; and REAL TIME STAFFING SERVICES LLC dba Select Staffing,<br><br>Defendants. | Case No.  1:21-cv-01424-JLT-HBK<br><br>ORDER GRANTING STAY AND VACATING CASE MANAGEMENT AND SCHEDULING ORDER DEADLINES<br><br>(Doc. No. 80)<br><br>CLERK TO AUTOMATICALLY LIFT STAY ON MARCH 4, 2024 |

On January 10, 2024, Plaintiff the U.S. Equal Employment Opportunity Commission and Defendant Real Time Staffing Services, LLC dba Select Staffing ("the Parties"), filed a Joint Stipulation. (Doc. No. 80). This Parties request the Court to stay these proceedings, vacate the remaining deadlines in the Case Management and Scheduling Order, and afford the Parties an opportunity to file a proposed consent decree or a joint status report regarding settlement negotiations no later than March 5, 2024. (*Id.*).

The court is vested with broad discretion to stay a case. *Clinton v. Jones*, 520 U.S. 681, 705 (1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). The "party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433-34 (2009). As a rule, "stays should not be indefinite in nature." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059,

1066-67 (9th Cir. 2007).  If a stay is especially long or indefinite, a greater showing is required to justify it and the court must "balance the length of any stay against the strength of the justification given for it." *Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000).   In determining whether a stay is appropriate, the court must weigh various competing interests, including: (1) the possible damage which may result from granting the stay; (2) the hardship to the parties if the suit is allowed to proceed; and (3) the "orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.,* 398 F.3d 1098, 1110 (9th Cir.2005).

Here the Parties agree to the stay for the purposes of finalizing settlement discussions. Thus, in its discretion, the Court finds a stay of this action is appropriate.

Accordingly, it is **ORDERED**:

1. The Parties' stipulated motion (Doc. No. 80) is GRANTED to the extent that this action is STAYED until **March 4, 2024,** at which time the *Clerk shall automatically lift the STAY, unless ordered earlier.*
2. The Court vacates all remaining deadlines in the Case Management Scheduling Order (Doc. No. 26) as amended (Doc. No. 75).
3. **No later than March 5, 2024**, the Parties shall file a proposed consent decree or a joint status report regarding settlement negotiations.

Dated:     January 12, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE