Anna Y. Park, SBN 164242
Nakkisa Akhavan, SBN 286260
Andrea Ringer, SBN 307315
Sophie Tarazi, SBN 329721
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone:  (213) 785-3083
Facsimile:  (213) 894-1301
Email:  lado.legal@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>                    Plaintiff,<br><br>         v.<br><br>SUNSHINE RAISIN CORPORATION dba National Raisin Company; REAL TIME STAFFING SERVICES, LLC dba Select Staffing; and DOES 1-10, inclusive,<br><br>                    Defendants. | Case No.:  1:21-cv-01424-JLT-HBK<br><br>**[~~PROPOSED~~] CONSENT DECREE:<br>National Raisin; [~~PROPOSED~~] ORDER** |

## I.     INTRODUCTION

Plaintiff U.S. Equal Employment Opportunity Commission (the "EEOC" or "Plaintiff") and Defendant Sunshine Raisin Corporation, doing business as National Raisin Company, (hereinafter "Defendant" or "National Raisin") (collectively, "Parties") hereby stipulate and agree to entry of this Consent Decree (the "Decree") to fully and finally resolve Plaintiff's complaint against Defendant National Raisin in *U.S. Equal Employment Opportunity*

*Commission v. Sunshine Raisin Corporation dba National Raisin Company, et al.*, Case No. 1:21-cv-01424-JLT-HBK (the "Action").

On September 24, 2021, the EEOC filed the Action in the United States District Court, Eastern District of California, for violations of Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 2000e *et seq.* ("Title VII"). The Action alleged Defendants National Raisin and Defendant Real Time Staffing Services, LLC dba Select Staffing ("Defendant Select Staffing") (collectively, "Defendants") subjected the Charging Parties and a class of similarly aggrieved individuals (collectively, the "Claimants") to discrimination based on sex, including a sexually hostile work environment, retaliation, and constructive discharge in violation of Title VII.  National Raisin denies the allegations in the complaint and is entering into this Decree solely to avoid the time, expense, and uncertainty of further litigation; entry of this Decree does not constitute an admission of liability. This Decree resolves claims against Defendant National Raisin only.

## II.    PURPOSES AND SCOPE OF THE CONSENT DECREE

The Parties agree that the EEOC's claims against Defendant in the Action should be fully and completely resolved by entry of this Decree with Defendant.  This Decree is made and entered by and between the EEOC and Defendant and shall be binding on and enforceable against Defendant and its parents, subsidiaries, successors, and assigns, if any.  The scope of this Decree is companywide.  The Parties enter into this Decree for the following purposes:

A.    to provide appropriate monetary and injunctive relief;

B.    to ensure that Defendant's employment practices comply with Title VII;

C.    to ensure that Defendant maintains a workplace free from harassment and retaliation;

D.    to review and revise Defendant's policies, procedures, and practices to prevent and/or correct sexual harassment and retaliation;

E.    to ensure effective training of Defendant's employees, managers, supervisors, owners, executives, and human resources representatives regarding the rights of employees, including those directly employed by a staffing agency, and the obligations of employers under Title VII as it relates to sexual harassment and retaliation in a workplace;

F.      to ensure that Defendant requires staffing agencies to prohibit discrimination, harassment, and retaliation;

G.      to provide an appropriate and effective mechanism for handling complaints of sexual harassment, discrimination, and retaliation, including those made by temporary workers, and ensure reasonable corrective and preventative measures are taken in response;

H.      to ensure appropriate record keeping, reporting, and monitoring; and

I.      to avoid the time, expense, and uncertainty of further litigation.

### III.    <u>RELEASE OF CLAIMS</u>

A.      This Decree fully and completely resolves and releases Defendant from all issues, claims, and allegations that were raised by the EEOC against Defendant in this Action, including EEOC Charge Nos. 485-2016-00431, 485-2017-00318, and 485-2017-00320.   Eligible Claimants shall execute a release of claims of sexual harassment and retaliation under Title VII of the Civil Rights Act of 1964 prior to receipt of monetary relief.

B.      Nothing in this Decree shall be construed to limit or reduce Defendant's obligation to comply fully with Title VII or any other federal employment statute.

C.      Nothing in this Decree shall be construed to preclude the EEOC from bringing suit to enforce this Decree if Defendant fails to comply with the terms of this Decree.

D.      This Decree in no way affects the EEOC's right to bring, process, investigate, or litigate other charges that may be in existence or may later arise against Defendant in accordance with standard EEOC procedures.

### IV.    <u>JURISDICTION</u>

A.      The Court has jurisdiction over the Parties and the subject matter of this Action.  The Action asserts claims that, if proven, would authorize the Court to grant the relief set forth in this Decree.  The terms and provisions of this Decree are fair, reasonable, just, and adequate.  This Decree conforms to the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights or privileges of any person.  The entry of this Decree will further the objectives of Title VII and be in the best interests of the Parties.

B.      The Court shall retain jurisdiction over this Action for the duration of the Decree for the purposes of entering all orders, judgments, and decrees that may be necessary to fully implement the relief provided herein.

## V.      EFFECTIVE DATE AND DURATION OF DECREE

A.      The provisions and agreements contained herein are effective on the date which this Decree is entered by the Court ("Effective Date").

B.      Except as otherwise provided herein, this Decree shall remain in effect for three (3) years after the Effective Date.  However, this Decree shall sunset two and a half (2.5) years after the Effective Date if the Monitor and Plaintiff determine Defendant has substantially complied with the terms and conditions of the Decree.  The Monitor shall provide a recommendation whether the Decree should sunset within two (2) years of the Effective Date.

## VI.      COMPLIANCE AND DISPUTE RESOLUTION

A.      EEOC Review Regarding Compliance

        The EEOC will review Defendant's compliance with this Decree. The EEOC can obtain copies of any document received or created by the Monitor as a result of the Monitor's duties under this Decree. The EEOC may request from the Claims Administrator a copy of any document received or created by the Claims Administrator as a result of the Claims Administrator's duties under this Decree. The EEOC can request that Defendant permit the EEOC to inspect Defendant's records. Defendant will comply with any such request to review or inspect within thirty (30) days of the EEOC's request.

B.      Non-Compliance

        1.      The Parties expressly agree that if the EEOC has reason to believe that Defendant has failed to comply with any provision of this Decree, the EEOC may bring an action before this Court to enforce the Decree.

        2.      The EEOC may immediately initiate an enforcement action in this Court for non-compliance related to non-payment of monies under this Decree. For other disputes regarding Defendant's compliance, the EEOC will notify Defendant and their legal counsel of record, in writing, of the nature of the dispute prior to initiating an enforcement action. This notice shall

specify the particular provision(s) that the EEOC believes Defendant has violated or breached. Defendant shall have twenty-one (21) days from receipt of the written notice to attempt to resolve or cure the breach. The Parties may agree to extend this period upon mutual consent.

3.  The Parties agree to cooperate with each other and use their best efforts to resolve any dispute referenced in the EEOC notice.

4.  After thirty (30) days have passed, inclusive of the twenty-one (21) days to resolve or cure the breach, if the Parties have reached no resolution or agreement to extend the time further, the EEOC may petition this Court for resolution of the dispute, seeking all available relief, including an extension of the term of the Decree.

## VII.   MODIFICATION AND SEVERABILITY

A.  This Decree constitutes the complete understanding of the Parties with respect to the matters contained herein.  No waiver, modification or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each Party.

B.  If one or more provisions of this Decree are rendered unlawful or unenforceable, the Parties shall make good faith efforts to agree upon the appropriate amendments to this Decree necessary to effectuate its purposes.  If the Parties are unable to reach agreement, the Court shall order the appropriate alternative provisions necessary to effectuate the purposes of the Decree. Should one or more provisions of this Decree be deemed unlawful, all other provisions shall remain in full force and effect.

C.  By mutual agreement of the Parties, subject to the Court's approval, this Decree may be amended or modified in the interests of justice and fairness to effectuate the provisions herein.

## VIII.   MONETARY RELIEF

A.  Establishing the Class Fund

1.  In settlement of this lawsuit, Defendant shall pay a total gross sum of two million dollars $2,000,000.00 in monetary relief ("Total Settlement Amount").  Within forty-five (45) days of the Effective Date of this Decree, Defendant shall deposit the Total Settlement Amount

-5-

into an escrow account (the "Class Fund") managed by a Claims Administrator and provide the EEOC with written verification of the funding within ten (10) days of the deposit.

2.      The Class Fund shall be used to make payments to the Charging Parties and claimants identified by the EEOC as being eligible for monetary relief (collectively, "Eligible Claimants").  An Eligible Claimant is: (1) an individual who worked at National Raisin between October 2015 and the Effective Date, whether the individual was directly employed by National Raisin or assigned to work at National Raisin by a staffing agency, including but not limited to, Select Staffing; and (2) qualifies for monetary relief based on the EEOC's assessment of their claims. The EEOC has the sole and complete discretion to determine the criteria for eligibility for monetary relief, who qualifies as an Eligible Claimant, and the amount to be distributed to each Eligible Claimant.  The EEOC shall determine who is an Eligible Claimant based on the EEOC's assessment of the facts and of the damages available under Title VII.  Defendant agrees that the EEOC's determination of these issues is final, and Defendant will neither participate in, nor object to, those determinations.

B.      Claims Administration

1.      *Claims Administrator.*  Within forty-five (45) days of the Effective Date, Defendant shall hire and appoint a specific qualified individual or organization ("Claims Administrator") to oversee the payment of the Class Fund and the Claims Process. The Claims Administrator must be approved by the EEOC, whose approval will not be unreasonably withheld.  The Claims Administrator shall work with the EEOC and Defendant to carry out the terms of the Decree.  Defendant shall provide the Claims Administrator with a copy of the Decree and request the Claims Administrator comply with said terms.  If the Claims Administrator receives a request for information, the Claims Administrator shall attempt to answer the request.  If the Claims Administrator is unable to answer the request, it shall notify the Parties who will then provide the respective information or direction for responding to the request, which may include informing the requesting party to contact the EEOC. Defendant shall pay all costs associated with the selection and retention of the Claims Administrator as well as the performance of the Claims Administrator's duties under this Decree.  To the extent the

EEOC later enters into a consent decree with Defendant Select, Defendant agrees to consult with Defendant Select regarding the claims administration process.

2.     *List of Potential Claimants.*  Within thirty (30) days of the Effective Date, Defendant shall forward to the Claims Administrator and the EEOC one or more lists of all Defendant's employees who worked for Defendant between January 1, 2015 and the Effective Date ("List of Potential Claimants").  For each identified Potential Claimant, the List shall include: all identifying information known to Defendant, including their full name, date of birth, social security number, mailing address(es), phone number(s), and email address(es); the individual's dates worked for Defendant, job titles, and departments assigned; and the individual's self-identified sex and gender.  Defendant shall also identify all staffing agencies that placed workers at Defendant's workplace between January 1, 2015 and the Effective Date, and request that those staffing agencies produce to the EEOC a list of the same information for all workers placed to work for Defendant, to be provided to the EEOC within sixty (60) days of the Effective Date and added to the List of Potential Claimants.  Within seventy-five (75) days of the Effective Date, the Claims Administrator shall conduct database searches using Accurint or a similar system to find up-to-date contact information, including phone numbers, email addresses and mailing addresses, and add the updated contact information to the Potential Claimant List.

3.     *Claims Notice.*  The EEOC shall provide the Claims Administrator with a Claims Notice and a Questionnaire.  The EEOC shall share the Claims Notice and Questionnaire with Defendant in advance.  Defendant shall ensure that the Claims Notice and Questionnaire are translated into Spanish and any other language spoken by at least five percent of Potential Claimants.  The Claims Notice shall explain that the EEOC shall determine eligibility and monetary relief amounts after receipt of a Claims Questionnaire and that Eligible Claimants may be eligible for rehiring.  The Claims Notice shall provide phone and email contact information for the Claims Administrator and explain how Potential Claimants can access and submit the Claims Questionnaire.  The Claims Administrator shall send the Claims Notice via electronic and U.S. mail to the individuals included on the List of Potential Claimants within ten (10) business

days of receipt of the EEOC's Claims Notice and Questionnaire.  The Claims Notice shall include a link and/or QR code to an electronic Questionnaire.

4. *Website & Claims Questionnaire.*  Within sixty (60) days of the Effective Date, the Claims Administrator shall establish a website, approved by the EEOC, that provides information regarding the Decree, the Claims Process, and how to complete the Claims Questionnaire.  The website shall be available in English, Spanish, and any other language commonly spoken by more than five percent of Defendant's employees.  The website shall include an embedded Claims Questionnaire, approved by the EEOC.  The Claims Questionnaire shall also be available for download by Potential Claimants, as well as in paper form upon request by the EEOC or Potential Claimants. The website shall include phone, mail, and email contact information for the Claims Administrator and the EEOC.  The website shall also explain how Potential Claimants can seek assistance in completing the Claims Questionnaire from the Claims Administrator.  On a weekly basis, the Claims Administrator shall provide the EEOC with an electronic copy of all questionnaires submitted to date, and an excel spreadsheet tracking all responses to questionnaires.

5. *Undeliverable Mailings.*  Within thirty (30) days of mailing of the Claims Notice, the Claims Administrator shall attempt to obtain accurate contact information for undeliverable mailings.  The Claims Administrator shall conduct additional database searches using Accurint or a similar system to find the Potential Claimant's most recent contact information, including phone number, email address, and mailing address. If the Claims Administrator finds more recent contact information, the Claims Administrator shall resend the Claims Notice to the new address.  If the Claims Administrator fails to find a more recent mailing address, the Claims Administrator shall notify the EEOC and describe its efforts to locate such employee(s) within ninety (90) days of mailing of the Claims Notice.

6. *List of Eligible Claimants for Distribution of Settlement Money.*  The EEOC shall provide Defendant and the Claims Administrator with one or more lists of the Eligible Claimants who will be receiving monetary relief, which shall include their name, mailing address, the amount to be paid, and whether they have expressed interest in returning to work for Defendant

if they are not employed at the time they receive the Questionnaire ("Distribution List").  All funds remaining at the expiration of this Decree shall be distributed according to a Final Distribution List provided by the EEOC.  The Claims Administrator shall be responsible for verifying each Eligible Claimant's mailing address.  Within ten (10) days of receipt of a Distribution List, the Claims Administrator shall send each Eligible Claimant listed a Notice of Settlement Award and a check for the monetary amount specified by the EEOC via certified mail.  Within three (3) business days of issuance of settlement checks, the Claims Administrator shall submit copies and any related correspondence to the EEOC.

7.      *Characterization of Payments.*   The EEOC has the sole discretion to characterize the monetary relief amount to each Eligible Claimant as wage or non-wage compensation; however, all payments made by Defendant will be characterized as non-wage compensation. The Claims Administrator shall issue the necessary tax documents within thirty (30) days of mailing the settlement checks.  For non-wage compensation, Defendant shall issue a Form 1099. No tax withholdings shall be made.  Defendant shall make all appropriate reports to the Internal Revenue Service and other tax authorities.

8.      *Remaining Settlement Funds and Non-Negotiated Checks.*  On a quarterly basis, the Claims Administrator will notify the EEOC of the remaining amount available out of the Class Fund and identify any check cancelled, not negotiated, and/or returned non-negotiated, to enable the Parties to track remaining settlement funds for redistribution.  The Claims Administrator shall reissue checks if requested by the EEOC.

## IX.   CLAIMANT SPECIFIC INJUNCTIVE RELIEF

A.  References for Eligible Claimants

Within ten (10) days of a List of Eligible Claimants, Defendant shall:

1.      remove and segregate from the personnel file for Eligible Claimants any references to the charges of discrimination filed against Defendants and/or their participation in this Action and its resolution;

2.      direct all reference inquiries to a human resources representative, who will provide a neutral employment reference, limited to verifying whether the Eligible Claimant was

employed by Defendant, the last position in which the Eligible Claimant was employed, and the duration of their employment with Defendant, and any other information required by law; and

3.      ensure that Eligible Claimants are not prohibited from re-applying for employment with Defendant.

Upon request by Plaintiff, Defendant shall produce personnel files for Eligible Claimants to Plaintiff, within ten (10) days of request if the Eligible Claimant has a personnel file in the possession of Defendant.  If requested by Plaintiff and available, Defendant will meet and confer with Plaintiff about removing and segregating documents referring to discipline or termination of employment of Eligible Claimants.

Nothing in this Decree shall be interpreted to require or permit the destruction of documents.  Any reference to removing information or documents is intended to require segregating the information.

B.      Rehiring of Eligible Claimants

1.      Eligible Claimants may be entitled to rehiring.  The Claims Questionnaire will include an inquiry as to whether the Eligible Claimant is interested in returning to work for Defendant, including (i) what position(s) they seek; (ii) their availability to start and to work particular days and shifts; and (iii) the rate of pay sought.  The Claims Administrator shall notify Defendant of all Eligible Claimants interested in returning to work for Defendant. If one or more Eligible Claimants express interest in position(s) that later becomes available, Defendant shall contact the Eligible Claimants to determine whether they are available, eligible, and qualified. Defendant shall offer to rehire an Eligible Claimant into an available position if an Eligible Claimant is available, eligible, and qualified.

2.      Defendant shall determine whether an Eligible Claimant is an eligible and qualified candidate for hiring or rehiring (a "Rehiring Candidate"). To be "eligible and qualified" an Eligible Claimant must meet the qualifications of the position sought, including any required skills, ability, or availability, and must not have been previously terminated from National Raisin for misconduct, poor work performance, or attendance violations. Defendant shall prepare a written report on a quarterly basis to the EEOC that includes: (i) a list of Eligible Claimants

interested in being hired or rehired, a description of efforts to contact them regarding employment, and whether they are eligible and qualify as Rehiring Candidates; (ii) a list of Rehiring Candidates offered employment and a list of those hired or rehired; and (iii) a list of all open positions during the prior quarter.  For Rehiring Candidates not offered employment, Defendant shall confirm that no open positions exist for which the Rehiring Candidate is eligible and qualified.  For those deemed not eligible and qualified to work for Defendant, Defendant shall provide an explanation why the Eligible Claimant is not eligible and qualified.  If the EEOC does not agree with Defendant's determination that an Eligible Claimant is not a Rehiring Candidate, the EEOC may request further information be provided to the EEOC within ten (10) days of the EEOC's request.  The parties will attempt to meet and confer regarding any issues related to rehiring.  In the event of a dispute concerning qualifications for rehiring, the EEOC can avail itself of the compliance procedures set forth in Section VI above.

       3.      The Rehiring Candidates shall be offered a pay rate consistent with federal and State law and commensurate with others in the same position at the time of hire.

       4.      Rehiring shall not be in lieu of any monetary damages to which the EEOC determines the Eligible Claimant is entitled.

## X.    GENERAL INJUNCTIVE RELIEF

A.    <u>Anti-Discrimination</u>

       Consistent with current law, Defendant, its parents, owners, subsidiaries, directors, officers, agents, management (including all supervisory employees), successors, assigns,  or any of them, shall be enjoined from: (i) engaging in harassment in violation of Title VII, including harassment of any employee on the basis of their sex and/or gender; (ii) engaging in or becoming a party to any action, policy, or practice that is intended or is known to have the effect of discriminating and/or creating a hostile work environment in violation of Title VII, including on the basis of any employee's sex/gender; or (iii) creating, facilitating, or permitting a work environment that is hostile to employees in violation of Title VII, including on the basis of sex and/or gender.  Defendant shall take prompt corrective action to address any such discrimination or harassment of which it has actual or constructive knowledge is occurring in Defendant's workplace.

B.    Anti-Retaliation

Consistent with current law, Defendant, its parents, owners, subsidiaries, directors, officers, agents, management (including all supervisory employees), successors, assigns, or any of them, shall be enjoined from engaging in, implementing, or permitting any action, policy, or practice that retaliates against any current or former employee or applicant because they have, in the past, or during the term of this Decree: (i) opposed any practice they believed to be discriminatory, harassing, or retaliatory; (ii) filed a complaint or charge of discrimination alleging such a practice; (iii) testified or participated in any manner in any internal or external investigation or proceeding relating to this Action or any claim of discriminatory, harassing, or retaliatory conduct; (iv) been identified as a possible witness or claimant in this Action; (v) asserted any rights under this Decree; (vi) sought and/or received any relief in accordance with this Decree; or (vii) is associated with an employee who has engaged in the activities set forth above.  Defendant shall take prompt corrective action to address any such retaliation of which it has actual or constructive knowledge is taking place in Defendant's workplace.

## XI.    SPECIFIC INJUNCTIVE RELIEF

A.    Equal Employment Opportunity Monitor

Defendant has retained the services of Sierra HR Partners, Inc. as the Monitor who will ensure Defendant's compliance with this Decree.  The Monitor shall be able to provide services in Spanish and English.  The Monitor shall have access to Defendant's documents and employees and shall continuously monitor Defendant's compliance with Title VII, and the provisions of this Decree.  In the event the Monitor can no longer perform its responsibilities, Defendant shall notify the EEOC and find a replacement to be approved by the EEOC.  Defendant shall bear all costs associated with the selection and retention of the Monitor and the performance of the Monitor's duties.

The Monitor's responsibilities shall include:

1.    Conducting audits and complaint reviews as described below and identifying areas for improvement in Defendant's response to complaints of sexual harassment and retaliation;

2.      Reviewing and recommending revisions to Defendant's policies, practices, and procedures regarding discrimination and complaint procedures, to include a clear definition and prohibition of sexual harassment, an effective and accessible complaint mechanism, and wide distribution and accessibility of those policies to all employees to ensure they know how to file a complaint regarding discrimination;

3.      Reviewing and recommending revisions to Defendant's training curriculum and implementation to ensure the trainings are effective in communicating to owners, executives, management, and employees the rights and responsibilities of employers and employees with respect to this Decree and Title VII prohibitions against sexual harassment and retaliation, including the employer's duty to take prompt corrective and preventative action to remedy any harassment;

4.      Assisting Defendant with the creation and maintenance of a Complaint Log described below, including the creation of a centralized tracking system, and reviewing the Complaint Log and underlying documentation for complaints of sexual harassment or retaliation;

5.      Reviewing, evaluating, and monitoring all alleged discriminatory, harassing, or retaliatory conduct and Defendant's response, including reviewing documents related to complaints, investigations, and resolution, to track and provide feedback and oversight on Defendant's practices regarding: documentation of complaints, investigations, and disciplinary actions; investigation of complaints received by Defendant and/or staffing agencies, including the scope of investigation; conclusions drawn from investigations; disciplinary actions taken following an investigation; communication and cooperation between Defendant and staffing agencies regarding complaints, investigations, and disciplinary actions; and reasonable steps to take to prevent and correct further harassment;

6.      Ensuring that all individuals that lodge complaints or participate as Eligible Claimants or witnesses are not subjected to intimidation, threats, or retaliatory actions by Defendant or its employees;

7.      Ensuring that Defendant communicates with staffing agencies regarding its policies and procedures and regarding the staffing agencies' policies and procedures,

communicates with staffing agencies where complaints of sexual harassment are lodged by direct or temporary employees, coordinates investigations into sexual harassment allegations in Defendant's workplace, and ensures adequate corrective action is taken;

8.    Consulting with Defendant's human resources department and ensuring and that human resources personnel promptly and thoroughly investigate all complaints of discrimination, harassment, and retaliation and take adequate corrective and preventative measures without retaliating against complainants or witnesses;

9.    Preparing a semi-annual report and exit report to the EEOC on Defendant's progress and compliance under this Decree;

10.    Monitoring and ensuring the retention and maintenance of any documents or records required by this Decree;

11.    Monitoring and ensuring the distribution of any documents, notices, policies and procedures as required by this Decree; and

12.    Ensuring Defendant's compliance with the terms of the Decree and Title VII.

B.    EEO Compliance Audits

1.    *Semi-Annual Workplace Audits.*  The Monitor shall conduct semi-annual audits of Defendant's workplace to ensure that supervisors and managers are held accountable and to encourage employees to report problems of harassment, discrimination, or related retaliation. The Monitor, after consultation with Defendant, shall determine the scope and methodology of the audits, which may include phone calls, in-person meetings, and/or climate surveys designed to allow employees to respond confidentially or anonymously regarding whether they have witnessed or experienced any improper sexual comments or behavior in the workplace, whether they are comfortable reporting harassment to Defendant or their staffing agency, and whether they have any suggested improvements to reporting sexual comments or behavior to their work environment. All National Raisin employees shall be asked upon termination of employment if they witnessed or experienced harassment, discrimination or retaliation.  The Monitor shall require Defendant to take prompt and effective remedial action to correct any conduct signaling

that sexual harassment or retaliation is occurring and/or Defendant is not taking appropriate steps to correct and prevent it.

2.      *Audit Reports.*  The results of all audits and complaint reviews shall be submitted to the EEOC in the semi-annual report set forth below. The Monitor's report shall include assessments and recommendations for remedying all identified issues with sexual harassment or retaliation and/or Defendant's response to allegations of sexual harassment or retaliation.

C.     Policies and Procedures

1.      *Revision of Policies and Procedures.*  Within forty-five (45) days after the Effective Date, Defendant—with the assistance of the Monitor—shall draft, review, and/or revise its policies and procedures on discrimination, harassment, and retaliation ("Final Policy") and provide a copy to the EEOC for approval.  The Final Policy shall be written in a clear, easy-to-understand style and format, in English, Spanish, and any other language(s) spoken by more than five percent by employees of Defendant.   At all times, the Final Policy shall, at a minimum, include the following:

(i)     a clear and comprehensive description of quid pro quo and hostile work environment sexual harassment and retaliation, including examples of prohibited conduct, tailored to Defendant's workplace, and descriptions of conduct which, if left unchecked, may rise to the level of unlawful harassment or retaliation;

(ii)    a statement confirming that the Final Policy applies to all individuals in Defendant's workplace, including owners, executives, managers, human resources representatives, supervisors, employees, staffing agency employees (also referred to as "temporary workers"), staffing agency managers, third parties, and customers;

(iii)   a statement that all employees, including temporary workers, can lodge complaints with Defendant regarding harassing or retaliatory conduct, including through the use of an anonymous hotline with the phone number provided;

(iv)   an assurance that Defendant will take immediate disciplinary or corrective action where it finds that, more likely than not, an owner, executive, manager, human resources representatives, supervisor, employee, temporary worker, staffing agency manager, third-party

and/or customer engaged in conduct that (a) may constitute quid pro quo sexual harassment or create a sexually hostile work environment, or that (b) intimidates, threatens, or otherwise deters individuals from filing complaints of harassment;

(v)    an assurance that persons who complain about discrimination or harassment they experienced or witnessed and persons who provide information relating to such complaints will not be subject to retaliation; and

(vi)   an Internal Complaint Procedure as described below.

2.    *Distribution of Final Policy.*  Defendant shall distribute the Final Policy to all employees and staffing agency personnel assigned to work at Defendant's facility, within thirty (30) days of approval by the EEOC.  Defendant shall require staffing agencies to maintain and distribute substantially similar policies and procedures prohibiting sexual harassment and retaliation and creating and/or maintaining an internal complaint procedure.  Defendant shall disseminate the Final Policy by (i) posting copies in areas where other workplace policies are posted in its workplace; (ii) sending an electronic copy to their personal email address and affirmatively offering a paper copy upon request; and (iii) sending electronic copies to its staffing agencies, including their human resources representatives and on-site managers.  For employees hired and staffing agencies retained after the Effective Date, Defendant shall disseminate this information in the same manner within ten (10) days.  All employees, temporary workers, and staffing agencies shall sign a form acknowledging receipt of the Final Policy. Defendant shall distribute its Final Policy in English, Spanish and language(s) spoken by at least five percent of National Raisin employees.  On an annual basis throughout the term of the Decree, Defendant shall provide copies of signed acknowledgments for all employees and staffing agencies.

D.    Internal Complaint Procedure

The Internal Complaint Procedure shall be written in the language(s) spoken by at least five percent of its employees, including Spanish and English, and shall incorporate the following elements:

1.    A statement encouraging employees and temporary workers to ask questions,

share concerns, and provide information about potential sexual harassment and/or related retaliation to Defendant, such as by (1) sharing information with the human resources representatives, or (2) participating candidly in investigations of potential harassment or related retaliation;

2.     A clearly described process for submitting complaints of sexual harassment or discrimination that includes multiple avenues for employees to lodge complaints of harassment, discrimination, or retaliation verbally or in writing, including (a) a direct phone number and email address for Defendant's human resources representatives; (b); a direct phone number for anonymous complaints in English, Spanish, and other languages spoken by at least five percent of Defendant's employees; and (c) notifying *any* manager, supervisor, owner, executive or human resources representative, who will document the complaint and notify HR immediately;

3.     Prompt commencement of a thorough and objective neutral investigation of all complaints of sexual harassment or retaliation by a person trained to conduct such investigations, or a hired professional trained to conduct such investigations;

4.     A description of investigative steps, to include (a) interviewing all relevant witnesses, including the complainant and employees of both Defendant and staffing agencies if allowed; (b) communicating with its staffing agencies; (c) reviewing all relevant evidence; (d) creating written investigative reports that document all investigatory steps, any findings and conclusions, and any actions taken, and including all complaints, notes of interviews and other relevant evidence; (e) communicating with the complainant in writing regarding the status of the complaint, investigation, results of the investigation, any remedial action taken, and follow-up on the effectiveness of remedial steps taken; (f) recommending corrective and preventative measures; and (g) appeal procedures to the Monitor should the complainant be dissatisfied with the investigation or its resolution;

5.     A statement that the nature of the complaint will determine the scope of the investigation;

6.     Assurance that no complainant shall be required to confront his or her accuser and that the confidentiality of the complaint, complainant, and investigation shall be kept to the

fullest extent possible under the law;

7.      Tracking and collection of all complaints of sexual harassment and related retaliation in the Complaint Log;

8.      A requirement that all owners, managers, executives, supervisors, and human resources representatives report any and all observations or complaints of potential sexual harassment or retaliation to Defendant's human resources personnel and to human resources representatives of Defendant's staffing agencies if a staffing agency employee is involved, within twenty-four (24) hours, and that failure to carry out this duty is grounds for disciplinary action, up to and including immediate discharge;

9.      A statement that it is unacceptable to retaliate against any employee for use of the Internal Complaint Procedure or for assisting in the investigation of a complaint, and that retaliation includes reduction of hours, transferring positions, and other changes to complainant or witness's employment because they used the Internal Complaint Procedure or assisted in the investigation of a complaint;

10.     A statement that if an allegation of sexual harassment or retaliation against an employee is substantiated, then such conduct will result in immediate proportionate discipline, up to and including discharge or removal from the workplace if the employee is a staffing agency employee; and

11.     An explanation that the internal complaint procedure does not replace the right of any employee to file a charge or complaint of discrimination, harassment or retaliation under any available municipal, state, or federal law, and that filing an internal complaint does not relieve the complainant of meeting any deadline for filing a charge of discrimination.  The procedures shall provide contact information for the EEOC, including its website, and website for state and local Fair Employment Practice (FEP) agencies.

The Monitor shall review Defendant's application of the internal complaint procedure by monitoring complaints made by employees and temporary workers regarding harassment and/or retaliation and report back to the EEOC in its semi-annual report.

E.      Training

1    1.    *General Guidelines.* The training regimen set out in Section XI.E shall be

2 mandatory with respect to all National Raisin employees, temporary workers, managers,

3 supervisors, human resources representatives, owners, and executives and be scheduled to occur

4 within sixty (60) days of the Effective Date of this Decree, and annually thereafter.   Employees

5 unable to attend the scheduled live training or hired after a mandatory training are required to

6 attend an alternate training session within thirty (30) days that is either (a) live and interactive; or

7 (b) a video recording of the live training with an interactive component, such as a written test.

8 All persons shall verify their attendance in writing. Defendant shall maintain copies of training

9 sign-in sheets for the duration of the Decree.  All employees will be paid their regular rate of pay

10 during the trainings.

11    2.    *Format & Content of Trainings.* All trainings provided pursuant to this Decree

12 shall be live, interactive, and in-person.  Any training session recorded shall be maintained for

13 the duration of the Decree.  The training shall include a test to ensure comprehension of the

14 material presented.  All trainings and training materials, including the introductory video, shall

15 be provided in English, Spanish, and any other language(s) spoken by at least five percent of

16 National Raisin's employees.   The trainer shall provide direct contact information for

17 Defendant's human resources personnel.  The trainer shall leave time for question and answer at

18 the conclusion of trainings and circulate an anonymous evaluation form to be filled out by

19 attendees and reviewed by the Monitor.

20    3.    *Submission of Trainer Qualifications & Curriculum.*  Within forty-five (45) days

21 after the Effective Date, Defendant shall submit to the EEOC the identity and qualifications of

22 the qualified third-party trainer selected.  The trainer must conduct the training in English,

23 Spanish, and any other language spoken by at least five percent of employees.  The EEOC will

24 not unreasonably withhold approval of the trainer offered by Defendant.  Within sixty (60) days

25 after the Effective Date, Defendant shall submit for review and approval to the EEOC and the

26 Monitor a description of the trainings to be provided, the training materials, and an outline of the

27 training curriculum.  The training may be conducted by the Monitor.  If Monitor is unable to

28 provide the training or Defendant otherwise elects to hire a third party to provide the training,

Defendant will submit to the EEOC or the Monitor the identity and qualifications of the qualified third-party trainer selected who must speak fluently English, Spanish, and any other languages spoken by more than five percent of National Raisin employees.

4.    *Introductory Video.*  Defendant shall begin each training with a short video from the President or Chief Executive Officer or similarly situated position, emphasizing that sexual harassment prevention, civility, and maintaining a respectful workplace are high priorities for Defendant, and that Defendant will ensure that no complainant is subjected to retaliation for complaining about harassment.  The message shall include a commitment towards accountability to and safety of its workforce, promising severe consequences for those found to sexually harass individuals or threaten, intimidate, or otherwise prevent or deter individuals from complaining about sexual harassment.

5.    *New Employee Orientation.*  Within forty-five (45) days of the Effective Date, Defendant shall implement a brief oral orientation ("Orientation") for all new employees and temporary staffing workers to be provided within five (5) days of their start date. The Orientation shall review Defendant's complaint procedures and explain where employees can find related policies and procedures and contact information.  The Orientation shall emphasize that (a) Defendant takes seriously all allegations of sexual harassment and retaliation and encourages employees to notify both Defendant's human resources personnel and/or its staffing agencies if they become aware of potential sexually harassing and/or retaliatory conduct; (b) complainants are protected from retaliation; and (c) prompt and proportionate corrective action will be taken if Defendant finds that sexual harassment or retaliation occurred.

6.    *Compliance Training for All Employees.*  All non-supervisory National Raisin employees shall be required to attend a Compliance Training focusing on sexual harassment, discrimination, and retaliation, lasting at least one (1) hour in duration.   Temporary workers shall be required to attend after working for Defendant for sixty (60) days.  The training under this section shall cover:

(a) the role and purpose of Title VII, and what constitutes unlawful sexual harassment (quid pro quo and hostile work environment) and retaliation;

(b) examples of comments and conduct that alone or together may rise to the level of unlawful sexual harassment or create a presumption of unlawful retaliation (including what constitutes protected activity, adverse action, and evidence suggesting retaliatory motive);

(c) employees' rights and responsibilities under Title VII and this Decree if they experience, observe, or become aware of conduct that they believe may be sexual harassment or retaliation, and the role of the Monitor in ensuring Defendant's compliance with the Decree;

(d) Defendant's responsibilities under Title VII and this Decree when it has knowledge of conduct that may constitute sexual harassment or retaliation, potential consequences where it fails to maintain adequate complaint procedures and/or take reasonable steps to investigate and/or correct alleged harassment;

(e) Preventing sexual harassment and bystander intervention; and

(f) Defendant's Final Policy as outlined in Section XI.C and the Internal Complaint Procedure in Section XI.D, including consequences where individuals violate the anti-harassment and retaliation provisions or fail to enforce complaint procedures.

The training shall encourage employees that experience or witness sexually harassing and/or retaliatory conduct to report it and emphasize the consequences for employees that engage in prohibited conduct or threaten, intimidate or deter employees from complaining about prohibited conduct.

7. *Management and Human Resources Training*

All owners, executives, managers, supervisors,  human resources representatives, and any other personnel with authority to hire, discipline, promote, transfer, or terminate employees or to respond to complaints of discrimination or harassment shall attend a separate Management and Human Resources Training of at least two (2) hours duration that focuses on (a) sexual harassment and retaliation and how to prevent and correct it; and (b) proper investigative techniques, including the scope of an investigation, how to deal with alleged repeat offenders, and avoiding conduct that chills complainants and witnesses.   The training shall require the participation of all attendees in role play scenarios and/or other interactive activities designed to ensure understanding of their roles and responsibilities in preventing and correcting sexual

harassment and retaliation.  The trainings under this section shall include:

(a) Defendant's obligations under the Decree, the role of managers, supervisors, staffing agencies, and human resources in complying with the Decree, and Defendant's duty to protect its employees and temporary workers where it has knowledge of sexual harassment occurring in its workplace;

(b) consequences for individuals found to have more likely than not engaged in conduct that may be considered sexual harassment or retaliation;

(c) how to respond to alleged sexual harassment and retaliation in the workplace, including:

(1)    their duty to conduct thorough, fair, neutral and prompt investigations, including determining the proper scope of investigation; impartially interviewing all relevant witnesses, including employees the staffing agencies; reviewing all relevant evidence; and creating written investigative reports that document all investigatory steps, findings and conclusions, actions taken, and all complaints, notes of interviews and other evidence reviewed;

(2)    how to recognize and prevent sexual harassment and retaliation, including risk factors for harassment and retaliation and specific actions that may minimize or eliminate the risk of either;

(3)    the "more likely than not" standard of proof for substantiating a complaint of alleged sexual harassment or retaliation and its relation to the scope of the investigation;

(4)    their duty to take proportionate corrective action reasonably calculated to end harassing conduct and prevent future harassment in Defendant's workplace, including types of preventative and corrective actions and circumstances under which those preventative or corrective actions may or may not constitute reasonable steps;

(5)    post-investigation procedures for monitoring the workplace after receiving a complaint of sexual harassment or retaliation to ensure no further harassment occurs and complainants and witnesses are not subject to threats, intimidation, or retaliatory actions; and

(d)    the presumption of retaliation created where an employer takes adverse employment action against a complainant or participant in an investigation, and a strict prohibition on conduct and comments that would deter, intimidate, or threaten employees from filing complaints of sexual harassment.

After the first training under this Decree, subsequent trainings shall include recent developments, if any, relating to an employer's obligations under Title VII with respect to unlawful harassment and retaliation and how to prevent and correct such conduct.

8.    *Verification of Training.*  On a semi-annual basis, Defendant shall produce to the EEOC and to the Monitor documents verifying the occurrence of all training sessions conducted as required under this Decree, including the written training materials used, a description of the training provided, a list of the individuals who conducted the training, and copies of sign in sheets for attendees at each training session.

F.    <u>Complaint Log</u>

1.    Within forty-five (45) days of the Effective Date, Defendant shall establish a complaint log that is approved by the Monitor, for centralized tracking of all formal and informal complaints regarding discrimination, harassment or retaliation and the monitoring of such complaints to prevent retaliation. This system shall be searchable by name of complainant and alleged perpetrator, and shall contain, for each complaint or investigation of sexual harassment or retaliation, at least the following information:

(a)    name, contact information, job title, dates of employment or assignment, and direct employer of the person making the complaint;

(b)    date(s) of receipt of complaint by Defendant and/or a staffing agency (including all oral and written complaints);

(c)    a description of the complaint;

(d)    name(s), job title(s), and direct employer(s) of all persons to whom the complaint was made;

(d)      name(s), job title(s), date(s) of employment or assignment, and direct employer(s) of the alleged perpetrator(s) of discrimination harassment and/or retaliation, and number of complaints made previously against the alleged perpetrator(s)

(e)      dates of investigation;

(f)      name(s), job title(s), and direct employer(s) of all individuals involved in the investigation and their respective roles,

(g)      name(s), job title(s), and direct employer(s) of all individuals interviewed during the investigation;

(h)      a summary of the investigation;

(i)      a summary of the communication and coordination between Defendant and staffing agencies regarding the complaint and investigation;

(j)      a summary of the resolution of the complaint investigation, including whether the complaint was substantiated, and what corrective action was taken, if any; and

(n)       a summary of communication with the complainant regarding the complaint resolution.

2.      The Monitor shall review the Complaint Log and the underlying documents including the investigations on a monthly basis to ensure Defendant is properly addressing and tracking complaints.  The Monitor shall assess the scope of the investigation and whether corrective and preventative measures taken were effective and complaints and investigations were properly documented and tracked, and provide feedback to Defendant to enhance accountability and consistency. The Monitor shall also evaluate all employment actions taken regarding complainants and whether it may be retaliatory and provide feedback to Defendant. The Monitor shall intervene if it determines the alleged perpetrator has been accused of sexual harassment and/or retaliation more than once or Defendant is retaliating against a complainant. The Monitor shall report back to the EEOC in its semi-annual report regarding whether Defendant is properly tracking and responding to sexual harassment and/or retaliation complaints by conducting a prompt, thorough, and impartial investigation, took corrective action reasonably effective in stopping and preventing further harassment, and ensured complainants did not face retaliation.

-24-

3.     Defendant shall maintain the database throughout the duration of this Decree and shall produce it to the EEOC on a semi-annual basis.

G.     Toll-Free Complaint Hotline

Within thirty (30) days of the Effective Date, Defendant shall create a Hotline for reporting complaints of discrimination, harassment, or retaliation ("Hotline").  The Hotline shall be available in English, Spanish, and any other languages commonly spoken by more than five percent of its employees in its workplace. The Hotline shall be operational seven days per week, 24 hours per day, record all incoming and outgoing communications, and, if available, track and log inquiry and response times.  Inquiries received by the Hotline shall be incorporated into the Complaint Log.  The Hotline shall offer the option to make an anonymous complaint. Once a complaint is received, Defendant will contact the complainant within 24 hours and follow the internal complaint procedure.  The Monitor shall review and evaluate Defendant's effectiveness and responsiveness to Hotline complaints.

Defendant shall include in its Final Policy (a) a statement that Defendant prohibits sexual harassment and takes seriously all allegations of harassment and retaliation; (b) a statement that all employees and temporary workers may complain about discrimination, harassment or retaliation via the Hotline, available 24-hours per day via telephone, or by email; and (c) a direct toll-free phone number for the Hotline and email address and phone number of the human resources representatives.  Defendant shall also post a flyer in areas frequented by employees that provides the same information regarding the Hotline, including listing the phone number and email address for lodging complaints.

H.     Posting of Notice

Within thirty (30) days of the Effective Date, Defendant shall distribute copies of the Notice attached as Exhibit A by sending electronic copies to all employees.  The Notice shall be printed in legible font and include a translation into Spanish and any other language(s) spoken by at least five percent of National Raisin's employees.  Defendant shall also distribute the Notice to new employees when it distributes the Final Policy.   Defendant shall annually confirm it distributed the Notice to all employees.

I.      Performance Evaluations for EEO Compliance

1.      With the assistance of the Monitor, Defendant shall develop, implement, or revise its performance evaluation forms for managers, supervisors, and human resources representatives, to include measures for performance on compliance with Defendant's Final Policy.

2.      Within forty-five (45) days of the Effective Date, Defendant shall provide the EEOC a copy of its proposed performance evaluation forms

J.      Relationship with Staffing Agencies

Within sixty (60) days of the Effective Date, Defendant shall provide a written communication to all staffing agencies that Defendant does business with that it should:

(a) enforce policies and procedures that are substantially similar to the Final Policy;

(b) communicate regarding all complaints of sexual harassment and/or retaliation alleged to have occurred in Defendant's workplace;

(c) notify the human resources personnel for Defendant and for the staffing agency within 24 hours of receiving a complaint alleging sexual harassment or retaliation in Defendant's workplace;

(d) coordinate investigations to the extent possible and in compliance with any other legal obligations, into all complaints of sexual harassment and/or retaliation alleged to have occurred in Defendant's workplace, and delineate duties of Defendant and its staffing agencies in the investigation;

(e) maintain communication and freely share with each other information and records that may be relevant to investigations or resolution of complaints of sexual harassment,  retaliation, and/or the prevention of further harassing or retaliatory conduct to the extent possible and in compliance with any other legal obligations,; and

(f) coordinate and take appropriate remedial action.

In its semi-annual report, Defendant shall provide the EEOC with a copy of its written communication for each staffing agency.

Defendant will work with the Monitor to develop and/or evaluate protocols to ensure that

there are proper mechanisms for handling complaints raised by temporary workers and to request that staffing agencies inform Defendant of complaints of sexual harassment and retaliation when raised by temporary workers regarding National Raisin employees.

K.   Human Resources Department

The Monitor shall be permitted to freely communicate with Defendant's human resources representatives and any other persons involved in responding to complaints.  Defendant shall ensure that its human resources representatives together have the language capabilities necessary to communicate with its employees and temporary workers, including at least one human resources representative who speaks Spanish.

L.   Recordkeeping

Defendant shall work with the Monitor to establish a record-keeping procedure that provides for the centralized tracking of discrimination, harassment, and retaliation complaints and the monitoring of such complaints to prevent retaliation.  The records to be maintained shall include:

1.      All communications with the Monitor, Claims Administrator, and the EEOC;

2.      All documents and communications related to any complaint of sexual harassment or retaliation, including its investigation and resolution;

3.      All documents generated in connection with the overseeing, counseling, and disciplining of employees determined to have engaged in behavior that violates the Final Policy;

4.      All personnel and performance related documents for any person that reports sexual harassment;

5.      All documents related to any person that reports sexual harassment;

6.      All documents generated in connection with the audits conducted by the Monitor;

7.      All forms acknowledging receipt of Defendant's Final Policy;

8.      All documents verifying the occurrence of all training sessions and the content, including sign-in sheets;

9.      All evaluation forms submitted regarding training sessions under this Decree;

10.     Monthly copies of the Complaint Log;

11.     All documents generated in connection with Defendant's Hotline;

12.     All communications with staffing agencies regarding this Decree; and

13.     All documents related to compliance with the terms of the Decree.

Defendant shall make the aforementioned records available to the EEOC within twenty-one (21) days following a written request by the EEOC.

M.     Reporting

1.     *Initial Reporting*. Defendant shall comply with all deadlines outlined in the Decree.  Within ninety (90) days of the Effective Date, the Monitor shall submit a report to the EEOC summarizing Defendant's obligations under the Decree, its compliance, and the work performed to date.

2.     *Semi-Annual Report by Defendant*

Within one-hundred and eighty (180) days of the Effective Date, and semi-annually thereafter, Defendant and the Monitor shall submit to the EEOC a report containing the following information and/or documents for the applicable time period:

a.     a statement confirming Defendant's compliance with "Claimant Specific Injunctive Relief";

b.     a report regarding rehiring of eligible and qualified Eligible Claimants;

c.     a statement confirming Defendant has distributed its Final Policy pursuant to this Decree and the number of signed acknowledgements of receipt of the Final Policy;

d.     a statement confirming that Defendant has complied with the training requirements of this Decree, with a description of the trainings conducted, a list of the trainers, and copies of training evaluation forms, written training materials, and sign-in sheets;

e.     copies of the Complaint Log, with a summary of the procedures and recordkeeping methods in effect for centralized tracking and monitoring of complaints;

f.     a statement confirming Defendant operates a Hotline that complies with this Decree and has posted the flyer in its workplace;

g.     a statement confirming the implementation of the performance evaluation forms for EEO compliance and a copy of the final performance evaluation form;

h.   a statement confirming that the Notice attached as Exhibit A has been posted in Defendant's workplace and distributed per this Decree;

i.   a statement confirming that Defendant has sent a written communication to all staffing agencies with which it does business in compliance with Section XI.J and copies of the communications;

j.   The status of Defendant's compliance with any other terms of the Decree; and

k.   A copy of the Final Policy and any proposed changes to the Final Policy.

3.   *Semi-Annual Report by Monitor*

Within one-hundred and eighty (180) days of the Effective Date, and semi-annually thereafter, the Monitor shall submit to the EEOC and Defendant a report that reviews all the Monitor's responsibilities and describes all work performed under this Decree.  The report shall include a detailed evaluation by the Monitor of the work environment and Defendant's efforts to comply with this Decree and Title VII, including steps taken to protect employees from sexual harassment and retaliation, remove repeat offenders, and foster a work environment free from fear of retaliation.   The Monitor shall provide recommendations going forward and summarize the recommendations provided already to Defendant and whether such recommendations have been implemented.

Within two (2) years of the Effective Date, the Monitor shall provide to the EEOC and Defendant its recommendation regarding whether the Decree should sunset after two and a half (2.5) years.  This recommendation may be included as part of the Monitor's semi-annual report. The recommendation shall include an explanation of the Monitor's reasoning, including a summary of the progress made by National Raisin in preventing sexual harassment in the workplace.

3.   *Exit Report*

Defendant shall report to the EEOC at least 90 days prior to the expiration of this Decree regarding its compliance with this Decree.  Separately, the Monitor shall report to the EEOC at least 90 days prior to the expiration of this Decree covering all the Monitor's responsibilities and

provide feedback regarding Defendant's compliance with this Decree and Title VII and whether Defendant has effectively prevented and corrected further sexual harassment and retaliation from occurring.

## XII.   COSTS OF ADMINISTRATION AND IMPLEMENTATION OF DECREE

A.      Defendant shall bear all costs associated with its administration and implementation of its obligations under this Consent Decree.

## XIII.   COSTS AND ATTORNEYS' FEES

A.      Defendant shall bear all costs associated with its administration and implementation of its obligations under this Decree. Each Party shall bear its own costs of suit and attorneys' fees.

## XIV.   MISCELLANEOUS PROVISIONS

A.      Unless otherwise stated, all notices, reports, and correspondence required under the Decree shall be sent (1) by U.S. Mail to the attention of Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, California, 90012; or (2) by email to lado.legal@eeoc.gov.  Defendant shall maintain copies of all such notices, reports, and correspondence for at least the term of the Decree.

B.      During the term of this Consent Decree, Defendant shall provide any potential successor-in-interest with a copy of this Consent Decree within a reasonable time of not less than thirty (30) days prior to the execution of any agreement for acquisition or assumption of control of any or all of Defendant's facilities, or any other material change in corporate structure, and shall simultaneously inform the EEOC of the same.

C.      During the term of this Consent Decree, Defendant shall ensure that each of its owners, executives, officers, human resources representatives, managers, supervisors, and staffing agencies receive a copy of the Decree and are aware of any term(s) of this Decree which may be related to their job duties and/or obligations.

D.      Plaintiff shall not issue a press release regarding the settlement of this Action until the Decree is approved by the Court.

## XV.   EEOC REPORTING REQUIREMENTS UNDER
## IRC SECTIONS 162(f) AND 6050X

The EEOC may be required to report the fact of this settlement to the IRS under Section 162(f) and 6050X of the Internal Revenue Code which allow for certain payments by employers to be deducted from the employer's taxes. If the EEOC is required to do so, the EEOC will provide the employer with a copy of the 1098-F form that it will provide to the Internal Revenue Service (IRS).

1.  Within ten (10) business days of the signing of this Decree, Defendant agrees to provide the EEOC 1) the Defendant's EIN and 2) the individual and physical address to whom the EEOC should mail the copy of the Form 1098-F, if the EEOC is required to issue one. This identified individual must be an employee of Defendant.

2.  The EEOC has made no representations regarding whether the amount paid pursuant to this settlement qualifies for the deduction under the Internal Revenue Code.

3.  The provision of the Form 1098-F by the EEOC does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met.

4.  Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the EEOC.

5.  The parties are not acting in reliance on any representations made by the EEOC regarding whether the amounts paid pursuant to this agreement qualify for a deduction under the Internal Revenue Code.

## XVI.   COUNTERPARTS AND FACSIMILE SIGNATURES

This Decree may be executed in several counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same instrument. All of such counterpart signature pages shall be read as though one, and they shall have the same force and effect as though all the signers had signed a single signature page. Electronically transmitted executed copies of this Decree shall be fully binding and effective for all purposes whether or not originally executed documents are transmitted to the other party. Fax signatures on documents are to be treated the same as original signatures.

The Parties agree to entry of this Decree and judgment subject to final approval by the Court.   All parties, through the undersigned, respectfully apply for and consent to the entry of this Decree as an Order of this Court.


Respectfully submitted,

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

Dated: February___, 2024          By:   _____
                                        Anna Y. Park, Regional Attorney
                                        Attorney for Plaintiff EEOC




Dated: February____, 2024         By:   _____
                                        Paul J. Bauer
                                        Attorney for Defendant Sunshine Raisin
                                        Corporation, dba National Raisin Company




Dated: February___, 2024          By:   _____

                                        Chief Executive Officer for Defendant Sunshine
                                        Raisin Corporation, dba National Raisin Company

[~~PROPOSED~~] ORDER

The Court approves the provisions of the foregoing Consent Decree and orders compliance with all provisions thereof.  The Court retains jurisdiction over this Consent Decree until its termination, as determined by this Court.

IT IS SO ORDERED.

Dated:   **March 11, 2024**

UNITED STATES DISTRICT JUDGE

# EXHIBIT A

## NOTICE TO EMPLOYEES

The U.S. Equal Employment Opportunity Commission ("EEOC") filed a lawsuit in the United States District Court for the Eastern District of California against Sunshine Raisin Corporation dba National Raisin Company ("National Raisin") and Real Time Staffing Services, LLC dba Select Staffing ("Select Staffing"), Case No. 1:21-cv-01424-NONE-HBK. The EEOC alleged that a class of employees were subjected to sexual harassment, constructive discharge, and/or retaliation while working at National Raisin in violation of Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 2000e *et seq.* ("Title VII"). National Raisin and the EEOC have agreed to resolve the lawsuit, and have entered into a Consent Decree in which National Raisin agreed to pay monetary relief and to implement various additional measures such as engaging an independent EEO Monitor, revising anti-discrimination policies and procedures, training, tracking complaints, and providing EEOC with periodic reports.

National Raisin is committed to complying with federal anti-discrimination laws in all respects and encourages reporting any such conduct. Sexual harassment and retaliation will not be tolerated. Any employee who files a complaint or charge of discrimination, gives testimony or assistance, or participates in any manner in an investigation will be protected from retaliation.

Federal law prohibits harassment or discrimination against any employee or applicant for employment because of a person's age, disability, race, sex, color, religion or national origin, with respect to hiring, compensation, promotions, discharge, and terms and conditions or privileges of employment. Federal law also prohibits retaliation against those who oppose or resist harassment or discrimination or participate in investigations regarding complaints of discrimination.

If you believe that you have been subjected to sexual harassment or retaliation, you may follow National Raisin's complaint procedures and/or you may seek assistance from the EEO Monitor, [NAME] at [EMAIL AND PHONE INFORMATION]. You may also contact the EEOC:

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
2500 Tulare Street, Suite 2601
Fresno, CA 93721
Phone: (559) 753-8480 (Option 1 for Spanish)
Email: FRESGOV@eeoc.gov

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE.**

This Notice shall remain posted for a term of five (5) years.

~~PROPOSED~~ CONSENT DECREE: National Raisin