Anna Y. Park, SBN 164242
Nakkisa Akhavan, SBN 286260
Andrea Ringer, SBN 307315
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone:  (213) 785-3083
Facsimile:  (213) 894-1301
Email:  lado.legal@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> SUNSHINE RAISIN CORPORATION dba National Raisin Company; REAL TIME STAFFING SERVICES, LLC dba Select Staffing; and DOES 1-10, inclusive, <br><br> Defendants. | Case No.:  1:21-cv-01424-JLT -HBK <br><br> **[PROPOSED] CONSENT DECREE RE: DEFENDANT REAL TIME STAFFING SERVICES, LLC dba Select Staffing** |

## I.   **INTRODUCTION**

Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC" or "Plaintiff") and Defendant Real Time Staffing Services, LLC dba Select Staffing ("Defendant Select") (collectively, the "Parties") hereby stipulate and agree to entry of this Consent Decree (the "Decree") to fully and finally resolve Plaintiff's complaint against Defendant Select in *U.S. Equal Employment Opportunity Commission v. Sunshine Raisin Corporation dba National Raisin Company, et al.*, Case No. 1:21-cv-01424-JLT-HBK (the "Action").

On September 24, 2021, the EEOC filed the Action in the United States District Court,

Eastern District of California, for alleged violations of Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 2000e *et seq.* ("Title VII"). The Action alleged Defendant Sunshine Raisin Corporation dba National Raisin Company ("Defendant National") and Defendant Select (collectively, "Defendants") subjected the Charging Parties and a class of similarly aggrieved individuals (collectively, the "Claimants") working at Defendant National to discrimination based on sex, including a sexually hostile work environment, retaliation and constructive discharge. Specifically, the EEOC alleged that employees of Defendant National sexually harassed temporary employees sent to Defendant National by Defendant Select, and that Defendant Select knew, or should have known of the harassment and failed to respond to that information. This Decree resolves claims against Defendant Select only. Defendant Select denies all allegations of discrimination and wrongdoing of any kind against it. Entry of this Consent Decree does not constitute an admission of liability by Defendant Select.

## II.   PURPOSES AND SCOPE OF THE CONSENT DECREE

The Parties agree that the EEOC's claims against Defendant Select in the Action should be fully and completely resolved by entry of this Decree with Defendant Select. This Decree is made and entered by and between the EEOC and Defendant Select and shall be binding on and enforceable against Defendant Select and its successors, and assigns during the duration of this Decree as specifically set forth below. Defendant Select will ensure that its officers, directors, and agents do not interfere with the relief herein ordered and cooperate as needed in the implementation of this Decree. The terms of this Decree shall apply to Defendant Select's branches in its Central Valley Region of California ("Central Valley Branches"), including its offices in Fresno, Visalia, and Madera, with respect to its operations that supply temporary workers (hereinafter referred to as "Placed Employees) who are placed in assignments with customers of Select (and not Defendant's internal, non-temporary employees, hereinafter referred to as "Supervisory Employees"), unless otherwise indicated. The Parties enter into this Decree to resolve disputed claims and avoid the time, expense, and uncertainty of further litigation.

### III.   RELEASE OF CLAIMS

A.      This Decree fully and completely resolves all issues, claims, and allegations raised by the EEOC against Defendant Select in this Action, including EEOC Charge Nos. 485-2017-00319, 485-2016-00403, and 485-2017-00321.

B.      Nothing in this Decree shall be construed to limit or reduce Defendant Select's obligation to comply fully with Title VII or any other federal employment statute.

C.      Nothing in this Decree shall be construed to preclude the EEOC from bringing suit to enforce this Decree under Section VI to the extent Defendant Select fails to comply with the terms this Decree.

D.      This Decree in no way affects the EEOC's right to bring, process, investigate or litigate charges that are not related to this Action and may be in existence or may later arise against Defendant Select in accordance with standard EEOC procedures.

### IV.   JURISDICTION

A.      The Court has jurisdiction over the parties and the subject matter of this Action.  The Action asserts claims that, if proven, would authorize the Court to grant the relief.

B.      The Court finds the terms and provisions of this Decree are fair, reasonable and just.

C.      This Decree conforms to the Federal Rules of Civil Procedure and Title VII and does not derogate the rights or privileges of any person.  The entry of this Decree will further the objectives of Title VII and be in the best interests of the Parties.

D.      The Court shall retain jurisdiction over this Action for the duration of the Decree for the purposes of entering all orders, judgments and decrees that may be necessary to fully implement the relief provided herein.

### V.   EFFECTIVE DATE AND DURATION OF DECREE

A.      The provisions and agreements contained herein are effective on the date which this Decree is entered by the Court ("Effective Date").

B.      Except as otherwise provided herein, this Decree shall remain in effect for three (3) years after the Effective Date. However, this Decree may sunset two and a half (2.5) years after the Effective Date if the EEOC in its sole discretion determines that Defendant Select has

substantially complied with the terms and conditions of the Decree as of 2.25 years after the Effective Date, with such determination not to be unreasonably withheld.

## VI.    COMPLIANCE AND DISPUTE RESOLUTION

A.    EEOC Review Regarding Compliance

The EEOC may review Defendant Select's compliance with any provision of this Decree upon reasonable notice. The EEOC may request copies of documents created or received by the Defendant Select in connection with its compliance with this Decree.  Defendant Select will comply with any such request to review within thirty (30) days of the EEOC's request.

B.    Dispute Resolution

1.    The Parties agree that if the EEOC reasonably believes that Defendant Select has failed to comply with any provision of this Decree, the EEOC may bring an action before this Court to enforce the Decree.  The EEOC may immediately initiate an enforcement action in this Court for non-compliance related to non-payment of monies under this Decree. For other disputes regarding Defendant Select's compliance, the EEOC will notify Defendant Select and their legal counsel of record, in writing, of the nature of the dispute prior to initiating an enforcement action and Select will have a reasonable amount of time to address the EEOCs' concerns and take any necessary corrective action but no more than thirty (30) days unless the EEOC agrees. This notice shall specify the particular provision(s) with which the EEOC believes Select has failed to comply.

2.    The Parties agree to cooperate with each other and use their best efforts to resolve any dispute referenced in the notice of the alleged non-compliance.

3.    The EEOC may initiate an enforcement action in this Court for non-compliance related to non-monetary terms thirty (30) days after providing notice of the nature of the dispute, if the Parties have reached no resolution or agreement to extend the time further, to the extent the alleged non-compliance has not yet been remedied.  The EEOC may apply to the Court for appropriate relief relative to enforcement of the Decree.

4.    EEOC may petition this Court for resolution of the dispute, seeking all available relief, including an extension of the term of the Decree and/ in securing compliance with the

Decree. Select may oppose any such request on any grounds recognized by law.

## VII.   MODIFICATION AND SEVERABILITY

A.     This Decree constitutes the complete understanding of the Parties with respect to the matters contained herein.  No waiver, modification or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each Party.

B.     If one or more provisions of this Decree are rendered unlawful or unenforceable, the Parties shall make good faith efforts to agree upon the appropriate amendments to this Decree necessary to effectuate its purposes.  If the Parties are unable to reach agreement, the Court shall order the appropriate alternative provisions necessary to effectuate the purposes of the Decree. Should one or more provisions of this Decree be deemed unlawful, all other provisions shall remain in full force and effect.

C.     By mutual agreement of the Parties, subject to the Court's approval, this Decree may be amended or modified in the interests of justice and fairness in order to effectuate the provisions herein.

## VIII.   MONETARY RELIEF

A.     *Class Fund.*  In full settlement of this lawsuit against Defendant Select and all monetary claims asserted in this Action by the EEOC against Defendant Select, Defendant Select shall pay a total gross sum of $500,000.00 in monetary relief ("Total Settlement Amount") within thirty (30) days of the Effective Date into an interest bearing account and provide written verification to the EEOC.  The Total Settlement Amount shall be used to make payments to the Charging Parties and Eligible Claimants identified by the EEOC ("Claimants") before or after the Effective Date in conjunction with a fund of $2,000,000.00 paid by National Raisin as part of its separate settlement with the EEOC.

B.     *Eligibility for Relief.*  The EEOC has sole and complete discretion under the terms of the Decree to determine eligibility for monetary relief, and the amount to which they are entitled. The EEOC shall determine who is a Claimant based on the EEOC's assessment of the facts and of the damages available under Title VII.   Defendant agrees that the EEOC's determination of

these issues is final, and Defendant will neither participate in, nor object to, those determinations.

C.      *Claims Administrator.* Within thirty (30) days of the Effective Date, Defendant Select, in conjunction with Defendant Raisin, shall designate a specific qualified individual or organization ("Claims Administrator"), approved by the EEOC, to oversee the payment of the Class Fund. Defendant Select shall provide the Claims Administrator with a copy of the Decree and ensure the Claims Administrator understands its obligations under the Decree and fulfills them.  If the Claims Administrator initially appointed thereafter fails to fulfill its duties under this Decree, Defendant Select, in conjunction with Defendant Raisin, shall have ten (10) business days to notify the EEOC of a proposed replacement Claims Administrator. Defendant Select shall pay all costs associated with the selection and retention of the Claims Administrator as well as the performance of the Claims Administrator's duties under this Decree and/or share in the costs with Defendant National. The Claims Administrator will work with the EEOC to effectuate the claims process.

D.      *List of Potential Claimants.*  Within thirty (30) days of the Effective Date, Defendant Select shall forward to the Claims Administrator and the EEOC a list of all employees that worked for Defendant Select at Defendant National between January 1, 2015, and the Effective Date ("List of Potential Claimants").  For each identified Potential Claimant, the List shall include all identifying information known to Defendant Select, including their full name, date of birth, social security number, mailing addresses, phone numbers, and email addresses, dates of employment, job titles, departments assigned, and the employee's self-identified sex and gender.

E.      *Claims Notice & Questionnaire*. The EEOC shall create a Claims Notice and a Questionnaire.   The EEOC will provide Select with a copy of the Claims Notice.  The Claims Notice shall explain that the EEOC shall determine eligibility and monetary relief amounts after receipt of a Claims Questionnaire and that Claimants may be eligible for placement on assignment through Select.  To the extent a Claimant asserts that she was a victim of sexual harassment while assigned to work for Defendant Raisin, the Claims Questionnaire shall include an inquiry as to whether the Potential Claimant is interested in returning to work for Defendant Select in an available position for which she is qualified. The Claimant will be required to

6

participate in the same onboarding process as any other applicant and will be subject to the same screening and other requirements as any other applicant. The Claims Notice shall provide phone and email contact information for the Claims Administrator, who shall be available to answer questions by Potential Claimants.  The Claims Administrator shall send the Claims Notice via electronic and U.S. mail to the individuals included on the List of Potential Claimants, within ten (10) business days of receipt of the EEOC's Claims Notice and Questionnaire.  The Questionnaire may be returned via electronic or U.S. mail to the Claims Administrator.  On a weekly basis, the Claims Administrator shall provide the EEOC with an electronic copy of all Questionnaires received to date.

F.      *Undeliverable Mailings*.  Within thirty (30) days of sending of the Claims Notice, the Claims Administrator shall notify the EEOC of undeliverable mailings and attempt to obtain accurate contact information for those Potential Claimants.  The Claims Administrator shall conduct database searches using Accurint or a similar system to find the Potential Claimant's most recent contact information, including phone number, email address and mailing address. If the Claims Administrator finds more recent contact information, the Claims Administrator shall resend the Claims Notice to the new address.  If the Claims Administrator fails to find a more recent mailing address, the Claims Administrator shall notify the EEOC and describe its efforts to locate such employee(s) within ninety (90) days of mailing of the Claims Notice.

F.      *Distribution Lists.*  The EEOC shall provide the Claims Administrator and Defendant Select with one or more lists of the Claimants who will be receiving payment. The EEOC shall provide the Claims Administrator with the Claimant's name, phone number, email and mailing address, and amount to be paid ("Distribution List"). All funds remaining at the expiration of this Decree shall be distributed according to a Final Distribution List provided by the EEOC. Within ten (10) days of the EEOC providing a Distribution List, the Claims Administrator shall send via certified mail a check for the full amount specified by the EEOC to each eligible Claimant at the Claimant's mailing address provided to the Claims Administrator by the EEOC. Within three (3) business days of issuance of settlement checks, Claims Administrator shall submit copies and any related correspondence to the EEOC.

F.     *Characterization of Relief.*  The EEOC has the sole discretion to characterize the monetary relief amount to each Claimant as wage or non-wage compensation.  The Claims Administrator shall obtain necessary tax-related documents from Claimants prior to making payment. Defendant Select and/or the Claims Administrator shall issue the necessary tax documents, as applicable, within a reasonable time period.  For non-wage compensation, the Claims Administrator and/or Defendant Select shall issue Claimants a Form 1099.  No tax withholdings shall be made for non-wage compensation.  For wage compensation, the Claims Administrator and/or Defendant Select shall issue Claimants an IRS Form W-2.  The Claims Administrator and/or Defendant Select shall pay the employer's portion of all deductions required by law, including but not limited to FICA and FUTA taxes, which shall not be deducted from payment of the monetary settlement amount(s) to Claimants.  Defendant Select shall make all appropriate reports to the Internal Revenue Service and other tax authorities.

G.     *Undeliverable or Unnegotiated Checks.*   If any checks are returned undeliverable or are not cashed or otherwise negotiated within thirty (30) days after mailing to the Claimants, the Claims Administrator will provide prompt notice to the EEOC of whose checks have not been negotiated.  The Claims Administrator will work with the EEOC to carry out the intent and spirit of the Decree to ensure payments are made to Claimants.  Upon receiving notice from that a Claimant has not negotiated a check, the Claims Administrator and the EEOC will attempt to resolve the issue and provide Defendant Select with an alternative address or delivery method to provide payment to the Claimant.  The Claims Administrator will promptly reissue checks.

## IX.     CLAIMANT SPECIFIC INJUNCTIVE RELIEF

A.     Defendant Select shall remove from its personnel files any references to the charges of discrimination filed against Defendants or Charging Parties or Claimants' participation in this Action. Defendant Select shall provide neutral references about Charging Parties or Claimants and direct all reference inquiries to a Human Resources ("HR") representative, who will provide a neutral employment reference, limited to verifying whether Charging Parties or Claimants were employed by Defendants as a temporary employee, the last position in which they were employed, and the duration of their employment with Defendants.

B.      Charging Parties and Claimants are entitled to seek future placement with Defendant as Placed Employees and are not prohibited from being placed on assignment through Defendant. If a Claimant completes the onboarding process and is hired, the Claimant will be considered for placement in an available position for which she is qualified. Claimants will not be given any special treatment or placed ahead of other qualified applicants. In order to be considered for placement, Claimants must follow instructions on policies, including, but not limited to, contacting the Branch office to advise of their availability and interest in placement in an open position. The Monitor will cross reference the list of placements with the list of Claimants and will report to the EEOC semi-annually regarding placement of Claimants, listing all Claimants who were placed into an available position in the prior 6-month period. The Monitor will also report regarding Claimants who applied for placement and that completed onboarding but were not placed.

## X.      GENERAL INJUNCTIVE RELIEF

A.      <u>Anti-Discrimination</u>

        Defendant Select, its directors, officers, agents, subsidiaries, affiliates, management (including all supervisory and lead employees), successors, assigns, and all those in active concert or participation with them, or any of them, shall not: (i) engage in harassment in violation of Title VII, including harassment of any employee on the basis of their sex and/or gender; (ii) engage in or become a party to any action, policy, or practice that is intended or is known to have the effect of discriminating and/or creating a hostile work environment in violation of Title VII, including on the basis of any employee's sex/gender; or (iii) create, facilitate, or permit a hostile work environment that is hostile to employees in violation of Title VII, including on the basis of sex and/or gender. In this respect, Defendant Select shall take prompt corrective action to address any such discrimination or harassment of which it has actual or constructive knowledge taking place at entities subcontracted to or in active concert or participation with Defendant Select.

B.      <u>Anti-Retaliation</u>

        Defendant Select, its directors, officers, agents, subsidiaries, affiliates, management

9

(including all supervisory and lead employees), successors, assigns, and all those in active

concert or participation with them, or any of them, shall abide by Title VII and shall not engage

in or implement any action, policy, or practice that retaliates against any current or former

employee or applicant because they have: (i) opposed any practice that he or she believed to be

discriminatory, harassing, or retaliatory; (ii) filed a charge of discrimination alleging such a

practice; (iii) testified or participated in any manner in any investigation (including any internal

investigation undertaken by Defendant Select) or proceeding in connection with this case and/or

relating to any claim of a Title VII violation; (iv) been identified as a possible witness or

claimant in this Action; (v) asserted any rights under this Decree; (vi) sought and/or received any

relief in accordance with this Decree; or (vii) is associated with an employee who has engaged in

the activities set forth above.   In this respect, Defendant Select shall take prompt corrective

action to address any such retaliation of which it has actual or constructive knowledge taking

place at entities subcontracted to or in active concert or participation with Defendant Select.

## XI.    SPECIFIC INJUNCTIVE RELIEF

A.    Equal Employment Opportunity Monitor

Within thirty (30) days after the Effective Date, Defendant Select shall designate one of

its own employees as its Equal Employment Opportunity Monitor ("Monitor"), approved by the

EEOC, with demonstrated experience in the areas of preventing and combatting sexual

harassment in the workplace.  The Monitor shall have access to documents and employees of

Defendant Select and shall monitor Defendant Select's compliance with Title VII, and the

provisions of this Decree.  In the event the Monitor can no longer perform his or her

responsibilities, Defendant Select shall immediately notify the EEOC and the EEOC shall work

with Defendant Select in its decision to select a replacement.  Defendant Select shall bear all

costs associated with the selection and retention of the Monitor and the performance of the

Monitor's duties.

For the term of the Decree, the Monitor's responsibilities shall include:

1.    Identify any areas for improvement in Defendant Select's response to complaints

of sexual harassment;

2.      Reviewing Defendant Select's policies, practices, and procedures regarding discrimination and complaint procedures, to include a clear definition and prohibition of sexual harassment, an effective and accessible complaint mechanism, and wide distribution and accessibility of those policies to all Defendant Select's employees to ensure they know how to file a complaint regarding discrimination;

3.      Reviewing Defendant Select's training curriculum and implementation of training to ensure the trainings are effective in communicating how to identify sex-based harassment or discrimination, that Defendant Select does not tolerate sex based harassment or discrimination, the importance of documenting such complaints, and the need to follow-up where multiple allegations are received;

4.      Assisting Defendant Select with the maintenance of a Complaint Log described below, including the creation of a centralized tracking system, and reviewing the Complaint Log and underlying documentation for complaints of sexual harassment or retaliation allegedly related to reporting sexual harassment;

5.      Reviewing, evaluating, and monitoring all alleged sexual harassing or retaliatory conduct related to sex harassment, including reviewing documents related to complaints, investigations and resolution, to track and provide feedback and oversight on Defendant's practices regarding; documenting complaints received by Defendant Select alleging harassment or retaliation related to reporting of sexual harassment, including the retention and maintenance of relevant documents and records to ensure all complaints are properly documented and tracked; investigation, resolution, and proper handling by Defendant Select of all complaints received by Defendant Select regarding harassing or retaliatory conduct as to associates; evaluating whether complaints of sexual harassment and/or retaliation are properly documented and handled; reviewing all disciplinary actions taken by Defendant Select in response to complaints of sexual harassment and/or retaliation to ensure discipline is consistent in preventing and correcting the conduct; communication and cooperation between Defendant Select regarding complaints of harassing and/or retaliatory conduct that may affect Defendant's temporary employees; and taking all reasonable steps to prevent and correct further harassment when it concludes an

employee or third party more likely than not engaged in sexual harassment;

6. Ensuring that interested Claimants are not treated differently than other applicants if Claimants apply for re-employment with Defendant Select and not subjected to retaliation in connection with their involvement in this lawsuit;

7. Ensuring that Defendant Select communicates with clients regarding its policies and procedures and regarding the clients' policies and procedures as to Placed Employees, communicates with clients where complaints of sexual harassment are lodged by Select temporary employees and takes reasonable steps to confirm that the client has taken appropriate corrective action. If there are impediments to Defendant Select's ability to carry out this provision, then such limitations will be reported to the Monitor;

8. Preparing an annual report and exit report to the EEOC on Defendant Select's progress and compliance under this Decree;

9. Monitoring and ensuring the retention and maintenance of any documents or records required by this Decree;

10. Monitoring and ensuring the distribution of any documents, notices, policies and procedures as required by this Decree; and

11. Otherwise ensuring Defendant Select's full compliance with the spirit and letter of the terms of this Decree and Title VII.

B.   EEO Compliance Audits

1. *Complaint Audits.* Within ninety (90) days of the Effective Date and on a semi-annual basis thereafter for the duration of the Decree, Defendant Select shall provide the EEOC with a copy of all complaints of sexual harassment and/or retaliation lodged by or on behalf of a Placed Employees in the defined scope during the year of the report, with the first report including any such complaints received between the Effective Date and the date of the report, and documentation describing investigative and corrective actions taken regarding those complaints. Upon request by the EEOC, Defendant shall produce additional documents related to the complaint or investigation, within thirty (30) days of the request.

C.   Policies and Procedures

1.    *Policies and Procedures.*  Within thirty (30) days after the Effective Date, Defendant Select shall review and revise, if necessary, its policies and procedures on discrimination, harassment and retaliation to comply with this Section ("Final Policy").  The Final Policy shall be provided to the EEOC for approval. The Final Policy shall be written in a clear, easy-to-understand style and format, in Spanish and any dominant language(s) spoken by Defendant Select's employees, and be written at a middle-school reading level.  The Final Policy shall be distributed to all Placed Employees on assignment in California and as part of onboarding for new applicants. At all times, the Final Policy shall, at a minimum, include the following:

(i)    A strong and clear commitment to preventing unlawful sex discrimination, including but not limited to sexual harassment;

(ii)   A strong and clear commitment to preventing retaliation;

(iii)  A clear and complete definition of sexual harassment and retaliation;

(iv)   A statement that discrimination based on sex, including but not limited to sexual harassment, and retaliation is prohibited and will not be tolerated;

(v)    A clear and strong encouragement of persons who believe they have been discriminated against or retaliated against to report such concerns;

(vi)   An assurance that appropriate corrective action will promptly be taken to make victims of harassment whole and to eradicate the unlawful conduct;

(vii)  A description of the consequences, including specific disciplinary actions up to and including termination, that will be imposed upon violators of anti-discrimination policies, including reporting requirements;

(viii) A promise of maximum feasible confidentiality for persons who report unlawful discrimination, harassment, and/or retaliation, or who participate in an investigation into allegations of discrimination, harassment, and/or retaliation;

(ix)   An assurance of non-retaliation for persons who report unlawful discrimination, harassment, and/or retaliation, and for witnesses who provide testimony or assistance in the investigation(s) of such unlawful discrimination, harassment, and/or retaliation;

(x)   An assurance that Defendant Select views retaliation against any individual who reports harassment as intolerable conduct that will be addressed immediately and with significant consequences to the retaliating official;

(xi)   A detailed explanation of how complaints or reports can be made by employees, including but not limited to, the identification of all specific individuals, with telephone numbers, cell phone numbers, and e-mail addresses, to whom employees can report their concerns about discrimination, harassment, or retaliation;

(xii)  A clear explanation of the steps an employee must take to report discrimination or retaliation, which must include the options of either an oral or written complaint; and

(xiii) a statement confirming that the Final Policy applies to client worksites, that employees placed at client worksites can raise complaints to Defendant Select regarding harassing or retaliatory conduct by employees of Defendant or its clients, and assurance that complaints of harassment and/or related retaliation will not negatively impact such employees' opportunities to be considered and/or hired into other positions with Defendant and/or its clients.

(xiv) a statement that the Final Policy applies to all persons, including managers, supervisors, recruiters, employees and managers of clients, third parties, customers, and Human Resources employees; and

(xv)  an Internal Complaint Procedure as described below.

2.      *Internal Complaint Procedure*

The Internal Complaint Procedure shall be written in English, Spanish, and, other language(s) deemed necessary by the Monitor, and shall incorporate the following elements:

1.      A statement encouraging employees to ask questions, share concerns, and provide information about potential harassment and/or related retaliation to Defendant, such as by (1) sharing information with the Human Resources Department, or (2) participating candidly in investigations of potential harassment or related retaliation;

2.      A clearly described process for submitting complaints of sexual harassment or discrimination, including at client worksites, that includes multiple avenues for employees to lodge complaints of harassment, discrimination, or retaliation verbally or in writing,

3.     Contact information for lodging complaints, including (a) a direct toll-free phone number and email address or other means of filing a complaint electronically; (b) a toll-free complaint reporting system that Defendant Select will track; and (c) notifying *any* Select recruiter, manager, or Human Resources representative, who will document the complaint and notify HR immediately;

4.     A clearly described process for a prompt, thorough, and impartial investigation of all complaints of discrimination, harassment or retaliation by Defendant Select, including  (a) interviewing all relevant witnesses, including the complainant and employees of Defendant Select and, where and when possible, the client of Select; (b) communicating with the client of Select; (c) review of all relevant evidence; and (d) creation of written investigative reports that document all investigatory steps, any findings and conclusions, and any actions taken, and including all complaints, notes of interviews and other relevant evidence; and (e) recommending corrective and preventative measures.

5.     Assurance that no complainant shall be required to confront his or her accuser and that the confidentiality of the complaint, complainant and investigation shall be kept to the fullest extent possible;

6.     An explanation as to how a determination will be made as to whether or not unlawful discrimination, harassment or retaliation occurred, including that Defendant Select's investigation will determine whether it is more likely than not that the unlawful conduct happened;

7.     Recordkeeping of all complaints of discrimination, harassment, and retaliation in a complaint log;

8.     Resolution of all complaints of discrimination, harassment, and retaliation, by Defendant Select, in a timely and effective manner;

9.     Assurance that Defendant Select will encourage any complainant to contact Defendant Select following resolution of a complaint if the complainant has any questions or concerns about how the complaint was handled and/or if any further issues of concern arise;

10.     A requirement that any employee in a recruiter, supervisor, or Human Resources

position document and report any and all observations or complaints of potential sexual harassment, discrimination, or retaliation to Defendant Select's Human Resources Department and the Human Resources Department of the client as reasonably may be practical and appropriate under the circumstances, and that failure to carry out this duty is grounds for disciplinary action;

11.     A requirement that Defendant Select take reasonable steps to communicate to clients of the Central Valley Branches the expectation that adequate corrective action must be taken if an investigation substantiates that sexual harassment more than likely occurred; and

12.     An explanation that the internal complaint procedure does not replace the right of any employee to file a charge or complaint of discrimination, harassment or retaliation under any available municipal, state, or federal law, and that filing an internal complaint does not relieve the complainant of meeting any deadline for filing a charge of discrimination.  The procedures shall provide contact information for the EEOC, including its website and complaint phone line, and for state and local Fair Employment Practice (FEP) agencies.

The Monitor shall review and assess the effectiveness of Defendant Select's internal complaint procedure. Specifically, the Monitor shall review and assess the investigations and the handling of complaints regarding sexual harassment, discrimination or retaliation on a semi-annual basis.  Documents and Defendant's personnel involved in handling the complaints and the investigations will be identified and made available to the EEOC.

3.     *Distribution of Final Policy.*  Defendant Select shall distribute the Final Policy to all of Defendant Select's Placed Employees on assignment in California within thirty (30) days of approval by the EEOC, unless Select deems it not reasonably practicable taking into account development of internal systems for distribution via the employee portal.  If distribution is delayed for these reasons, Defendant Select shall notify the EEOC of the estimated time for distribution, but will make every effort to distribute the Final Policy within sixty (60) days of EEOC approval.  Defendant Select shall disseminate the Final Policy by (i) posting copies in clearly visible areas within its California Branch Offices; and (ii) providing copies to each Placed Employee on assignment electronically via the employee portal.  For employees hired and

retained after the Effective Date, Defendant shall disseminate this information at the time of hire. Defendant Select shall distribute its Final Policy to all employees in the language the employee chose to complete onboarding.

D.    Training

1.    *Mandatory Trainings.*  The training regimen set out in Section XI.D shall be mandatory for the Central Valley Branches and each will occur at least three times during the duration of this Decree. The trainings pursuant to this Decree shall occur within forty-five (45) days of approval of training content.  Employees unable to attend the scheduled live training or hired after a Compliance Training are required to attend an alternate training session that is either (a) live and interactive; or (b) a video recording of the live training with an interactive component that can be accessed via the Internet.  Defendant Select shall maintain copies of training sign-in sheets for the duration of the Decree. Any such employees will be paid their normal rate of pay during the trainings in compliance with applicable law.  An EEOC representative may attend any training on reasonable notice to Defendant Select.

2.    *Live & Interactive Training.* All trainings provided pursuant to this Decree shall be live and interactive unless otherwise indicated.  The training shall be conducted in-person or via an online platform with live two-way video limited to one hundred (100) participants per training.  All training sessions shall be recorded and maintained for the duration of the Decree. All trainings and training materials shall be provided in English, Spanish and any other dominant language(s) commonly spoken by Defendant's employees.   Defendant Select shall leave time for question and answer at the conclusion of the training.

3.    *Trainer.* All trainings provided pursuant to this Decree must be provided by an outside vendor or a qualified internal human resource or legal professional. Within thirty (30) days after the Effective Date, Defendant Select shall submit for review and approval to the EEOC the identity and qualifications of the qualified trainer selected, a description of the trainings to be provided, the training materials, and an outline of the training curriculum.

5.    *Training for Placed Employees*

All Placed Employees in the Central Valley Branches will be required to attend a training

17

focused on the law with respect to sexual harassment.  The training under this section shall cover:

(a) what constitutes unlawful sex-based discrimination, harassment, and/or retaliation, and examples of prohibited conduct;

(b) the rights and responsibilities of employees and employers under Title VII, including the methods by which employees can report harassing, discriminatory, or retaliatory conduct that they experience, observe, or become aware of and how Select handles complaints;

(c) methods to prevent sex-based harassment in the workplace, including a component on bystander intervention with examples of how to effectively intervene as a bystander; and

(d) Defendant Select's Final Policy.

Before concluding the training, Defendant Select shall provide direct contact information for Defendant Select's Human Resources Department, and for the Reporting System. The EEOC will also be provided the training materials thirty (30) days in advance of each training.  This training may be combined with other sexual harassment trainings provided by Select.

6.     *Training for Supervisory Employees*

All Supervisory Employees at the Central Valley Branches and Human Resources representatives responsible for handling complaints for the Central Valley Branches shall attend the live Management and Human Resources Training of at least one (1) hour duration that exclusively focuses on sexual harassment and how to prevent and correct it.  The training shall emphasize accountability of staffing agencies.  The training shall require the participation of all attendees in interactive activities designed to ensure understanding of their roles and responsibilities in preventing and correcting harassment experienced or alleged by Defendant Select's employees.  The training also shall address the following:

a.     The role and purpose of Title VII, including what constitutes unlawful sexual discrimination, a hostile work environment based on sex, and retaliation;

b.     Examples of comments and conduct that alone or together may rise to the level of unlawful sexual discrimination (including discharge and terms and conditions of employment), harassment (including examples of comments and behavior), or retaliation;

~~PROPOSED~~ CONSENT DECREE: Select Staffing

c.      Defendant Select's obligations under the Decree, as a staffing agency and to its direct employees, and the role of managers, recruiters, and human resources in complying with the Decree;

d.      Consequences for managers, recruiters, and human resources employees that fail to follow or enforce Defendant Select's Final Policy or carry out their obligation to document and report observations of complaints of alleged sexual harassment or retaliation;

e.      Consequences for employees who engage in conduct that may be considered sexual harassment or retaliation; and

f.      How to properly handle complaints of harassment, discrimination, and retaliation by staffing agency employees, direct employees, third parties, etc.

After the first training under this Decree, subsequent trainings shall include recent developments, if any, relating to a staffing agency / employer's obligations under Title VII with respect to unlawful harassment and retaliation and how to prevent and correct such conduct.

7.      *Training for Human Resources Representative*

All Human Resources representatives responsible for the Central Valley Branches Office with authority to respond to or investigate complaints of discrimination or harassment shall attend a live Investigations Training of one (1) hour duration that exclusively focuses on proper investigative techniques, including proper scope of an investigation and how to deal with alleged repeat offenders.  The training shall include examples and emphasize accountability of staffing agencies and management.  The training also shall include Defendant Select's Internal Complaint Procedure, and how to respond to, investigate, and resolve complaints of discrimination, harassment or retaliation, including:

(1) how to conduct thorough and effective investigations, including impartially interviewing all relevant witnesses;

(2) how to determine the proper scope of an investigation;

(3) reporting up the chain of command all alleged discrimination, harassment, and retaliation;

(3) how to thoroughly document harassment and discrimination complaint

investigations, including taking and retaining notes of interviews conducted; and

(4) how to determine the appropriate preventative and corrective actions;

(5) how to ensure that Defendant Select and/or the client undertakes corrective action reasonably calculated to end harassing conduct and prevent future harassment of Defendant Select's employees;

(6) post-investigation procedures for monitoring the work environment after receiving a complaint from an employee or third-party; and

(7) how to ensure the absence of retaliation after a complaint is lodged.

8. *Verification of Training.*  Defendant Select shall produce to the EEOC documents verifying the occurrence of all training sessions conducted as required under this Decree, including the written training materials used, a description of the training provided, a list of the individuals who conducted the training, and copies of sign in sheets for attendees at each training session.

E.   Complaint Log

1. Within forty-five (45) days of the Effective Date, Defendant Select shall establish a complaint log for centralized tracking of all formal and informal complaints by Placed Employees at its Central Valley Branches regarding sexual harassment or retaliation resulting from complaining of sexual harassment and the monitoring of such complaints to prevent retaliation. This system shall be searchable by name of complainant, alleged perpetrator, worksite, and by location(s) of alleged misconduct.  The complaint log shall contain, for each complaint or investigation of sexual discrimination, harassment or retaliation, at least the following information:

(a) name(s), job title(s), date(s) of employment, and/or assignment, and worksite (if applicable) of the complainant(s);

(b) name(s), employer, and worksite (if applicable) of the alleged perpetrator(s), if available to Select;

(c) date(s), location(s) (including client name), and nature of the complaint;

(d) a summary of the complainant(s) allegations; and

(e)    a description of how Defendant Select learned of the complaint;

(f)    date complaint was made;

(g)    a timeline and description of actions taken in response to the complaint, including the investigation and resolution of the complaint;

(h)    result of investigation, including any action taken, if any;

(i)    name(s), job title(s), and employer of each individual involved in the investigation and/or resolution decision.

The Monitor shall review all Complaints to ensure Defendant Select is not tolerating sexual harassment at client worksites.  The Monitor shall have access to all records and call logs regarding complaints of sexual harassment and retaliation.  The Monitor shall assess whether repeat offenders exist and have been accused of sexual harassment or retaliation more than once. Defendant Select shall maintain the database throughout the duration of this Decree and shall produce it to the EEOC on a quarterly basis.

F.    <u>Toll-Free Complaint Reporting System</u>

Within thirty (30) days of the Effective Date, Defendant Select shall use a Hotline or online reporting system ("Reporting System") for Placed Employees at its Central Valley Branches to report complaints of discrimination, harassment or retaliation.  The Reporting System shall be available in English, Spanish, and any other dominant languages commonly spoken by Defendant Select's employees.  The Reporting System shall operate seven days per week, 24 hours per day, record all incoming and outgoing communications, and track and log inquiry and response times.  Inquiries received by the Reporting System shall be incorporated into the Complaint Log.  The Reporting System shall offer the option to Placed Employees to make an anonymous complaint.

Within forty-five (45) days of the Effective Date, or as soon as reasonably practicable taking into account development of internal system for distribution, Defendant Select shall create and distribute to all Placed Employees on assignment at its Central Valley Branches a one-page Complaint Procedure Flyer in English, Spanish, and any other language commonly spoken by its employees. The Flyer shall include (a) a statement that Defendant Select prohibits sexual

harassment and takes seriously all allegations of harassment and retaliation; (b) a statement that all employees may complain about discrimination, harassment or retaliation by contacting the Reporting System, available 24-hours per day via telephone, online and/or by email; and (c) the contact information for the Reporting System and the Human Resources Department. Defendant Select shall distribute the Flyer by (a) sending an electronic copy to all employees currently on assignment in the Central Valley Branches; (b) posting the Flyer inside Defendant Select's Central Valley Branches.

G.    Posting of Notice

Within thirty (30) days of the Effective Date, Defendant Select shall post copies of the Notice attached as Exhibit A in its Central Valley Branches.  The Notice shall be printed in legible font and include a translation into Spanish and any other dominant language(s) commonly spoken by Defendant Select's employees.

H.    Relationship with Clients

Defendant shall provide to its clients of the Central Valley Branches a statement: (a) notifying the client what Defendant reasonably expects the Client to do in the event that a sexual harassment complaint is received, including the investigation of complaints of discrimination, harassment, or retaliation claimed to have taken place in the Client's workplace, and requesting the client to liaison with Defendant in the investigation, sharing of information and resolution of the complaint; (b) requesting the client notify Defendant's branch managers or the account executive for the respective client in writing within five (5) business days of receiving a formal or informal complaint of harassment, discrimination, or retaliation involving allegations by or against an employee of Defendant; (c) requesting the client and Defendant reasonably endeavor to coordinate investigations into all complaints of discrimination, harassment, and/or retaliation involving any employees at the client's worksite; and (d) notifying the client that it is expected to take appropriate remedial action where required by law in the instance where discrimination, harassment or retaliation is found to have occurred. Defendant shall provide a copy of this statement to the EEOC.

I.    Recordkeeping

The records to be maintained for purposes of this Decree shall include:

1.      All communications with the Monitor, Claims Administrator and the EEOC;

2.      All documents and communications related to any complaint of sexual harassment or retaliation, including its investigation and resolution as to Placed Employees at the Central Valley Branches;

3.      All documents generated in connection with the overseeing, counseling, and disciplining of employees determined to have engaged in behavior that violates the Final Policy;

4.      All personnel and performance related documents related to any person that files a complaint or otherwise reports sexual harassment;

5.      All documents generated in connection with the work of the Monitor relative to this Decree;

6.      All documents verifying the occurrence of all training sessions and the content, including sign-in sheets; and

7.      The Complaint Log;

8.      All documents generated in connection with Defendant Select's Reporting System as it relates to the Central Valley Branches;

9.      All documents related to compliance with the terms of the Decree.

Defendant Select shall make the aforementioned records available to the EEOC within twenty-one (21) business days following a written request by the EEOC.

J.      <u>Reporting</u>

1.      *Annual Report by Defendant*

Within one-hundred and eighty (180) days of the Effective Date, and annually thereafter, Defendant Select shall submit to the EEOC a report containing:

a.      a statement confirming Defendant Select's compliance with "Claimant Specific Injunctive Relief";

b.      a declaration attesting to the fact that the Final Policy is now distributed to all applicants in California at onboarding, was posted at the California Branch Offices, and was distributed via the employee portal to all employees on assignment in Defendant Select's system

in California;

c.     copies of the Complaint Log, with a summary of the procedures and recordkeeping methods for centralized tracking of discrimination, harassment and retaliation complaints and the monitoring of such complaints;

d.     a copy of the flyer regarding the Reporting System;

e.     documents related to compliance with all training sessions, including the written materials used, a description of the training, a list of the trainers, and copies of evaluations and sign-in sheets;

f.     a statement detailing actions taken to distribute and post notices pertaining to this Decree, and the Reporting System;

g.     a summary of documentation of investigations of sexual harassment complaints, including identifying individuals responsible for investigating the complaints, the name of the person reporting, date, and results of the investigations;

h.     the status of Defendant Select's compliance with any other terms of the Decree; and

i.     whether any revisions of Defendant Select's policies and procedures regarding sexual discrimination, sexual harassment, and retaliation took place since the preceding report, including a copy of the revised policies or procedures.

2.     *Annual Report by Monitor*

Within one-hundred and eighty (180) days of the Effective Date, and annually thereafter, Defendant Select shall submit to the EEOC a report that describes all work performed by the Monitor pursuant to this Decree, and cover all the Monitor's responsibilities detailed in Section XI.A.

3.     *Exit Report*

Defendant Select shall report to the EEOC at least sixty (60) days prior to the expiration of this Decree regarding its compliance with this Decree.

**XII.     COSTS OF ADMINISTRATION AND IMPLEMENTATION OF DECREE**

Defendant Select shall bear all costs associated with its administration and

implementation of its obligations under this Decree.

### XIII.   COSTS AND ATTORNEYS' FEES

Each Party shall bear its own costs of suit and attorneys' fees.

### XIV.   EEOC REPORTING REQUIREMENTS UNDER
### IRC SECTIONS 162(f) AND 6050X

The EEOC may be required to report the fact of this settlement to the IRS under Section 162(f) and 6050X of the Internal Revenue Code which allow for certain payments by employers to be deducted from the employer's taxes. If the EEOC is required to do so, the EEOC will provide the employer with a copy of the 1098-F form that it will provide to the Internal Revenue Service (IRS).

1.      The Defendant's EIN is: 77-0528189.

The individual to whom the EEOC should mail a copy of the form 1098-F, if the EEOC is required to issue one is:

Alissa Greenwalt, c/o Gerald L. Maatman, Jr., Duane Morris LLP 190 South LaSalle Street, Suite 3700, Chicago, IL 60603-3433

2.      The EEOC has made no representations regarding whether the amount paid pursuant to this settlement qualifies for the deduction under the Internal Revenue Code.

3.      The provision of the Form 1098-F by the EEOC does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met.

4.      Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the EEOC.

5.      The parties are not acting in reliance on any representations made by the EEOC regarding whether the amounts paid pursuant to this agreement qualify for a deduction under the Internal Revenue Code.

///

///

///

///

## XV.   MISCELLANEOUS PROVISIONS

A.      Unless otherwise stated, all notices, reports and correspondence required under the Decree shall be delivered (1) by U.S. Mail to the attention of Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, California, 90012; and (2) by email to lado.legal@eeoc.gov.  Defendant Select shall maintain copies of all such notices, reports and correspondence for the duration of the Decree.

B.      During the duration of the Decree, Defendant Select shall assure that each of its directors, officers, human resources personnel, managers, and supervisors at its Central Valley Branches are aware of any term(s) of this Decree which may be related to his/her job duties. Select shall also provide any successor-in-interest with a copy of the Decree within a reasonable time of not less than thirty (30) days prior to the execution of any agreement for acquisition or assumption of control of any or all of Select's facilities within the scope of this Decree, and simultaneously inform the EEOC of the same.

C.      The Parties agree to entry of this Decree and judgment subject to final approval by the Court.  All parties, through the undersigned, respectfully apply for and consent to this entry of this Consent Decree Order.

## XVI.   COUNTERPARTS AND FACSIMILE SIGNATURES

This Decree may be signed in counterparts.  A facsimile signature shall have the same force and effect of an original signature or copy thereof.

All parties, through the undersigned, respectfully apply for and consent to the entry of this Decree as an Order of this Court.

Dated: July 1, 2024              By:      /s/ *Anna Y. Park*
                                        Anna Y. Park
                                        Regional Attorney for Plaintiff EEOC


Dated: June 27, 2024             By:      /s/ *Gerald L. Maatman, Jr.*
                                        Gerald L. Maatman, Jr.
                                        Attorney for Defendant Real Time Staffing
                                        Services, LLC dba Select Staffing

Dated: July 1, 2024        By:    _/s/ Alissa C. Greenwat_

                                          Alissa C. Greenwat
                                          Representative for Defendant Real Time Staffing
                                          Services, LLC dba Select Staffing

### [~~PROPOSED~~] ORDER

The provisions of the foregoing Consent Decree are hereby approved and compliance with all provisions thereof is HEREBY ORDERED.

IT IS SO ORDERED.

    Dated:    **July 24, 2024**

                                            UNITED STATES DISTRICT JUDGE

# EXHIBIT A

## <u>NOTICE TO EMPLOYEES</u>

The U.S. Equal Employment Opportunity Commission ("EEOC") filed a lawsuit in the United States District Court for the Eastern District of California against Real Time Staffing Services, LLC dba Select Staffing ("Select Staffing") and Sunshine Raisin Corporation dba National Raisin Company ("National Raisin"), Case No. 1:21-CV-01424-JLT-HBK.  The EEOC alleged that a class of temporary employees of Select were subjected to sexual harassment, constructive discharge, and/or retaliation working at National Raisin in violation of Title VII.  Select Staffing and the EEOC have agreed to resolve the lawsuit, and have entered into a Consent Decree in which Select Staffing agreed to pay monetary relief and to implement various additional measures such as designating an EEO Monitor, revising anti-discrimination policies and procedures, training, tracking complaints, and providing EEOC with periodic reports.

Select Staffing is committed to complying with federal anti-discrimination laws in all respects and encourages reporting of discriminatory, harassing and/or retaliatory conduct.  Sexual harassment and retaliation will not be tolerated.  Any employee who files a complaint or charge of discrimination, gives testimony or assistance, or participates in any manner in an investigation will be protected from retaliation.

Federal law prohibits harassment or discrimination against any employee or applicant for employment because of a person's sex.  Federal law also prohibits retaliation for those who oppose or resist harassment or discrimination or participate in investigations regarding complaints of discrimination.

If you believe that you have been subjected to discrimination or harassment because of your sex, you may follow Select Staffing's procedures and/or you may seek assistance from:

> U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
> 255 East Temple Street, 4th Floor
> Los Angeles, CA  90012
> TELEPHONE NUMBER: (213) 669-4000

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE.**
This Notice shall remain posted for a term of four (4) years.